John A. Fialcowitz, Esq.
THE LAW OFFICE OF JOHN A.
FIALCOWITZ
89 Headquarters Plaza North, Ste. 1216
Morristown, New Jersey 07960
973.532.7208
John@fialcowitzlaw.com

*Proposed Local Counsel for the Official
Committee of Asbestos Claimants*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al*., | Case No. 18-27963 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF ANN C. MCMILLAN
IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF
ASBESTOS CLAIMANTS FOR AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF CAPLIN & DRYSDALE, CHARTERED, AS ITS COUNSEL**

Ann C. McMillan, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**" or "**Firm**"), and authorized to make this declaration on its behalf. I am a member of good standing of the bar of the District of Columbia. I submit this second supplemental declaration in response to certain inquiries from the Office of the United States Trustee regarding the *Application of the Official Committee of Asbestos Claimants for an Order Authorizing the Employment and Retention*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

DOC# 2983118

of Caplin & Drysdale, Chartered, as the Committee's Counsel, Effective Nunc Pro Tunc as of September 26, 2018, filed October 29, 2018 (Doc. No. 225) ("**Application**").

2. Attached as Exhibit 1 to the Application was the *Declaration of Ann C. McMillan in Support of the Application of the Official Committee of Asbestos Claimants for an Order Authorizing the Employment and Retention of Caplin & Drysdale, Chartered, as the Committee's Counsel, Effective* Nunc Pro Tunc *as of September 26, 2018* (Doc. No. 225-1) ("**Initial Declaration**"). On November 5, 2018, the *Supplemental Declaration of Ann C. McMillan in Support of the Application of the Official Committee of Asbestos Claimants for an Order Authorizing the Employment and Retention of Caplin & Drysdale, Chartered, as the Committee's Counsel, Effective* Nunc Pro Tunc *as of September 26, 2018* (Doc. No. 250) ("**First Supplemental Declaration**") was filed.

3. As disclosed in Exhibit D to my Initial Declaration, Caplin & Drysdale represents Mary J. and Richard M. Barbour, Gwendolyn and Walter I. Johnson, Avyril M. and David E. Mahoney, and Charles R. and Norma Mount in an unrelated matter concerning the reopening of the bankruptcy case of Wean Incorporated. Caplin & Drysdale confirms that these representations combined constituted less than 1% of the Firm's revenue for the immediately preceding fiscal year.

4. As disclosed in Exhibit D to my Initial Declaration, Caplin & Drysdale represents Ingersoll Rand Company in an unrelated matter. Caplin & Drysdale confirms that this representation constituted less than 1% of the Firm's revenue for the immediately preceding fiscal year.

5. As disclosed in Exhibit D to my Initial Declaration, the law firm of Gilbert LLP is a "connection," as that term is used in Federal Rule of Bankruptcy Procedure 2014, and Caplin & Drysdale periodically provides corporate-related advice to the Gilbert firm that is unrelated to this

bankruptcy case. Caplin & Drysdale confirms that this engagement with the Gilbert firm constituted less than 1% of the Firm's revenue for the immediately preceding fiscal year.

6. As disclosed in Exhibit D to my Initial Declaration, the law firm of Gori, Julian & Associates, P.C. is a "connection," as that term is used in Federal Rule of Bankruptcy Procedure 2014, and Caplin & Drysdale represents that firm and/or one or more of its clients in an unrelated matter. Caplin & Drysdale confirms that the payments received from this law firm constituted less than 1% of the Firm's revenue for the immediately preceding fiscal year.

7. As disclosed in my First Supplemental Declaration, Caplin & Drysdale represents the law firm of Early, Lucarelli, Sweeney & Meisenkothen and/or one or more of its clients in one or more unrelated matters, including the bankruptcy of Energy Futures Holding Corp. Caplin & Drysdale confirms that the payments received from this law firm constituted less than 1% of the Firm's revenue for the immediately preceding fiscal year.

8. As disclosed in my First Supplemental Declaration, Caplin & Drysdale represents the law firm of Goldberg, Persky & White, P.C. and/or one or more of its clients in one or more unrelated matters, including the reopening of the bankruptcy of Wean Incorporated. Caplin & Drysdale confirms that the payments received from this law firm constituted less than 1% of the Firm's revenue for the immediately preceding fiscal year.

9. As disclosed in Exhibit D to my Initial Declaration, Caplin & Drysdale represents several official committees of asbestos creditors in other pending asbestos-driven bankruptcies and several trust advisory committees ("**TACs**") to asbestos settlement trusts formed in connection with previous asbestos-related bankruptcies. Caplin & Drysdale is not aware of any conflict between its representation of the Official Committee of Asbestos Claimants appointed in the above-titled cases ("**Duro Dyne ACC**") and its representation of any of the aforementioned

creditors' committees or TACs, nor does Caplin & Drysdale believe that, given the nature of the representations, any such conflict is likely in the future. However, should the Duro Dyne ACC require legal counsel with respect to any matter in which the Duro Dyne ACC is adverse to any official committee of asbestos creditors and trust advisory committees represented by Caplin & Drysdale, the Duro Dyne ACC will retain conflicts counsel.

I declare under penalty of perjury that the facts and statements set forth above are either (i) within my personal knowledge and are true and correct, or (ii) based on information supplied to me by others, including certain professionals at Caplin & Drysdale, and as such are true and correct to the best of my knowledge, information, and belief.

EXECUTED this 8th day of November 2018.

*/s/ Ann C. McMillan*
Ann C. McMillan