UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

|  |  |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18-27963 (MBK) |
| Debtors. | (Jointly Administered) |

## DECLARATION IN SUPPORT OF EMPLOYMENT OF JACKSON LEWIS P.C. AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, **Ian B. Bogaty**, declare as follows:

1. I am a **Principal** in the firm of **Jackson Lewis P.C.** (the "**Firm**"), which maintains an office at **58 South Service Road, Suite 250, Melville, New York 11747.** The Firm provides professional services to the above-captioned debtors and debtors-in-possession (the "**Debtors**") in the ordinary course of their businesses. This declaration is submitted pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), in compliance with the Order Authorizing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Employment and Compensation of Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "**Ordinary Course Professionals Order**").

2. The professional services the Firm will render to the Debtors include, but shall not be limited to **labor and employment law advice and counsel**.

3. Prior to September 7, 2018 (the "**Petition Date**"), the Firm provided professional services to the Debtors.

4. As of the Petition Date, the Debtors owed the Firm **$5,349.72** in connection with prepetition professional services rendered to the Debtors.

5. Neither I, nor any member, associate, or employee of the Firm, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party-in-interest herein, except as set forth hereinafter:

6. The Firm may, from time to time, represent various other parties who are creditors of the Debtors in matters wholly unrelated to the scope of the Firm's representation of the Debtors. The Firm is not aware of any dispute between the Debtors and any such creditors that appears to be material to the Firm's representation of the Debtors.

7. Subject to the disclosures contained in this declaration, the Firm has no interest materially adverse to the interests of the estate, any class of creditors, any other party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee.

8. The Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases directly to the Debtors, in accordance with the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The Firm understands that, pursuant to the Ordinary Course Professionals Order, services rendered to the Debtors resulting in fees of more than $25,000 per month and $75,000 in the aggregate during the pendency of these Chapter 11 Cases will require

that such Ordinary Course Professional file a fee application for the full amount of its fees in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and the Fee Guidelines promulgated by the United States Trustee, and will require entry of an order of the Court authorizing such higher amount.

The principal members, associates, and/or employees of the Firm designated to represent the Debtors, and their current standard hourly rates, are:

**Ian B. Bogaty / $510 per hour**
**Jonathan Spitz / $595 per hour**
**David Montgomery / $490 per hour**
**Caroline DiMauro / $415 per hour**
**Henry Shapiro / $320 per hour**
**Robert R. Perry / $725 per hour**
**Jamie M. Goetz-Anderson / $365 per hour**
**David A. Nenni / $365 per hour**
**Matthew R. Byrne / $290 per hour**
**Emily J. Gelhaus / $290 per hour**
**Jennifer E. Scott / $210 per hour**
**Bruce H. Schwartz / $735 per hour**
**Mark B. Gerano / $290 per hour**
**Robert D. Shank / $310 per hour**
**Charlotte A. Creech / $210 per hour**

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, and are subject to periodic adjustments to reflect the economy and other conditions. The rates are set at a level designed to fairly compensate the Firm for the work of its members, associates, and/or employees, and to cover fixed and routine overhead expenses. The Firm's hourly rates are adjusted on an annual basis every January.

It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other

things, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, temporary employment of additional staff, overtime meals, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm or by any member, partner, counsel, associate, or employee thereof as to compensation in connection with these Chapter 11 Cases, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

**WHEREFORE**, affiant respectfully submits this Declaration in Support of Employment of **Jackson Lewis P.C.** as a Professional Utilized in the Ordinary Course of Business.

Dated: October 17, 2018     */s/ Ian B. Bogaty*
**IAN B. BOGATY**
**Jackson Lewis P.C.**
**58 South Service Road**
**Suite 250**
**Melville, New York 11747**

4812-6943-0648, v. 1