UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18-27963 (MBK) |
| Debtors. | (Jointly Administered) |

**DECLARATION IN SUPPORT OF EMPLOYMENT OF ANDERSON KILL P.C. AS A
PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Cort T. Malone, declare as follows:

1. I am a shareholder of the law firm Anderson Kill P.C. ("Anderson Kill" or the "Firm"). The business address of Anderson Kill's principal office is 1251 Avenue of the Americas, New York, New York 10020. The Firm provides professional services to the above-captioned debtors and debtors-in-possession (the "Debtors") in the ordinary course of their businesses. This declaration is submitted pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in compliance with the Order Authorizing the Employment and Compensation of Certain Professionals

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

31035/2
11/13/2018 **51661158.1**
docs-100067755.1

Utilized by the Debtors in the Ordinary Course of Business (the "Ordinary Course Professionals Order").

2. The professional services the Firm will render to the Debtors include, but shall not be limited to, legal services in the field of insurance law, such as insurance coverage recovery, analysis, and litigation.

3. Anderson Kill is a firm of experienced attorneys in the field of insurance law, specifically insurance coverage recovery, analysis, insurance archeology, and insurance coverage litigation, and is qualified to provide expert insurance analysis in bankruptcy cases and complex litigation matters. The Firm possesses substantial and well-known expertise regarding asbestos products liability coverage issues, and in particular experience and expertise regarding the preservation, evaluation, and maximization of insurance coverage recovery in the context of § 524(g) bankruptcy proceedings. Anderson Kill's attorneys have substantial experience in advising on complex insurance issues and in analyzing available insurance coverage.

4. Anderson Kill currently serves, or has previously served, as special insurance counsel in numerous asbestos-related bankruptcy cases: W.R. Grace; Federal-Mogul Global, Inc.; PPG/Pittsburgh Corning/Corning; Global Industrial Technologies, Inc.; *Fuller-Austin Insulation Co. v. Fireman's Fund Ins. Co.*, No. BC 116835 (Cal. Super. Ct.) ("Fuller-Austin"); Swan Transportation; Kentile; Raymark; American Capital Equipment/Skinner Engine; Asarco, LLC; and *In re Kaiser Gypsum Company, Inc., et al.* ("Kaiser").

5. Additionally, Anderson Kill currently represents, or has previously represented, various § 524(g) trusts: the WRG Asbestos PI Trust; the Owens-Corning/Fiberboard Asbestos Personal Injury Trust; the Fuller-Austin Asbestos Settlement Trust; the Swan Asbestos and Silica Settlement Trust; the Asarco Asbestos Personal Injury Trust; and the Congoleum Plan Trust.

6. Prior to September 7, 2018 (the "Petition Date"), the Firm provided professional services to the Debtors. Anderson Kill has represented Debtors Duro Dyne National Corp., Duro

Dyne Machinery Corp., and Duro Dyne Corporation in insurance recovery matters, including insurance coverage litigation, since July 2013.

7. As of the Petition Date, there were no bills outstanding for services provided to the Debtors. However, the Firm's records indicate that, based on unbilled time prior to the Petition Date, the Debtors owed the Firm $7,595.00 in connection with prepetition professional services rendered to the Debtors.

8. Neither I, nor any member, associate, or employee of the Firm, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party-in-interest herein, except as set forth hereinafter.

9. Lawrence Fitzpatrick has been appointed as the legal representative for future claimants (the "Legal Representative") in this matter. Anderson Kill was authorized by the United States Bankruptcy Court to be retained and employed as co-counsel to Mr. Fitzpatrick (in the role of special insurance counsel) in his capacity as the future claimants' representative in *Kaiser*. Anderson Kill also is special insurance counsel to the creditors' committee in *Kaiser*.

10. In addition, Mr. Fitzpatrick also serves or has served as the future claimants' representative in PPG/Pittsburgh Corning/Corning and Global Industrial Technologies, Inc., asbestos bankruptcies in which Anderson Kill served as special insurance counsel to other parties.

11. Young, Conaway Stargatt & Taylor, LLP is the Legal Representative's proposed counsel in this case. In *Kaiser*, Young Conaway is counsel to Mr. Fitzpatrick in his role as the future claimants' representative. Young Conaway also has been involved in other asbestos bankruptcies in which Anderson Kill has served as special insurance counsel: Fuller-Austin; PPG/Pittsburgh Corning/Corning; and Global Industrial Technologies, Inc.

12. Caplin & Drysdale is proposed counsel to the asbestos claims committee in this matter. As special insurance counsel to the creditors' committee in *Kaiser*, Anderson Kill works

closely with Caplin & Drysdale as they represent the creditors' committee generally in that case. Anderson Kill also represented entties in other asbestos cases in which Caplin & Drysdale was involved: W.R. Grace; Federal-Mogul Global, Inc.; PPG/Pittsburgh Corning/Corning; Global Industrial Technologies, Inc.; Owens-Corning; and Congoleum.

13.  Anderson Kill may, from time to time, represent various other parties who are creditors of the Debtors in matters wholly unrelated to the scope of the Firm's representation of the Debtors. The Firm is not aware of any dispute between the Debtors and any such creditors that appears to be material to the Firm's representation of the Debtors. Because the Firm's retention is limited to ordinary course counsel, and expects to have limited continuing involvement following plan confirmation, a conflicts check has not been run against the full creditor matrix of entities potentially involved in this case.

14.  Subject to the disclosures contained in this Declaration, the Firm has no interest materially adverse to the interests of the estate, any class of creditors, any other party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee.

15.  The Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases directly to the Debtors, in accordance with the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The Firm understands that, pursuant to the Ordinary Course Professionals Order, services rendered to the Debtors resulting in fees of more than $25,000 per month and $75,000 in the aggregate during the pendency of these Chapter 11 Cases will require that such Ordinary Course Professional file a fee application in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and the Fee Guidelines promulgated by the United States Trustee, and will require entry of an order of the Court authorizing such higher amount.

16. The principal members, associates, and/or employees of the Firm designated to represent the Debtors, and their current standard hourly rates, are:

Mark Silverschotz ($755 per hour);
Cort Malone ($695 per hour);
Dennis Nolan ($590 per hour)
Raymond Mascia ($540 per hour); and
Vivian Michael ($450 per hour).

17. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, and are subject to periodic adjustments to reflect the economy and other conditions. The rates are set at a level designed to fairly compensate the Firm for the work of its members, associates, and/or employees, and to cover fixed and routine overhead expenses. The Firm reviews rates annually, typically in January of each year, and the hourly rates charged will be the firm's regular rates in effect when services are rendered.

18. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, long-distance telephone, telecopy, photocopy, messenger service, travel, lodging, secretarial overtime, obtaining copies of documents from governmental authorities, filing fees, recording charges, computerized legal research, express mail, document processing, temporary employment of additional staff, overtime meals, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

19. Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm or by any member, partner, counsel, associate, or employee thereof as to compensation in connection with these Chapter 11 Cases,

other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

**WHEREFORE**, affiant respectfully submits this Declaration in Support of Employment of Anderson Kill P.C. as a Professional Utilized in the Ordinary Course of Business.

Dated: November 13, 2018

_____
Cort T. Malone

1251 Avenue of the Americas
New York, New York 10020

docs-100067755.1