UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

In re:

Duro Dyne National Corp., *et al.*,[1]

                    Debtors.

**FILED**
**JEANNE A. NAUGHTON, CLERK**

**NOV 2 0 2018**

**U.S. BANKRUPTCY COURT**
**TRENTON, NJ**
BY_____DEPUTY

Chapter 11
Case No. 18-27963 (MBK)

(Jointly Administered)

## *AMENDED*

### ORDER (I) APPROVING SECOND AMENDED DISCLOSURE STATEMENT AS PROVIDING ADEQUATE INFORMATION WITHIN THE MEANING OF SECTION 1125(A) OF THE BANKRUPTCY CODE; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES ON AMENDED PLAN OF REORGANIZATION; (III) APPROVING THE FORM OF BALLOTS; (IV) SCHEDULING A HEARING ON CONFIRMATION OF THE PLAN; (V) APPROVING THE FORM, MANNER AND SCOPE OF MAILED AND PUBLISHED NOTICES OF THE TIME FIXED TO (A) VOTE ON THE AMENDED PLAN, AND (B) FILE OBJECTIONS TO CONFIRMATION OF THE AMENDED PLAN; AND (VI) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including twelve (12), is hereby ORDERED.

Nov. 20,
2018

*Michael B. Kaplan*

MICHAEL B. KAPLAN, USBJ

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:        2
Debtors:     Duro Dyne National Corp., *et al.*
Case No.:    18-27963 (MBK) )
Caption:     Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
             Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
             Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
             Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
             Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
             File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

This matter is before the Court upon the motion (the "Motion") of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") in these chapter 11 cases (the

"Chapter 11 Cases") requesting entry of an Order (the "Solicitation Order"): (i) approving the

Second Amended Disclosure Statement for the Second Amended Prenegotiated Plan of

Reorganization of Duro Dyne National Corp., et al. dated November 15, 2018 (the "Disclosure

Statement") as providing adequate information within the meaning of section 1125(a) of the

Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes on the

Second Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al.,

dated November 15, 2018, (the "Plan"); (iii) approving the form of Ballots; (iv) scheduling a

hearing on confirmation of the Plan; (v) approving the form, manner and scope of mailed and

published notices of the time fixed to (a) vote on the Plan, and (b) file objections to confirmation

of the Plan; and (vi) granting related relief, and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy*

*Court Under Title 11* of the United States District Court for the District of New Jersey, as

amended on September 18, 2012; and venue being proper in this Court pursuant to 28 U.S.C. §§

1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it

appearing that no other or further notice need be provided; and the Court having determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors;

and after due deliberation and sufficient cause appearing therefor;

Page:      3
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK) )
Caption:   Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form, Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b) File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

## IT IS HEREBY FOUND, DETERMINED, ORDERED, AND ADJUDGED,

that:[2]

1.       The Motion is hereby GRANTED and any and all objections to the Motion not otherwise resolved or withdrawn are hereby overruled.

2.       The period during which the Debtors may solicit votes to accept the Plan, as set forth below, is a reasonable amount of time so as to provide holders of claims who are entitled to vote with sufficient time to make an informed decision to accept or reject the Plan.

3.       The procedures set forth below regarding the Confirmation Hearing Notice[3], the Publication Notice and other notices to be provided to parties in interest comply with the Bankruptcy Rules and Local Rules and constitute sufficient notice to all interested parties.

4.       The Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code and meets all of the requirements of section 1125 of the Bankruptcy Code, and is hereby approved.

5.       The Solicitation Procedures, as set forth in the Motion, and the Voting Procedures annexed hereto as <u>Exhibit 1</u> provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, and are hereby approved.

6.       As set forth in the Motion, the Solicitation Package shall include a USB flash drive containing:

         a.       the Disclosure Statement (with the Plan attached as an exhibit);

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as appropriate.
[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page:          4
Debtors:       Duro Dyne National Corp., *et al.*
Case No.:      18-27963 (MBK) )
Caption:       Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
               Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
               Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
               Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
               Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
               File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

b.    this Order (with the Voting Procedures attached as an exhibit); and

c.    any other materials ordered by the Court to be disseminated.

The Solicitation Package shall also include:

a.    a cover letter describing the contents of the Solicitation Package, and instructions for obtaining (free of charge) a printed copy of the Solicitation Package;

b.    the Confirmation Hearing Notice;

c.    appropriate Ballots and voting instructions for the same solely for the holders of claims entitled to vote on the Plan; and

d.    pre-addressed, return envelopes for completed Ballots solely for the holders of claims entitled to vote on the Plan.

7.    On or before November 23, 2018, the Debtors shall cause the Solicitation Package to be served on: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the Legal Representative; (iv) each person who filed a notice of appearance with the Court pursuant to Bankruptcy Rule 2002; (v) each holder of a Class 6 Prepetition Defense-Cost Contribution Claim; (vi) each holder of a Class 7 Channeled Asbestos Claim (including holders of Indirect Trust Claims) and/or their counsel as more particularly set forth in section IV of the Voting Procedures; and (vii) taxing authorities. The Debtors may, in their discretion, distribute or cause the Balloting Agent to distribute Solicitation Packages to other parties not specified herein. The Debtors and/or the Balloting Agent shall not be required to resend a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity whose Solicitation Package is returned as undeliverable by the postal service, unless the Debtors are provided with accurate addresses for such entity prior to the Voting Deadline.

Page:        5
Debtors:     Duro Dyne National Corp., *et al.*
Case No.:    18-27963 (MBK) )
Caption:     Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
             Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
             Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
             Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
             Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
             File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

8.      The Ballot for holders of temporarily allowed Claims in Class 6 (Prepetition Defense-Cost Contribution Claims), substantially in the form attached as <u>Exhibit B</u> to the Motion, sufficiently complies with Official Form No. B 314 and adequately addresses the particular needs of these Chapter 11 Cases, and is hereby approved. The Debtors are authorized to utilize this Ballot in soliciting votes on the Plan.

9.      The individual Ballot for holders of temporarily allowed Asbestos Personal Injury Claims in Class 7, substantially in the form attached as <u>Exhibit C</u> to the Motion, sufficiently complies with Official Form No. B 314 and adequately addresses the particular needs of these Chapter 11 Cases, and is hereby approved. The Debtors are authorized to utilize this Ballot in soliciting votes on the Plan.

10.     The Master Ballot to be used by attorneys to cast votes solicited for holders of temporarily allowed Asbestos Personal Injury Claims in Class 7, substantially in the form attached as <u>Exhibit D</u> to the Motion, sufficiently complies with Official Form No. B 314 and adequately addresses the particular needs of these Chapter 11 Cases, and is hereby approved. The Debtors are authorized to utilize this Master Ballot in soliciting votes on the Plan.

11.     The Ballot for holders of temporarily allowed Indirect Trust Claims in Class 7, substantially in the form attached hereto as <u>Exhibit E</u> to the Motion, sufficiently complies with Official Form No. B 314 and adequately addresses the particular needs of these Chapter 11 Cases, and is hereby approved. The Debtors are authorized to utilize this Ballot in soliciting votes on the Plan.

Page:        6
Debtors:     Duro Dyne National Corp., *et al.*
Case No.:    18-27963 (MBK) )
Caption:     Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
             Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
             Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
             Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
             Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
             File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

12.    Ballots need not be provided to holders of Allowed Claims in Class 1, Class 2, Class 3, Class 4, Class 5, or Class 8 because such Classes are unimpaired and, accordingly, are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

13.    Ballots need not be provided to holders of Allowed Claims or Equity Interests Class 9, Class 10, Class 11 or Class 12 because such Classes consist of insiders or Affiliates of the Debtors and, as a result, are not entitled vote to accept or reject the Plan.

14.    The Debtors are authorized to serve the Notice of Non-Voting Status substantially in the form attached as Exhibit A to the Motion, and the Confirmation Hearing Notice, substantially in the form attached as Exhibit F to the Motion, to all members of classes not entitled to vote on the Plan and such service shall constitute good and sufficient notice of the Confirmation Hearing and the Voting Procedures.

15.    The Debtors shall cause to be published the Publication Notice to be published in each of (a) The New York Times National Edition and (b) USA Today on or before November 23, 2018.

16.    In order to be counted as a vote to accept or reject the Plan, each Ballot must be properly delivered to the Debtors' Claims and Noticing Agent, BMC Group, by: (a) first-class mail, either in the return envelope provided or to the address indicated, (b) overnight courier, or (c) personal delivery, so as to be actually received by BMC Group no later than January 24, 2019 at 4:00 p.m. ET (the "Voting Deadline"). This schedule provides sufficient time for creditors to make informed decisions as to whether to accept or reject the Plan. The Voting Deadline may be

Page:        7
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK) )
Caption:    Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

extended by the Plan Proponents without any further order of the Court, provided that the

Debtors shall timely file with the Court a notice setting forth the extended deadline

17.     Solely for the purpose of voting on the Plan in accordance with Bankruptcy Rule

3018(a), and not for the purpose of allowance of, or distribution on account of a Claim, and

without prejudice to the Debtors' rights in any other context, North River Insurance Company

shall be temporarily allowed a Class 6 Claim in the amount of $1,036,135.95, and Hartford

Accident and Indemnity Company shall be temporarily allowed a Class 6 Claim in the amount of

$992,435.32.

18.     Solely for Class 7 Claimants (excluding Indirect Trust Claims), for the purpose of

voting on the Plan and not for the purpose of allowance of, or distribution on account of a Claim,

and without prejudice to the Debtors' rights in any other context, each holder of a Claim entitled

to vote on the Plan (or her or his attorney) shall indicate on the applicable Ballot or Master Ballot

which of the following asbestos-related diseases and corresponding claim amounts is applicable:

(i) Mesothelioma (Disease Level V)--$140,000; (ii) Lung Cancer 1 (Disease Level IV)--$50,000;

(iii) Lung Cancer 2 (Disease Level III)--$25,000; (iv) Other Cancer (Disease Level II)--$20,000;

(v) Severe Asbestosis (Disease Level I)--$34,000; or (vi) Other Asbestos Disease--$100.

19.     Indirect Trust Claims will be temporarily allowed for voting purposes only

pursuant to Bankruptcy Rule 3018(a) in the amount of $1.00 in the aggregate per claimant.

Solely for the purpose of voting on the Plan, and not for the purpose of allowance of, or

Page:       8
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK) )
Caption:    Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
            Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
            Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
            Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
            Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
            File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

distribution on account of any Claim, any Asbestos Insurer (as defined in the Plan) holding a

Class 7 Claim may cast an Indirect Trust Claim Ballot.

20.     The following additional procedures are hereby approved for the purposes of

tabulating the Ballots: (i) if a creditor or its attorney casts more than one Ballot or Master Ballot

voting the same claim(s) before the Voting Deadline, the last Ballot or Master Ballot received

before the Voting Deadline be deemed to reflect the voter's intent and thus to supersede any

prior Ballots or Master Ballots; (ii) if a creditor or its attorney submits a Ballot or Master Ballot

that is properly completed, executed, and timely returned to the Debtors, but does not indicate an

acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan,

such creditor shall be deemed to have voted to accept the Plan; (iii) if two or more Ballots or

Master Ballots are received for the same claimant but submitted by a different attorney or agent,

the claimant's vote will be counted only once and only if the votes are consistent, but if the votes

are not consistent, none of them will be counted. and (iii) creditors must vote all of their claim(s)

within a particular class under the Plan, either to accept or reject the Plan and may not split their

vote(s), and thus a Ballot that partially rejects and partially accepts the Plan and allocates

portions of the claim in such manner will be counted as a vote to accept the Plan.

21.     The following Ballots or Master Ballots shall not be counted or considered for

any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot or

Master Ballot received after the Voting Deadline unless the Plan Proponents shall have granted

in writing an extension of the Voting Deadline (whether prior to or following such date) with

Page:       9
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK) )
Caption:    Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
            Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
            Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
            Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
            Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
            File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

respect to such Ballot or Master Ballot; (ii) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant(s); (iii) any Ballot or Master Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a claim identified as unliquidated, contingent, or disputed for which no proof of claim was timely filed or deemed timely filed, unless such claim is temporarily allowed for voting purposes under this Order or by separate order of this Court; (v) any unsigned Ballot or Master Ballot; and (vi) any Ballot or Master Ballot transmitted to the Debtors only by facsimile or electronic mail.

22.    Any creditor seeking to challenge the allowance of its Claim for voting purposes in accordance with the above procedures must serve on the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before January 11, 2019, at 4:00 p.m. (ET). All Rule 3018 Motions must: (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) set forth the name of the party asserting the Rule 3018 Motion, and (d) state with particularity the legal and factual bases for the Rule 3018 Motion. If a creditor timely files and serves a Rule 3018 Motion, the Debtors or counsel for the Debtors shall provide such creditor with a provisional Ballot, which the creditor must complete and return to counsel for the Debtors within 2 Business Days. To the extent any issues raised in a Rule 3018 Motion remain outstanding at the time of the Confirmation Hearing, such issues shall be heard at the Confirmation Hearing.

Page:        10
Debtors:     Duro Dyne National Corp., *et al.*
Case No.:    18-27963 (MBK) )
Caption:     Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
             Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
             Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
             Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
             Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
             File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

Ballots submitted by a holder of a claim who files a Rule 3018 Motion shall not be counted

unless the Claim of such holder is temporarily allowed for voting purposes as agreed to by the

holder of such claim and the Debtors or as ordered by the Court.  Objections to Rule 3018

Motions must be filed by January 25, 2019 at 5:00 p.m. (E.T.)  The hearing on Rule 3018

Motions will be held on January 31, 2019 at 10:00 a.m.

23.     Unless otherwise directed by the Court, any questions with respect to the validity,

form, eligibility (including the time of receipt), and acceptance of Ballots will be determined by

the Debtors in their sole discretion.  Such determination will be final and binding (subject to

Court approval, if necessary).  The Debtors reserve the right to reject any Ballots not submitted

in the proper form.  Further, the Debtors reserve the right to waive any deficiencies or

irregularities with respect to any particular Ballot.  Any defects or irregularities in connection

with the delivery of Ballots must be cured prior to the Voting Deadline within such time as the

Debtors, or the Court, determine. The Debtors shall not be under any duty to notify any creditors

of any defects or irregularities with respect to the deliveries of Ballots, and neither the Debtors

nor any other party shall be liable for failure to provide such notification.  Delivery of such

Ballots will not be deemed to have been made until such irregularities have been cured or

waived, unless the Court directs otherwise.

24.     The Record Date for the purposes of determining (a) creditors who are entitled to

vote on the Plan, and (b) with respect to classes that are non-voting, the parties entitled to receive

a Notice of Non-Voting Status shall be on November 16, 2018, at 11:59 p.m. (ET).

Page:       11
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK) )
Caption:    Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
            Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
            Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
            Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
            Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
            File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

25.     The Confirmation Hearing will be held on March 6, 2019 at 10:00 a.m. (ET) and

shall continue each day thereafter as necessary. The Confirmation Hearing may be continued by

the Court without further notice.

26.     Any objections to confirmation of the Plan or any proposed modifications of the

Plan must: (i) be in writing, (ii) state the name and address of the objecting party as well as the

amount and nature of the Claim or Interest of such objecting party, (iii) state, with particularity,

the basis and nature of any objection or proposed modification to the Plan, and (d) be filed—

along with proof of service—with the Court and served on or before February 8, 2019 at 4:00

p.m. (ET) (the "Plan Objection Deadline"), on the following parties: (a) counsel for the Debtors,

Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attention:

Jeffrey D. Prol, Esq.; (b) Counsel to the Asbestos Claimants Committee, Caplin & Drysdale,

Chartered, One Thomas Circle, N.W., Suite 1100, Washington, DC 20005, Attention: James P.

Wehner, Esq. and Jeffrey A. Liesemer, Esq., (c) Proposed Counsel to the Legal Representative,

Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington,

DE 19801, Attention: Edwin J. Harron, Esq. and Sara Beth A. R. Kohut, Esq., and (c) the Office

of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100,

Newark, NJ 07102. Reply briefs in further support of Confirmation shall be filed by February

26, 2019 at 5:00 p.m. (E.T.)

27.     The Plan Proponents are hereby authorized to make non-substantive, nonmaterial,

or conforming changes to the Disclosure Statement, Plan, and any related documents without

Page:       12
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK) )
Caption:    Order (i) Approving Second Amended Disclosure Statement as Providing Adequate Information
Within the Meaning of Section 1125(a) of the Bankruptcy Code; (ii) Establishing Procedures for
Solicitation and Tabulation of Votes on Second Amended Plan of Reorganization; (iii) Approving the
Form of Ballots; (iv) Scheduling a Hearing on Confirmation of the Plan; (v) Approving the Form,
Manner and Scope of Mailed and Published Notices of the Time Fixed to (a) Vote on the Plan, and (b)
File Objections to Confirmation of the Plan, and (vi) Granting Related Relief

further order of the Court prior to mailing the Solicitation Packages, including any changes

necessary to remedy typographical or grammatical errors.

28.     This Order shall be immediately effective and enforceable upon its entry.

29.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order.

30.     This Court shall retain exclusive jurisdiction to hear and decide any and all

disputes related to or arising from the implementation, interpretation, and enforcement of this

Order.

# EXHIBIT A

## NOTICE OF NON-VOTING STATUS

**(Attached)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-27963(MBK) |
| Duro Dyne National Corp., *et al.*[1] | (Jointly Administered) |
| Debtors. | |

## NOTICE OF NON-VOTING STATUS

**PLEASE TAKE NOTICE** that:

1.      On September 7, 2018, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), filed the Prenegotiated Plan of Reorganization for Duro Dyne National Corp., *et al*. Under Chapter 11 of the Bankruptcy Code (the "Plan") [Docket No. 19] and a Disclosure Statement with Respect to the Plan (the "Disclosure Statement") [Docket No. 20] pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code").[2]

2.      On November 20, 2018, the United States Bankruptcy Code for the District of New Jersey (the "Court") entered an order (the "Solicitation Order"), which, among other things, (a) approved the adequacy of the Second Amended Disclosure Statement, (b) established procedures for the solicitation and tabulation of votes on the Plan, and (c) scheduled the date, time, and place for the hearing to consider confirmation of the Plan (the "Confirmation Hearing").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

3.    The Confirmation Hearing shall be held on **March 6, 7 and 8, 2018, at 10:00 p.m. (ET)**, before the Honorable Michael B. Kaplan, in Courtroom 8 of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608.  The Confirmation Hearing may be continued without further notice other than an announcement in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court.

4.    Any objections to confirmation of the Plan or any proposed modifications to the Plan must (i) be in writing, (ii) state the name and address of the objecting party as well as the amount and nature of the Claim or Interest of such objecting party, (iii) state, with particularity, the basis and nature of any objection or proposed modification to the Plan, and (d) be filed— along with proof of service—with the Court and served on or before **February 8, 2018, at 4:00 p.m. (ET)** (the "Plan Objection Deadline"), on the following parties: (a) counsel for the Debtors, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attention: Jeffrey D. Prol, Esq.; (b) Counsel to the Asbestos Claimants Committee, Caplin & Drysdale, Chartered,  One Thomas Circle, N.W., Washington, DC 20005, Attention:  James P. Wehner, Esq. and Jeffrey A. Liesemer, Esq., (c) Counsel to the Legal Representative, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attention: Edwin J. Harron, Esq. and Sara Beth A. R. Kohut, Esq., and (c) the Office of the United States Trustee for Region 3, One Newark Center, Suite 2100, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE THAT UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE EITHER (I) NOT CLASSIFIED, IN WHICH CASE YOU ARE NOT ENTITLED TO VOTE ON THE PLAN; (II) NOT IMPAIRED, IN WHICH CASE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (A) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN, AND (B) NOT ENTITLED TO VOTE ON THE PLAN; OR (III) AN INSIDER OR AFFILIATE OF THE DEBTORS, IN WHICH CASE YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.**

**IF YOU WANT TO REQUEST A COPY OF THE DISCLOSURE STATEMENT OR THE PLAN, YOU MAY CONTACT THE BALLOTING AGENT AT EITHER OF THE ADDRESSES LISTED BELOW; BY EMAIL AT DURODYNE@BMCGROUP.COM OR BY VISITING WWW.BMCGROUP.COM/DURODYNE**

| IF BY REGULAR MAIL: | IF BY MESSENGER OR OVERNIGHT DELIVERY: |
|---|---|
| BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>PO Box 90100<br>Los Angeles, CA 90009 | BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>3732 West 120th Street<br>Hawthorne, CA 90250 |

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New

Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

**PLEASE TAKE FURTHER NOTICE THAT IF THE PLAN IS CONFIRMED, THE RELEASE AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN SHALL BE BINDING ON ALL HOLDERS OF CLAIMS AND INTERESTS.**

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Debtors' classification or treatment of your Claim or believe that you should be entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion (a "Rule 3018 Motion") for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018 Motions must be filed on or before **January 11, 2019 4:00 p.m. (ET).** Rule 3018 Motions must: (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the District of New Jersey, (c) set forth the name of the party asserting the Rule 3018 Motion, and (d) state with particularity the legal and factual bases for the Rule 3018 Motion. Any issues raised by a Rule 3018 Motion that are not resolved between the Debtors and the creditor will be considered at the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless such creditor's Claim is temporarily allowed by the Bankruptcy Court, or as otherwise agreed to by the Debtors and the creditor, for voting purposes. Rule 3018 Motions that are not timely filed and served in the manner set forth above will not be considered. Objections to 3018 Motions must be filed by January 25, 2019 at 5:00 p.m. (E.T.) The hearing on 3018 Motions will be held on January 31, 2019 at 10:00 a.m.

Dated: November 15, 2018                **LOWENSTEIN SANDLER LLP**


                                        */s/ Jeffrey D. Prol*
                                        Kenneth A. Rosen, Esq.
                                        Jeffrey D. Prol, Esq.
                                        One Lowenstein Drive
                                        Roseland, New Jersey 07068
                                        (973) 597-2500 (Telephone)
                                        (973) 597-2400 (Facsimile)
                                        krosen@lowenstein.com
                                        jprol@lowenstein.com

                                        *Counsel to the Debtors and Debtors-in-Possession*

**EXHIBIT B**

**Form of Ballot**
**Class 6 (Prepetition Defense-Cost Contribution Claims)**

**(Attached)**

**BALLOT FOR CLASS 6**
**(PREPETITION DEFENSE-COST CONTRIBUTION CLAIMS)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18–27963(MBK) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING ON THE SECOND AMENDED PRENEGOTIATED PLAN OF**
**REORGANIZATION OF DURO DYNE NATIONAL CORP., ET AL. UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE FOR CLASS 6**
**PREPETITION DEFENSE-COST CONTRIBUTION CLAIMS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") are soliciting votes with respect to the *Second Amended Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code,* dated November 15, 2018 2018 (the "Plan"), which is described in the *Second Amended Disclosure Statement with Respect to the Amended Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code,* dated November 15, 2018 (the "Disclosure Statement"), both of which are included in the USB flash drive accompanying this Ballot. The Plan and Disclosure Statement can also be accessed on the internet at www.bmcgroup.com/durodyne.

On November 20, 2018, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") signed an order approving certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. Capitalized terms used but not defined in this ballot shall have the meanings given in the Plan.

IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT, OR IF YOU DID NOT RECEIVE A USB FLASH DRIVE CONTAINING A COPY OF THE DISCLOSURE STATEMENT AND PLAN, PLEASE CONTACT THE BALLOTING AGENT EITHER BY EMAIL AT DURODYNE@BMCGROUP.COM; VISITING THE WEBSITE WWW.BMCGROUP.COM/DURODYNE; OR BY MAIL TO EITHER OF THE FOLLOWING ADDRESSES:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

| IF BY REGULAR MAIL:<br>BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>PO Box 90100<br>Los Angeles, CA 90009 | IF BY MESSENGER OR<br>OVERNIGHT DELIVERY:<br>BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>3732 West 120th Street<br>Hawthorne, CA 90250 |
| --- | --- |

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

*You should review the Disclosure Statement and the Plan before you vote. Among other things, the Plan proposes certain releases, injunctions, and exculpations, pursuant to which certain parties are released from liability or exculpated for a variety of claims. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 6 (Prepetition Defense-Cost Contribution Claim) under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.*

*If your ballot is not received by the Balloting Agent on or before 4:00 p.m., prevailing Eastern Time, on January 24, 2019 and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.*

*Please note that the Balloting Agent cannot provide legal advice or direct you to either accept (vote in favor of) or reject (vote against) the Plan. IF AN ADDITIONAL BALLOT IS NEEDED, PLEASE DO NOT PHOTOCOPY THIS BALLOT, BUT RATHER, REQUEST AN ADDITIONAL BALLOT FROM THE BALLOTING AGENT.*

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Claim in Class 6 (Prepetition Defense-Cost Contribution Claims) against the Debtors in the unpaid amount of $_____

(Check one box only)

[ ] ACCEPTS THE PLAN                    [ ] REJECTS THE PLAN

Dated: _____

Print or type name: _____

Signature: _____

Title:  (if corporation, limited liability company or partnership)

Address: _____

Phone No: _____

Email: _____

Tax Payer Identification No.: _____

**PLEASE RETURN THE ORIGINAL EXECUTED BALLOT TO THE BALLOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019 TO EITHER OF THE FOLLOWING ADDRESSES:**

| **IF BY REGULAR MAIL:** | **IF BY MESSENGER OR OVERNIGHT DELIVERY:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: Duro Dyne Ballot Processing | Attn: Duro Dyne Ballot Processing |
| PO Box 90100 | 3732 West 120th Street |
| Los Angeles, CA 90009 | Hawthorne, CA 90250 |

# EXHIBIT C

### Form of Individual Ballot
### Class 7 (Channeled Asbestos Claims)

### (Attached)

**INDIVIDUAL BALLOT FOR CLASS 7 (CHANNELED ASBESTOS CLAIMS)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18 27963(MBK)) |
| Debtors. | (Jointly Administered) |

## INDIVIDUAL BALLOT FOR VOTING ON THE SECOND AMENDED PRENEGOTIATED PLAN OF REORGANIZATION OF DURO DYNE NATIONAL CORP., ET AL. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR  CLASS 7 CHANNELED  ASBESTOS CLAIMS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") are soliciting votes with respect to the *Second Amended Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code,* dated November 15, 2018 (the "Plan"), which is described in the *Second Amended Disclosure Statement with Respect to the Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code,* dated November 15, 2018 (the "Disclosure Statement"), both of which are included in the USB flash drive accompanying this Ballot.  The Plan and Disclosure Statement can also be accessed on the internet at www. www.bmcgroup.com/DuroDyne.

On November 20, 2018, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") signed an order approving certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan.  Capitalized terms used but not defined in this ballot shall have the meanings given in the Plan.

*The Plan, attached to the Disclosure Statement as Exhibit "A", provides for the issuance of an "Asbestos Permanent Channeling Injunction" pursuant to section 524(g) of the Bankruptcy Code.  For a description of the claims and causes of action that would be enjoined and the identities of the entities that would be subject to the injunction, see Article VIII of the Disclosure Statement and Article IX of the Plan.  The Plan also proposes certain releases, injunctions, and exculpations, pursuant to which certain parties are released from liability or exculpated for a variety of claims.*

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT, OR IF YOU DID NOT RECEIVE A USB FLASH DRIVE CONTAINING A COPY OF THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

DISCLOSURE STATEMENT AND PLAN, YOU MAY CONTACT THE BALLOTING AGENT AT EITHER OF THE ADDRESSES LISTED BELOW; BY EMAIL AT DURODYNE@BMCGROUP.COM OR BY VISITING WWW.BMCGROUP.COM/ DURODYNE.

| IF BY REGULAR MAIL: | IF BY MESSENGER OR OVERNIGHT DELIVERY: |
|---|---|
| BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>PO Box 90100<br>Los Angeles, CA 90009 | BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>3732 West 120th Street<br>Hawthorne, CA 90250 |

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

*Please note that the Balloting Agent cannot provide legal advice or direct you to either accept (vote in favor of) or reject (vote against) the Plan. IF AN ADDITIONAL BALLOT IS NEEDED, PLEASE DO NOT PHOTOCOPY THIS BALLOT, BUT RATHER, REQUEST AN ADDITIONAL BALLOT FROM THE BALLOTING AGENT.*

**DURO DYNE NATIONAL CORP.,** *et al.,*
**INDIVIDUAL BALLOT FOR VOTING ON THE PRENEGOTIATED PLAN
OF REORGANIZATION OF DURO DYNE NATIONAL CORP.,** *et al.,*
**UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR CLASS 7
(CHANNELED ASBESTOS CLAIMS)**

**ITEM 1 - Plan Vote. Please mark one box below.**
The undersigned, a holder of a Channeled Asbestos Claim or his or her authorized agent:

☐ **ACCEPTS / VOTES IN FAVOR OF the Plan**
☐ **REJECTS / VOTES AGAINST the Plan**

**Your vote will be counted in accordance with the Plan and Voting Procedures for Class 7 (Channeled Asbestos Claims).**

**ITEM 2— Injured Party's Disease Category**
(Check only one):

☐ Mesothelioma (Level V)

☐ Lung Cancer 1 (Level IV)

☐ Lung Cancer 2 (Level III)

☐ Other Cancer (Level II)

☐ Severe Asbestosis (Level I)

☐ Other Asbestos Disease

**ITEM 3 - Claimant's Name or Address Corrections, if any** (Print Clearly):
(Name)
(Address 1)

(Address 2)

(City)          (State)          (Zip)

**ITEM 4—Last Four Digits of Injured Party's Social Security Number -** _ _ _ _

By signing this Ballot, you certify that:
I have received a copy of the Disclosure Statement (with the Plan attached as an exhibit), this Individual Ballot, and the Confirmation Hearing Notice.

Upon information and belief, I am a holder of a Channeled Asbestos Claim (as defined in the Plan) or an agent authorized to submit this Ballot on behalf of such holder.
The asbestos-related disease attributed to the Asbestos Claim being voted in this Ballot is the disease category designated in Item 2 above, based on medical records or similar documentation regarding the person who has or had such disease.

**ITEM 6 - Signature/Authorization**

Signature of Claimant or Authorized Agent

Print Name of Signatory
If by Authorized Agent, Print Title of Agent

Date

**TO BE COUNTED, THIS BALLOT MUST HAVE THE LAST FOUR DIGITS OF THE INJURED PARTY'S SOCIAL SECURITY NUMBER, BE SIGNED AND DATED, AND BE RECEIVED BY THE BALLOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019, AT ONE OF THE FOLLOWING ADDRESSES:**

Duro Dyne National Corp. et al. Balloting Agent

**IF BY REGULAR MAIL:**
BMC Group, Inc.
Attn: Duro Dyne Ballot Processing
PO Box 90100
Los Angeles, CA 90009

**IF BY MESSENGER OR OVERNIGHT DELIVERY:**
BMC Group, Inc.
Attn: Duro Dyne Ballot Processing
3732 West 120th Street
Hawthorne, CA 90250

| ITEM 5— Claimant's Telephone Number |   |
|---|---|
| (___)___-____ |   |

## VOTING INSTRUCTIONS FOR CLASS 7 (CHANNELED ASBESTOS CLAIMS) INDIVIDUAL BALLOT

1.     This Ballot is submitted to you in connection with the solicitation of votes of holders of Claims in Class 7 (Channeled Asbestos Claims) to accept (vote in favor of) or reject (vote against) the Plan.  PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.  DIGITAL COPIES OF THE PLAN AND DISCLOSURE STATEMENT CAN BE FOUND ON THE USB FLASH DRIVE ENCLOSED IN THE PACKET YOU RECEIVED.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim under the Plan.

2.     **ITEM 1**:   CAST ONE VOTE TO ACCEPT (VOTE IN FAVOR OF) OR REJECT (VOTE AGAINST) THE PLAN BY CHECKING THE APPROPRIATE BOX.  If you submit a signed Ballot but fail to indicate whether you accept or reject the Plan or if you indicate that you accept and reject the Plan, your vote will be counted as an acceptance of the Plan.

3.     **ITEM 2**:   Indicate in Item 2 the disease category applicable to your Class 7 Channeled Asbestos Claim. You may wish to contact your doctor or legal adviser before completing this Item. The following are the asbestos-related disease categories, along with their corresponding amount and medical criteria for voting purposes only:

      a.     Mesothelioma (Level V).  Requires a diagnosis of mesothelioma.  Claim **amount for voting purposes only: $140,000.**

      b.     Lung Cancer 1 (Level IV).  Requires (1) a diagnosis of a primary lung cancer plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease,[2] and (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.  **Claim amount for voting purposes only: $50,000.**

---

[2]      Evidence of "Bilateral Asbestos-Related Nonmalignant Disease," for purposes of meeting the criteria for establishing Disease Levels II and IV, means either (i) a chest X-ray read by a qualified B reader of 1/0 or higher on the ILO scale or (ii)(x) a chest X-ray read by a qualified B reader or other Qualified Physician, (y) a CT scan read by a Qualified Physician, or (z) pathology, in each case showing either bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification. Evidence submitted to demonstrate (i) or (ii) above must be in the form of a written report stating the results *(e.g.,* an ILO report, a written radiology report or a pathology report). Solely for Asbestos Claims filed against the Debtors or another defendant in the tort system prior to the Petition Date, if an ILO reading is not available, either (i) a chest X-ray or a CT scan read by a Qualified Physician, or (ii) pathology, in each case showing bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification consistent with or compatible with a diagnosis of asbestos-related disease, shall be evidence of a Bilateral Asbestos-Related Nonmalignant Disease for purposes of meeting the presumptive medical requirements of Disease Levels II and IV. Pathological proof of asbestosis may be based on the pathological grading system for asbestosis described in the Special Issue of the Archives of Pathology and Laboratory Medicine, "Asbestos-associated Diseases," Vol. 106, No. 11, App. 3 (October 8, 1982). For purposes herein, a "Qualified Physician" is a physician who is board-certified in one or more relevant specialized fields of medicine such as pulmonology, radiology, internal medicine or occupational medicine; provided, however, that the requirement for board certification shall not apply to otherwise qualified physicians whose X-ray and/or CT scan readings are submitted for deceased holders of Asbestos Claims.

c.    Lung Cancer 2 (Level III). Requires (1) a diagnosis of a primary lung cancer, and (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question. Lung Cancer 2 (Level III) claims are claims that do not meet the more stringent requirements of Lung Cancer 1 (Level IV) claims. **Claim amount for voting purposes only: $25,000.**

d.    Other Cancer (Level II). Requires (1) a diagnosis of a primary colorectal, laryngeal, esophageal, pharyngeal, or stomach cancer, plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease, and (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the other cancer in question. **Claim amount for voting purposes only: $20,000.**

e.    Severe Asbestosis (Level I). Requires (1) either (a) a diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestosis, plus (x) TLC less than 65%, or (y) FVC less than 65% and FEV1/FVC ratio greater than 65%,[3] (b) a death where (x) asbestosis is listed as the cause or a significant contributing cause of death on the death certificate or (y) a report from a Qualified Physician who is a pathologist, a pulmonologist, or an occupational medicine physician, stating that asbestosis was a significant contributing cause of death, *or* (c) a diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestosis, plus (x) a Qualified Physician who is a pulmonologist or an occupational medicine physician and prescribes oxygen to the injured party, (y) the treating Qualified Physician states that the predominant cause of the need for oxygen is asbestosis, and (z) the oxygen is needed by the injured party to perform activities of daily life (e.g., not oxygen that is prescribed only for comfort care, at night, for surgery, or on occasion); *and* (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $34,000.**

f.    Other Asbestos Disease. For asbestos-related diseases that do not meet or satisfy the medical criteria for any of the other disease categories above. **Claim amount for voting purposes only: $100.**

4.    Any vote on behalf of a claimant submitted without designation of a disease category applicable to such claimant will be counted as a vote on behalf of a claimant with "Other Asbestos Disease." Should more than one disease category be selected, the designated disease category with the highest dollar amount shall be counted.

5.    **ITEM 3**:  Print or type the name of the claimant and provide the claimant's current mailing address.

6.    **ITEM 4**:  Provide the last four digits of the claimant's (injured party's) Social Security number. If you do not so provide, the Ballot will not be counted.

7.    **ITEM 5**:  Provide the telephone number for the claimant.

8.    **ITEM 6: BALLOT CERTIFICATION.** Item 6 of the Ballot requires you to provide certain certifications. By signing and returning a Ballot, you will be certifying that (1) on information and belief, you are the holder of a Channeled Asbestos Claim (as defined in the

---

[3]    This must be the actual measured value as opposed to the percentage of predicted.

Plan) or an agent authorized to submit the Ballot on behalf of such holder, and (2) the asbestos-related disease attributed to the Channeled Asbestos Claim being voted in the Ballot is the disease category designated on the Ballot based on medical records or similar documentation regarding the person who has or had such disease.

9.    **SIGN AND DATE THE BALLOT.  If the Ballot is not signed, the vote shown on the Ballot will not be counted.**

10.    **RETURN ALL PAGES OF THE BALLOT IN THE PRE-ADDRESSED ENVELOPE.**  Ballots transmitted by facsimile or other electronic means, including e-mail, will not be counted.  Ballots delivered to the Bankruptcy Court, the Debtors, or any other person other than the Balloting Agent will not be counted.

11.    To have your vote counted, the Ballot must be completed, signed, dated, and returned so that it is *actually received* not later than **4:00 p.m. (prevailing Eastern Time), on January 24, 2019** (the "Voting Deadline"), unless such time is extended by the Debtors, to one of the following addresses:

| **IF BY REGULAR MAIL:**<br>BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>PO Box 90100<br>Los Angeles, CA 90009 | **IF BY MESSENGER OR OVERNIGHT DELIVERY:**<br>BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>3732 West 120th Street<br>Hawthorne, CA 90250 |
|---|---|

12.    This Ballot will not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.  None of the information set forth in this Ballot shall constitute an admission by the Debtors as to the extent, validity, or priority of the claim voted herein, nor shall anything contained herein be binding upon the Debtors, the Asbestos Trust or the claimant in any subsequent claims resolution process.

13.    If you are an individual and intend for your attorney to vote your claim, you must return the completed Ballot to your attorney or arrange for your attorney to vote on your behalf well in advance of the Voting Deadline, so that your vote may be included on a Master Ballot before the Voting Deadline.

14.    The Ballot may not be used for any purpose other than to transmit a vote on the Plan.

15.    YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 7 CHANNELED ASBESTOS CLAIM EITHER TO ACCEPT/VOTE IN FAVOR OF OR TO REJECT/VOTE AGAINST THE PLAN AND MAY NOT SPLIT YOUR VOTE.  The vote of any holder of an Asbestos Claim who attempts partially to reject (vote against) and partially to accept (vote in favor of) will be counted as a vote in favor of the Plan.

16.    If you submit more than one Ballot voting the same Asbestos Claim prior to the Voting Deadline, then only the last dated timely-filed Ballot shall be counted.

17.     The Balloting Agent is authorized in its sole and absolute discretion, but is not obligated, to contact you to cure any defects in the Ballot.

18.     This Ballot is for individual holders of Channeled Asbestos Claims only.  If you believe that you have received the wrong Ballot, please contact the Balloting Agent immediately.

19.     The Plan will be found to have been accepted by Class 7 if it is accepted by the holders of at least two-thirds (2/3) in amount and seventy-five percent (75%) in number of Channeled Asbestos Claims in Class 7 voting on the Plan.  If an order confirming the Plan is issued by the Bankruptcy Court, all holders of Interests in, and any and all holders of Claims against, the Debtors (including those who reject the Plan, abstain from voting on the Plan, or are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

20.     TO BE COUNTED, IT IS IMPERATIVE THAT YOU SIGN AND DATE THE BALLOT AND THAT YOU PROVIDE THE LAST FOUR DIGITS OF THE INJURED PARTY'S SOCIAL SECURITY NUMBER.  A BALLOT THAT DOES NOT CONTAIN THIS REQUIRED INFORMATION WILL NOT BE COUNTED.

21.     DO NOT INCLUDE MEDICAL RECORDS WITH THIS BALLOT.  MEDICAL RECORDS CANNOT BE RETURNED BY THE BALLOTING AGENT.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE PLAN OR DISCLOSURE STATEMENT, OR IF YOU BELIEVE YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT AT EITHER ONE OF THE ADDRESSES LISTED ABOVE;  BY  EMAIL  DURODYNE@BMCGROUP.COM;  OR  BY  VISITING WWW.BMCGROUP.COM/DURODYNE.

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

> **TO BE COUNTED, THIS BALLOT MUST *BE ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019**

**EXHIBIT D**

Form of Master Ballot

**(Attached)**

## <u>MASTER BALLOT FOR CLASS 7 (CHANNELED ASBESTOS CLAIMS)</u>

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18 27963(MBK) |
| Debtors. | (Jointly Administered) |

### MASTER BALLOT FOR VOTING ON THE SECOND AMENDED PRENEGOTIATED PLAN OF REORGANIZATION OF DURO DYNE NATIONAL CORP., ET AL. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR CLASS 7 CHANNELED ASBESTOS CLAIMS

The above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the *Second Amended Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code, dated November 15, 2018 (the "<u>Plan</u>"), which is described in the Second Amended Disclosure Statement with Respect to the Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code, dated November 15*, 2018 (the "<u>Disclosure Statement</u>"), both of which are included on the USB flash drive accompanying this Ballot. The Plan and Disclosure Statement can also be accessed on the internet at www.bmcgroup.com/DuroDyne.

On November 20, 2018, the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") signed an order approving certain procedures (the "<u>Voting Procedures</u>") for the solicitation and tabulation of votes on the Plan. Section IV of the Voting Procedures sets forth the procedures for master ballots, such as this one, that are signed by attorneys for holders of Channeled Asbestos Claims against the Debtors. Capitalized terms used but not defined in this ballot shall have the meanings given in the Plan.

*The Plan, attached to the Disclosure Statement as Exhibit "A", provides for the issuance of an "Asbestos Permanent Channeling Injunction" pursuant to section 524(g) of the Bankruptcy Code. For a description of the claims and causes of action to be enjoined and the identities of the entities that would be subject to the injunction, see Article VIII of the Disclosure Statement and Article IX of the Plan. The Plan also proposes certain releases, injunctions, and exculpations, pursuant to which certain parties are released from liability or exculpated for a variety of claims.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

THIS MASTER BALLOT IS TO BE USED BY COUNSEL ONLY FOR VOTING ON BEHALF OF INDIVIDUAL HOLDERS OF CLAIMS IN CLASS 7 (CHANNELED ASBESTOS CLAIMS). The Plan provides different treatment for different classes of claims or interests. Channeled Asbestos Claims (as defined in the Plan) are included in Class 7 under the Plan. This treatment also is described in the Disclosure Statement. **If you have any questions on how to complete this Master Ballot properly, please refer to the attached instructions.**

IN ORDER FOR THESE VOTES TO BE COUNTED, THIS MASTER BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED SO THAT IT *IS ACTUALLY RECEIVED* BY BMC GROUP, INC. (THE "BALLOTING AGENT") NO LATER THAN **4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019, 2018** (THE "VOTING DEADLINE"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS, AT ONE OF THE FOLLOWING ADDRESSES:

| **IF BY REGULAR MAIL:** | **IF BY MESSENGER OR OVERNIGHT DELIVERY:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: Duro Dyne Ballot Processing | Attn: Duro Dyne Ballot Processing |
| PO Box 90100 | 3732 West 120th Street |
| Los Angeles, CA 90009 | Hawthorne, CA 90250 |

If you represent a Channeled Asbestos Claimant and you are (1) unable to certify with respect to any holder of a Channeled Asbestos Claim that you have the authority to vote on the Plan on behalf of such holder (see section IV(3)(ii) of the Voting Procedures) or (2) wish any holder of a Channeled Asbestos Claim represented by you to cast his or her own Ballot on the Plan, you shall furnish the Balloting Agent with a list setting forth the name and address for each such holder within five (5) Business Days of receiving the Solicitation Package; *provided*, that, if such list contains more than twenty (20) such holders, such information must be provided in electronic format by email, preferably in Microsoft Excel format; *provided, further*, that if it is not possible to provide such information in an electronic format by email, such information must be sent to the Balloting Agent by mail in printed form or on a disc or thumb drive so that it is actually received within seven (7) Business Days of receiving a copy of the Solicitation Package.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THIS MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE BALLOTING AGENT AT ONE OF THE ADDRESSES LISTED ABOVE; BY EMAIL AT DURODYNE@BMCGROUP.COM OR BY VISITING WWW.BMCGROUP.COM/DURODYNE.**

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the

extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

Please note that the Balloting Agent cannot provide legal advice or direct you to either accept or reject the Plan.

Ballots transmitted by facsimile or other electronic means, including e-mail, will not be counted. Ballots delivered to the Bankruptcy Court, the Debtors, or any other person other than the Balloting Agent will not be counted.

If an order confirming the Plan is issued by the Bankruptcy Court, all holders of Interests in, and any and all holders of Claims against, the Debtors (including those who reject/vote against the Plan, abstain from voting on the Plan, or are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT FOLLOW THE BALLOT. PLEASE READ THE INSTRUCTIONS, THE PLAN, AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE MASTER BALLOT.

IF AN ADDITIONAL MASTER BALLOT IS NEEDED, PLEASE DO NOT PHOTOCOPY THIS BALLOT, BUT RATHER, REQUEST AN ADDITIONAL BALLOT FROM THE BALLOTING AGENT.

PLEASE COMPLETE THE FOLLOWING:

**ITEM 1.** **TABULATION OF VOTES WITH RESPECT TO THE PLAN.** Each holder of a Channeled Asbestos Claim must vote his or her entire Claim either to accept (vote in favor of) or reject (vote against) the Plan. A holder of an Channeled Asbestos Claim may not split his or her vote within a Class. Accordingly, the vote of any holder of a Channeled Asbestos Claim who attempts to partially reject and partially accept the Plan will be counted as an acceptance for voting purposes on the Plan solely with respect to that Claim. If the Master Ballot is signed and timely sent to the Balloting Agent, but does not designate either acceptance or rejection of the Plan (or indicates both acceptance *and* rejection of the Plan) for any particular Claim, the Master Ballot will be counted as an acceptance for voting purposes on the Plan solely with respect to that Claim.

If you cast more than one Master Ballot and vote more than once on account of the same individual Asbestos Claim, the latest-dated Master Ballot received before the Voting Deadline will be deemed to reflect the claimholder's intent and thus to supersede any prior Master Ballots with respect to such individual Channeled Asbestos Claim.

The Balloting Agent is authorized in its sole and absolute discretion, but is not obligated, to contact you to cure any defects in the Master Ballot. Only those Master Ballots *actually received* by the Voting Deadline will be tabulated.

**For claimants holding a Claim in Class 7 (Channeled Asbestos Claims) please mark one of the boxes below:**

☐     All Class 7 Channeled Asbestos Claims listed on the Master Ballot Exhibit **ACCEPT (VOTE IN FAVOR OF)** the Plan.

☐     All Class 7 Channeled Asbestos Claims listed on the Master Ballot Exhibit **REJECT (VOTE AGAINST)** the Plan.

☐     Some of the individuals listed on the Master Ballot Exhibit **ACCEPT (VOTE IN FAVOR OF)** the Plan while other individuals listed on the Master Ballot Exhibit **REJECT (VOTE AGAINST)** the Plan.

**ITEM 2.**     **SUMMARY OF VOTES BY DISEASE CATEGORY.** Please summarize the votes of the holders of Asbestos Claims for whom you are voting, according to disease category, on the table below.

| Disease Category | Number of Votes ACCEPTING / VOTING IN FAVOR OF the Plan | Dollar Amount of Votes ACCEPTING / VOTING IN FAVOR OF the Plan | Number of Votes REJECTING / VOTING AGAINST the Plan | Dollar Amount of Votes REJECTING / VOTING AGAINST the Plan |
|---|---|---|---|---|
| Mesothelioma (Level V) | | | | |
| Lung Cancer 1 (Level IV) | | | | |
| Lung Cancer 2 (Level III) | | | | |
| Other Cancer (Level II) | | | | |
| Severe Asbestosis (Level I) | | | | |
| Other Asbestos Disease | | | | |
| **Total Votes** | | | | |

**ITEM 3.**     **EXHIBIT OF INDIVIDUAL HOLDERS OF CHANNELED ASBESTOS CLAIMS REPRESENTED BY COUNSEL.** Please prepare a client list of each holder of a Class 7 Channeled Asbestos Claims you are voting as a required exhibit to the Master Ballot (the "Master Ballot Exhibit"). The Master Ballot Exhibit shall be prepared as an electronic document in Microsoft Excel or similar format, consistent with the form attached hereto, and be transmitted to the Balloting Agent via disc or thumb drive; provided, however, if the Master

Ballot Exhibit contains less than twenty (20) holders of Channeled Asbestos Claims, the Master Ballot Exhibit may be attached to the Master Ballot as an exhibit in paper form. An electronic template of the Master Ballot Exhibit is available from the Balloting Agent upon request. The Master Ballot Exhibit must include the following information: (i) the name of the injured party (with first name, last name, middle initial, and suffix listed in separate columns); (ii) the last four digits of the injured party's Social Security number, (iii) date of birth; (iv) date of death, if applicable, (v) disease type; and (vi) whether each individual holder of a Channeled Asbestos Claim votes to accept/votes in favor of or rejects/votes against the Plan. Any vote on behalf of a holder of a Channeled Asbestos Claim submitted without inclusion of the name and the last four digits of a valid Social Security number of such claimant will not be counted.

**ITEM 4.**      **CERTIFICATION OF COUNSEL:      REQUIRED CERTIFICATIONS REGARDING ASBESTOS CLAIMS.**  By signing this Master Ballot, the undersigned certifies, on information and belief, that the following statements are true and correct:

- I have been provided with a copy of the Disclosure Statement (with the Plan attached as an exhibit), this Master Ballot, the Confirmation Hearing Notice

- I am authorized under applicable law by each of the holders of a Class 7 Channeled Asbestos Claims listed on the Master Ballot Exhibit accompanying this Master Ballot to vote each of their Channeled Asbestos Claims to accept or reject the Plan, as indicated on the exhibit.

- Each claimant identified on the exhibit attached hereto has, on information and belief, Channeled Asbestos Claims (as defined in the Plan) against one or more of the Debtors.

- The asbestos-related disease attributed to such Channeled Asbestos Claim is the disease category designated on the Master Ballot Exhibit, based on medical records or similar documentation regarding the person who has or had such disease.

Print or Type Name of Attorney Completing Ballot

Full Name of Law Firm and Tax ID Number

Street Address

City, State and Zip Code

-6-

( )_____    ( )_____
Telephone Number        Facsimile Number

_____
E-mail Address for Acknowledgement

SIGN AND DATE BELOW:          Please check if applicable:

_____       ☐  **Address correction**
Signature

                               ☐  **Address not previously provided**

_____
Date

**IF THIS MASTER BALLOT IS NOT *ACTUALLY RECEIVED* BY THE BALLOTING AGENT BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019, IT WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS FOR COMPLETING
## MASTER BALLOT FOR CLASS 7 CHANNELED ASBESTOS CLAIMS

1.      This Master Ballot is submitted to you in connection with the solicitation of votes of individual holders of Channeled Asbestos Claims to accept or reject the Plan.  The Disclosure Statement and Plan are being provided to you on the enclosed a USB flash drive unless otherwise requested.  Capitalized terms used but not defined in this Master Ballot shall have the meanings given in the Plan.  PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE MASTER BALLOT.

2.      This Master Ballot is to be used by counsel of record for individual holders of Channeled Asbestos Claims who are authorized to vote on behalf of those clients to accept or reject the Plan.

3.      In order for the votes reflected on the Master Ballot to count, the Master Ballot must be completed, dated, signed, and returned so that it is *actually received* by the Balloting Agent, BMG Group not later than **4:00 p.m. (prevailing Eastern Time), on January 24, 2019,** (the "Voting Deadline"), unless such time is extended by the Debtors, at the following address:

| IF BY REGULAR MAIL: | IF BY MESSENGER OR OVERNIGHT DELIVERY: |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: Duro Dyne Ballot Processing | Attn: Duro Dyne Ballot Processing |
| PO Box 90100 | 3732 West 120th Street |
| Los Angeles, CA 90009 | Hawthorne, CA 90250 |

Ballots transmitted by facsimile or other electronic means, including e-mail, will not be counted.  Ballots delivered to the Bankruptcy Court, the Debtors, or any other person other than the Balloting Agent will not be counted.

4.      This Ballot will not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.  None of the information set forth in this Ballot shall constitute an admission by the Debtors as to the extent, validity, or priority of the claim voted heréin, nor shall anything contained herein be binding upon the Debtors, the claimant or the Asbestos Trust in any subsequent claims resolution process.

5.      The Master Ballot may not be used for any purpose other than to transmit the votes to accept/in favor of or reject/against the Plan.

6.      Multiple Master Ballots may be completed and delivered to the Balloting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last dated Master Ballot received by the Voting Deadline will, to the extent of such inconsistency, govern.

If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s) rather than duplicate(s) earlier Master Ballot(s), please designate the subsequent Master Ballot(s) as "Supplement" and clearly mark which of the votes reflected thereon are additional or changed votes. Notwithstanding the foregoing, if two or more votes are received for the same claimant, but submitted by different counsel, the claimant's vote will be counted only once, and only if the votes are consistent. If the votes are not consistent, none of the votes will be counted.

7.     Each holder of a Channeled Asbestos Claim must vote his or her entire claim either to accept (vote in favor of) or to reject (vote against) the Plan. A holder of an individual Channeled Asbestos Claim may not split his or her vote within a Class. Accordingly, any Channeled Asbestos Claim that partially rejects and partially accepts the Plan shall be counted as a vote in favor of the Plan. With respect to each holder of a Channeled Asbestos Claim that has authorized you to vote his or her Channeled Asbestos Claim on the Master Ballot, you must clearly designate either acceptance or rejection of the Plan. If this Master Ballot is signed and timely received by the Balloting Agent, but does not designate either acceptance or rejection of the Plan, or both acceptance *and* rejection of the Plan for any particular claim, it shall be counted as a vote in favor of the Plan as to that claim. Furthermore, for purposes of computing the Master Ballot vote, each voting holder of a Channeled Asbestos Claim shall be deemed to have a single vote in the full amount of the disease category forming the basis for such claimant's asserted Channeled Asbestos Claim. The Balloting Agent is authorized in its sole and absolute discretion, but is not obligated, to contact you to cure any defects in the Master Ballot. Only those Master Ballots *actually received* by the Voting Deadline will be tabulated.

8.     The Master Ballot and the Master Ballot Exhibit (as described herein) must specify a disease category to the claim of each claimant, chosen from the categories below. The following are the asbestos disease categories, along with their corresponding amount and medical criteria for voting purposes only:

a.     <u>Mesothelioma (Level V)</u>.   Requires (1) a diagnosis of mesothelioma. **Claim amount for voting purposes only: $140,000.**

b.     <u>Lung Cancer 1 (Level IV)</u>.   Requires (1) a diagnosis of a primary lung cancer plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease,[2] and (2) supporting medical documentation establishing asbestos exposure as a

---

[2]     Evidence of "<u>Bilateral Asbestos-Related Nonmalignant Disease</u>," for purposes of meeting the criteria for establishing Disease Levels II and IV, means either (i) a chest X-ray read by a qualified B reader of 1/0 or higher on the ILO scale or (ii)(x) a chest X-ray read by a qualified B reader or other Qualified Physician, (y) a CT scan read by a Qualified Physician, or (z) pathology, in each case showing either bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification. Evidence submitted to demonstrate (i) or (ii) above must be in the form of a written report stating the results *(e.g.,* an ILO report, a written radiology report or a pathology report). Solely for Channeled Asbestos Claims filed against the Debtors or another defendant in the tort system prior to the Petition Date, if an ILO reading is not available, either (i) a chest X-ray or a CT scan read by a Qualified Physician, or (ii) pathology, in each case showing bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification consistent with or compatible with a diagnosis of asbestos-related disease, shall be evidence of a Bilateral Asbestos-Related Nonmalignant Disease for purposes of meeting the presumptive medical requirements of Disease Levels II and IV. Pathological proof of asbestosis may be based on the pathological grading system for asbestosis described in the Special Issue of the Archives of Pathology and Laboratory Medicine, "Asbestos-associated Diseases," Vol. 106, No. 11, App. 3

contributing factor in causing the lung cancer in question. **Claim amount for voting purposes only: $50,000.**

c.    Lung Cancer 2 (Level III).   Requires (1) a diagnosis of a primary lung cancer, and (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.   Lung Cancer 2 (Level III) claims are claims that do not meet the more stringent requirements of Lung Cancer 1 (Level IV) claims. **Claim amount for voting purposes only: $25,000.**

d.    Other Cancer (Level II).   Requires (1) a diagnosis of a primary colorectal, laryngeal, esophageal, pharyngeal, or stomach cancer, plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease, and (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the other cancer in question. **Claim amount for voting purposes only: $20,000.**

e.    Severe Asbestosis (Level I).   Requires (1) either (a) a diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestosis, plus (x) TLC less than 65%, or (y) FVC less than 65% and FEV1/FVC ratio greater than 65%,[3] (b) a death where (x) asbestosis is listed as the cause or a significant contributing cause of death on the death certificate or (y) a report from a Qualified Physician who is a pathologist, a pulmonologist, or an occupational medicine physician, stating that asbestosis was a significant contributing cause of death, *or* (c) a diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestosis, plus (x) a Qualified Physician who is a pulmonologist or an occupational medicine physician and prescribes oxygen to the injured party, (y) the treating Qualified Physician states that the predominant cause of the need for oxygen is asbestosis, and (z) the oxygen is needed by the injured party to perform activities of daily life (e.g., not oxygen that is prescribed only for comfort care, at night, for surgery, or on occasion); *and* (2) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $34,000.**

f.    Other Asbestos Disease.   For asbestos-related diseases that do not meet or satisfy the medical criteria for any of the other disease categories above. **Claim amount for voting purposes only: $100.**

9.    For purposes of voting on the Plan, each Channeled Asbestos Claim shall be counted in the amount set forth above that corresponds to the disease category for each such Channeled Asbestos Claim, which is solely for voting purposes and does not constitute an

---

(October 8, 1982). For purposes herein, a "Qualified Physician" is a physician who is board-certified in one or more relevant specialized fields of medicine such as pulmonology, radiology, internal medicine or occupational medicine; provided, however, that the requirement for board certification in this provision shall not apply to otherwise qualified physicians whose X-ray and/or CT scan readings are submitted for deceased holders of Channeled Asbestos Claims.

[3]    This must be the actual measured value as opposed to the percentage of predicted.

allowance or liquidation of such Channeled Asbestos Claims for purposes of distribution from the Asbestos Trust.

10.     You will be required to certify that the disease category set forth on the Master Ballot is supported by medical records or similar documentation. If no disease category is indicated for a claimant, the Balloting Agent shall treat the affected vote as being cast on behalf of a claimant with "Other Asbestos Disease." If more than one disease category is selected for an Channeled Asbestos Claim, the Balloting Agent shall count the affected vote in the amount corresponding to the disease category with the highest selected claim amount.

11.     Completion of this Master Ballot requires that you compile a Master Ballot Exhibit (in the form attached hereto), certifying a list of the clients represented by you who have Channeled Asbestos Claims.

## ITEM 1

12.     Item 1 of the Master Ballot requires you to indicate whether the clients listed on the Master Ballot ("Voting Clients") have accepted or rejected the Plan as a whole, or whether some of the Voting Clients have accepted the Plan while others have rejected it. . If all of your Voting Clients listed have authorized you to accept the Plan, you may check the box indicating the same. If all of your clients listed have authorized you to reject the Plan, you may check the box indicating the same. If some of your clients listed have authorized you to accept the Plan, while others have authorized you to reject the Plan, please check the box indicating the same.

## ITEM 2

13.     Item 2 of the Master Ballot also requires you to complete a summary of the votes to accept/in favor of or reject/against the Plan by disease category and number of voters. To complete Item 2, first prepare the Master Ballot Exhibit, taking care to specify for each of your clients whether such client accepts/votes in favor of or rejects/votes against the plan. Use the table in Item 2 to summarize these totals for each disease category.

## ITEM 3

14.     Item 3 of the Master Ballot requires you to attach a Master Ballot Exhibit to the Master Ballot, listing each holder of a Channeled Asbestos Claim that you represent. The Master Ballot Exhibit, the form of which is attached hereto, must clearly identify your law firm on each page and list in separate columns the following information for each holder of a Channeled Asbestos Claim on whose behalf you are voting: (i) the name of the injured party (with first name, last name, middle initial, and suffix listed in separate columns); (ii) the last four digits of the injured party's Social Security number; (iii) date of birth; (iv) date of death, if applicable; (v) disease type; (vi) an address for service of notices (which can be the address of the law firm representing the holder); and (vii) whether each individual holder of an Asbestos Claim votes to accept/in favor of or reject/against the Plan. The Master Ballot Exhibit must be submitted on a disc or thumb drive in MICROSOFT EXCEL™ or similar format, and enclosed with the Master Ballot; provided, however, if the Master Ballot Exhibit contains less than twenty (20) holders of Channeled Asbestos Claims, the Master Ballot Exhibit may be attached to the Master Ballot as an exhibit in paper form. Any vote on behalf of a holder of an Channeled Asbestos Claim

submitted without inclusion of the name and the last four digits of a valid Social Security number of such claimant will not be counted. You must state the total number of acceptances and total number of rejections by the holders of Channeled Asbestos Claims that you represent, as reflected in the Master Ballot Exhibit.

**ITEM 4**

15.     Item 4 requires that you make certain certifications as a prerequisite to the submission of votes on behalf of voting clients. Please ensure that you have read and understood the certifications prior to signing the Master Ballot, and that the certification is correct for each Channeled Asbestos Claim voted on the Master Ballot. No vote for or against the Plan by or on behalf of a holder of a Channeled Asbestos Claims shall be counted by the Balloting Agent unless the Master Ballot reflecting such vote is submitted to the Balloting Agent with written certifications, in the form contained on the Master Ballot.

16.     Please sign and date your Master Ballot.

17.     Provide your name, mailing address, and telephone number.

18.     Contact the Balloting Agent if you need any additional information.

19.     **PLEASE RETURN THE COMPLETED AND SIGNED MASTER BALLOT, TOGETHER WITH THE MASTER BALLOT EXHIBIT, TO THE BALLOTING AGENT SO THAT IT IS *ACTUALLY RECEIVED* BY THE VOTING DEADLINE OF 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019.**

20.     The Plan will be found to have been accepted by Class 7 if it is accepted by the holders of at least two-thirds (2/3) in amount and more than seventy-five percent (75%) in number of Channeled Asbestos Claims in Class 7 voting on the Plan. If the Bankruptcy Court confirms the Plan, all holders of Interests in, and any and all holders of Claims against, the Debtors (including those who rejected the Plan, abstained from voting on the Plan, or were not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

21.     Nothing contained herein or in the enclosed documents shall constitute authority for you or any other person to act as the agent of the Debtors or the Balloting Agent, or authorize you or any other person to use any document or make any statements on behalf of the Debtors or the Balloting Agent with respect to the Plan, except for the statements contained in the enclosed documents.

22.     **Master Ballots transmitted by facsimile or other electronic means, including emails, shall not be counted.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE PLAN OR DISCLOSURE STATEMENT, OR IF YOU BELIEVE YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THIS MASTER BALLOT OR OTHER ENCLOSED

MATERIALS, PLEASE CONTACT THE BALLOTING AGENT AT THE ADDRESS LISTED ABOVE, BY EMAIL AT DURODYNE@BMCGROUP.COM OR BY VISITING THE WEBSITE AT WWW.BMCGROUP.COM/DURODYNE.

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

## MASTER BALLOT EXHIBIT FOR CLASS 7 (CHANNELED ASBESTOS CLAIMS)

All holders of Channeled Asbestos Claims represented by:

Plaintiff's Law Firm

| Last Name (Injured Party) | First Name | M.I. | Suffix | Soc. Sec. No. (Last 4 Digits) | Date of Birth | Date of Death (if applicable) | Disease category | Disease Amount | Accept/Vote in Favor or Reject/Vote Against |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |
| | | | | | | | | | ☐ Accept, or ☐ Reject |

**Total Acceptances/Votes in Favor by Disease Category Amount and Number:**

**Total Rejections/Votes Against by Disease Category Amount and Number:**

-14-

# EXHIBIT E

## Form of Ballot for Indirect Trust Claims

### (Attached)

**BALLOT FOR CLASS 7 (INDIRECT ASBESTOS CLAIMS)**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18 27963(MBK) |
| Debtors. | (Joint Administration Requested) |

## BALLOT FOR VOTING ON THE SECOND AMENDED PRENEGOTIATED PLAN OF REORGANIZATION OF DURO DYNE NATIONAL CORP., ET AL. UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") are soliciting votes with respect to the *Second Amended Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code,* dated November 15, 2018 (the "Plan"), which is described in the *Second Amended Disclosure Statement with Respect to the Prenegotiated Plan of Reorganization of Duro Dyne National Corp. et al. Under Chapter 11 of the Bankruptcy Code,* dated November 15, 2018 (the "Disclosure Statement"), both of which are included in the USB flash drive accompanying this Ballot. The Plan and Disclosure Statement can also be accessed on the internet at www.bmcgroup.com/DuroDyne.

On November 20, 2018, the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") signed an order approving certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes on the Plan. Capitalized terms used but not defined in this ballot shall have the meanings given in the Plan.

*The Plan, attached to the Disclosure Statement as Exhibit "A", provides for the issuance of an "Asbestos Permanent Channeling Injunction" pursuant to section 524(g) of the Bankruptcy Code. For a description of the claims and causes of action to be enjoined and the identities of the entities that would be subject to the injunction, see Article VIII of the Disclosure Statement and Article IX of the Plan. The Plan also proposes certain releases, injunctions, and exculpations, pursuant to which certain parties are released from liability or exculpated for a variety of claims.*

The Plan provides different treatment for different classes of claims or interests. Indirect Trust Claims (as defined in the Plan) are included in Class 7 under the Plan. This treatment is also described in the Disclosure Statement. **If you have any questions on how to complete this Ballot properly, please refer to the attached instructions.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

This Ballot is to be used ONLY by holders of INDIRECT TRUST CLAIMS against the Debtors. An example of an Indirect Trust Claim is an asbestos-related claim for indemnity, reimbursement, or contribution asserted by a defendant in the tort system against the Debtors or any Asbestos Protected Party. Please consult the Plan's glossary for the complete definition of an Indirect Trust Claim.

TO BE COUNTED, THIS BALLOT MUST BE PROPERLY COMPLETED, SIGNED, AND RETURNED SO THAT IT IS *ACTUALLY RECEIVED* BY BMC GROUP (THE "BALLOTING AGENT") NO LATER THAN **4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2018** (THE "VOTING DEADLINE"), UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS, AT ONE OF THE FOLLOWING ADDRESS:

**IF BY REGULAR MAIL:**
BMC Group, Inc.
Attn: Duro Dyne Ballot Processing
PO Box 90100
Los Angeles, CA 90009

**IF BY MESSENGER OR OVERNIGHT DELIVERY:**
BMC Group, Inc.
Attn: Duro Dyne Ballot Processing
3732 West 120th Street
Hawthorne, CA 90250

This Ballot will not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest. Nor does the information set forth on this Ballot constitute an admission by the Debtors as to the extent, validity, or priority of the claim voted herein.

## DOCUMENTS INCLUDED WITH THE BALLOT

You should have received the following documents with this Ballot (the "Solicitation Package"):

- a USB flash drive containing, among other things, digital copies of the Disclosure Statement (with the Plan attached as an exhibit);
- notice of (a) the date and time of the hearing regarding confirmation of the Plan, (b) the procedures for holders of Class 6 (Prepetition Defense-Cost Contribution Claims and Class 7 (Channeled Asbestos Claims) to vote on the Plan; and (c) the procedures and deadlines for filing objections to confirmation of the Plan (the "Confirmation Hearing Notice");
- a pre-addressed return envelope; and
- a cover letter describing the contents of the solicitation package and the enclosed USB flash drive, and instructions for obtaining (free of charge) hard copies of the materials provided in electronic format.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT, OR IF YOU DID NOT RECEIVE A DIGITAL COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT OR OTHER ENCLOSED MATERIALS, YOU MAY CONTACT THE BALLOTING AGENT AT EITHER OF THE ADDRESSES LISTED ABOVE; BY EMAIL AT DURODYNE@BMCGROUP.COM OR BY VISITING WWW.BMCGROUP.COM/DURODYNE.**

Copies of the Plan and the Disclosure Statement also may be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

Please note that the Balloting Agent cannot provide legal advice or direct you to either accept or reject the Plan.

Ballots transmitted by facsimile or other electronic means, including e-mail, will not be counted. Ballots delivered to the Bankruptcy Court, the Debtors, or any other person other than the Balloting Agent will not be counted.

The Plan will be found to have been accepted by Class 7 if it is accepted by the holders of at least two-thirds (2/3) in amount and seventy-five (75%) percent in number of Asbestos Claims in Class 7 voting on the Plan. If the Bankruptcy Court confirms the Plan, all holders of interests in, and any and all holders of Claims against, the Debtors (including those who reject the Plan, abstained from voting on the Plan, or were not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

INSTRUCTIONS FOR COMPLETING THE BALLOT PRECEDE THE BALLOT. PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE BALLOT. IF AN ADDITIONAL BALLOT IS NEEDED, PLEASE DO NOT PHOTOCOPY THIS BALLOT, BUT RATHER, REQUEST AN ADDITIONAL BALLOT FROM THE BALLOTING AGENT.

## VOTING INSTRUCTIONS FOR COMPLETING BALLOT FOR CLASS 7
## (HOLDERS OF INDIRECT TRUST CLAIMS)

The following instructions explain each of the items contained on your Ballot. If you have any questions, please contact the Balloting Agent at 212.310.5900.

**To fill out your Ballot, you must complete the following:**

**ITEM 1. Claimant's Name and Address**

Please fill in the name and address information requested (if different from the preprinted address listed on the Ballot). Claimants should include street address, city, state, zip code, telephone number, facsimile number, e-mail, and their Employer Identification Number or the last four digits of their Social Security number. Ballots without Employer Identification Numbers or the last four digits of Social Security numbers will not be counted.

**ITEM 2. Vote on the Plan**

Vote on the Plan by checking the box that corresponds to your choice. Ballots that do not indicate a vote to accept/in favor of or a vote to reject/against or indicate both a vote to accept/in favor of and a vote to reject/against will be counted as an accepting vote.

**ITEM 3.** Amount of Indirect Trust Claim for Voting Purposes

Each Indirect Trust Claim is deemed to be allowed temporarily in the amount of $1.00 in the aggregate per claimant for voting purposes only. To the extent a holder of an Indirect Trust Claim seeks to have its claim temporarily allowed in a greater amount for voting purposes, it must file a motion with the Bankruptcy Court pursuant to section 502 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3018 to determine the temporarily allowed claim amount for voting purposes. Such a motion must be filed with the Bankruptcy Court and served on the Plan Proponents so that it is actually received by them on or before January 11, 2019. The temporary allowance of Indirect Trust Claims solely for purposes of voting on the Plan is not an admission of liability by the Debtors or any other party for liquidation and payment purposes.

**ITEM 4. Acknowledgement and Certification**

Either the claimant or its authorized agent or attorney (acting on behalf of the claimant) must certify certain information on the Ballot. Please read the certifications contained and ensure that the information on the Ballot meets the requirements of those certifications.

**ITEM 5. Signature and Date**

Either the claimant or its authorized agent or attorney (acting on behalf of the claimant) must sign and date the Ballot. If the Ballot is not signed and dated, the vote shown on the Ballot will not be counted. If you submit more than one Ballot voting the same Asbestos Claim prior to the Voting Deadline, then only the last dated timely-filed Ballot shall be counted.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT,
OR IF YOU DID NOT RECEIVE A COPY OF ANY OF THE DOCUMENTS
DESCRIBED IN THESE INSTRUCTIONS, PLEASE CONTACT THE
BALLOTING AGENT AT EITHER THE ADDRESS LISTED ABOVE; BY EMAIL AT
DURODYNE@BMCGROUP.COM OR BY VISITING
WWW.BMCGROUP.COM/DURODYNE.**

**BALLOT FOR CLASS 7
HOLDERS OF TRUST ASBESTOS CLAIMS**

| |
|---|
| **Please read the instructions that accompany this Ballot before completing. Print clearly.** |
| **ITEM 1 - Claimant's Name and Address (if different from the preprinted address listed below):** |
| Name |
| Street Address |
| City, State and Zip Code (US) |
| Telephone Number |
| Facsimile Number |
| E-mail |
| Employer Identification No. or Last Four Digits of Social Security No. (U.S. Claimants only) |

**ITEM 2 - Vote on the Plan:**

The undersigned, as holder of (or representative of a holder of) an Indirect Trust Claim against one or more of the Debtors votes to (fill in ONE box only):

☐     **ACCEPT (VOTE IN FAVOR OF) the Plan.**

☐     **REJECT (VOTE AGAINST) the Plan.**

**ITEM 3 - Principal Amount of Indirect Trust Claim:**

The amount of your Indirect Trust Claim for voting purposes only is $1.00. (See Instructions)

**ITEM 4 - Acknowledgement and Certification:**

The undersigned, by executing this Ballot in item 5 below, acknowledges receipt of a copy of the Disclosure Statement (with the Plan attached as an exhibit), this ballot, and the Combined Hearing Notice. In addition, the undersigned, by executing this Ballot in item 5 below, certifies the following:
- (i)   Upon information and belief, I hold/the Claimant holds an Indirect Trust Claim against one or more of the Debtors and
- (ii)  I have full power and authority to vote on the Plan on behalf of, or in my capacity as, the Claimant.

**ITEM 5 - Signature and Date:**

Signature of Claimant or Authorized Agent

Print Name and Title (if Applicable) of Signatory Above

Date

**YOU MUST SIGN AND DATE THIS BALLOT IN ITEM 5 ABOVE IN ORDER TO HAVE YOUR VOTE ON THE PLAN COUNTED.**

**IF THIS BALLOT IS NOT RECEIVED BY THE BALLOTING AGENT BY
4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 24, 2019,
IT WILL NOT BE COUNTED.**

# EXHIBIT F

## <u>Confirmation Hearing Notice</u>

### <u>(Attached)</u>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Duro Dyne National Corp., Duro Dye Corp., Duro Dyne Machinery Corp., Duro Dyne Midwest Corp., and Duro Dyne West Corp,　　　　　　Debtors. | Chapter 11<br>Case No. 18–27963 (MBK)<br><br>(Jointly Administered ) |

**NOTICE OF HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION**

　　1.　　**Bankruptcy Case.** On September 7, 2018, Duro Dyne National Corp., *et al* ("Debtors") petitioned for reorganization under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). The purpose of the Debtors' chapter 11 reorganization is to resolve all existing and future asbestos-related personal injury and wrongful death claims.

　　2.　　**Approval of Disclosure Statement.** On November 20, 2018, the Bankruptcy Court entered an order approving the Second Amended Disclosure Statement ("Disclosure Statement") with respect to the Debtors' Second Amended Plan of Reorganization ("Plan").

　　3.　　**Solicitation Materials Distributed to Voting Classes.** The Disclosure Statement, together with copies of the Plan, Ballots and other voting materials, called a "Solicitation Package", has been mailed to known holders of Class 6 (Prepetition Defense-Cost Contributions) and Class 7 (Channeled Asbestos Claims) or their lawyers. You should read all of the documents included in the Solicitation Package for details about how the Plan may affect your rights.

　　4　　**Notices to Non-Voting Classes.** This Notice and a Notice of Non-Voting Status has been mailed to known holders of Class 1, 2, 3, 4, 5, 8, 9, 10, 11 and 12 Claims. If you are a member of a Non-Voting Class, you should read the Solicitation Package for details about how the Plan may affect your rights.

　　5.　　**Key Parts of the Plan.** *The Plan provides for the establishment of an Asbestos Trust that will resolve and, as appropriate, pay all eligible Channeled Asbestos Claims. The Plan provides for the issuance of an Asbestos Permanent Channeling Injunction that will channel all current and future Asbestos Claims and Demands against the Debtors to the Asbestos Trust, which will assume liability for all Channeled Asbestos Claims and use its assets to resolve and compensate eligible Channeled Asbestos Claims. The Plan also proposes certain releases and exculpations, whereby certain parties would be shielded from liability or exculpated for a variety of claims.*

　　6.　　**How to Vote on the Plan.** The Bankruptcy Court has issued an order describing who can vote on the Plan and how to vote. The Disclosure Statement contains information that will help you decide how to vote on the Plan if you are entitled to do so. *Your legal rights may be affected if the Plan is confirmed (approved).* Lawyers for holders of Channeled Asbestos Claims may vote on the Plan on behalf of their clients if the lawyers are authorized to do so. If you are unsure whether your lawyer is authorized to vote on your behalf, please contact your lawyer. To be counted, a ballot voting on the Plan must be *actually received* by the Balloting Agent at one of the addresses below by **January 24, 2019 at 4:00 p.m. (E.T.)**. Ballots that are *not actually received* by that date and time—even if they are postmarked on that date—will not be counted. Ballots will *not* be accepted by facsimile or other electronic means, including email.

| IF BY REGULAR MAIL: | IF BY MESSENGER OR OVERNIGHT DELIVERY: |
|---|---|
| BMC Group, Inc. | |

| Attn: Duro Dyne Ballot Processing<br>PO Box 90100<br>Los Angeles, CA 90009 | BMC Group, Inc.<br>Attn: Duro Dyne Ballot Processing<br>3732 West 120th Street<br>Hawthorne, CA 90250 |
|---|---|

7.    **Objections to Confirmation of the Plan.**    Objections and responses to confirmation of the Plan must (i) be in writing, (ii) set forth in detail the name and address of any party filing the objection, the grounds for the objection, any relevant and admissible evidence in support of the objection, and the amount of the objector's claims or such other grounds that give the objector standing to assert the objection, (iii) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (iv) be filed with the Bankruptcy Court, and (v) served in accordance with the Local Rules upon the following parties so as to be actually received on or before **February 8, 2019 at 4:00 p.m. (E.T.):** (i) counsel to the Debtors at Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attn: Jeffrey D. Prol, Esq.; (ii) counsel to the Asbestos Claimants Committee at Caplin & Drysdale, Chtd., One Thomas Circle, N.W., Suite 1100, Washington, D.C. 20005, Attn: James P. Wehner, Esq.;(iii) the Future Claimants' Representative at Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 Attn: Edwin J. Harron, Esq.;and (iv) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn: Mitchell Hausman, Esq.. Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the Clerk of the Bankruptcy Court, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. *If you or your attorney does not file an objection to the Plan, the Bankruptcy Court may conclude that you do not object to confirmation of the Plan, and may enter an order confirming the Plan by which you will he bound.*

8.    **Hearing on Confirmation of the Plan.**    A hearing ("Confirmation Hearing") to consider whether the Bankruptcy Court should confirm the Plan will be held at the United States Bankruptcy Court for the District of New Jersey, Courtroom 8, Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608, on **March 6, 7 and 8, 2019, at 10:00 a.m. (E.T.).**

9.    **Additional Information.**    Copies of the Plan, the Disclosure Statement and other materials contained in the Solicitation Package, including a ballot to vote on the Plan, may be obtained by contacting the Debtors' Balloting Agent at either of the addresses listed above; by email at DuroDyne@bmcgroup.com or by visiting www.bmcgroup.com/durodyne.

Copies of the Plan and the Disclosure Statement also may be examined between the hours of 9:00 a.m. and 4:30 p.m. E.T. at the Bankruptcy Court Clerk's office at the Clarkson S. Fisher US Courthouse, 402 East State Street, Trenton, NJ 08608. To the extent any portion of this notice conflicts with the Plan or the Disclosure Statement, the terms of those documents shall control over this notice.

Dated: November 23, 2018                    **LOWENSTEIN SANDLER LLP**
                                             By: s/Jeffrey D. Prol, Esq.