|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** | |
| **THE LAW OFFICE OF JOHN A. FIALCOWITZ**<br>John A. Fialcowitz, Esq.<br>89 Headquarters Plaza North, Suite 1216<br>Morristown, NJ  07960<br>(973) 532-7208 (Telephone)<br>(973) 993-1857 (Fax)<br><br>*Proposed Local Counsel for the Official Committee of Asbestos Claimants* | Order Filed on November 20, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Duro Dyne National Corp., *et al.*[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 18-27963 (MBK)<br><br>(Jointly Administered) |

# ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS, *NUNC PRO TUNC* AS OF SEPTEMBER 26, 2018

The relief set forth on the following pages, numbers two (2) through (3), is hereby ORDERED.

**DATED: November 20, 2018**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:     2
Debtors:  Duro Dyne National Corp., et al.
Case No:  18-27963 (MBK)
Caption:  Order Authorizing the Employment and Retention of Gilbert LLP as Special Insurance Counsel to the Official Committee of Asbestos Claimants, *Nunc Pro Tunc* as of September 26, 2018

---

Upon consideration of the application (the "Application") of the Official Committee of Asbestos Claimants (the "Committee") for entry of an order authorizing the employment and retention of Gilbert LLP ("Gilbert") as Special Insurance Counsel to the Committee, *nunc pro tunc* as of September 26, 2018, and upon consideration of the Quinn Declaration in support of the Application; and the Court being satisfied, based on representations made in the Application that (i) Gilbert has no connection with the Debtors, their creditors, any party in interest, their current respective attorneys or professionals, the United States Trustee or any person employed in the office of the United States Trustee, and does not represent any entity having an adverse interest to the Debtors in connection with the Debtors' chapter 11 cases, except as set forth in the Quinn Declaration; (ii) Gilbert is a "disinterested person" as that phrase is defined in § 101(14) of the Bankruptcy Code; (iii) neither Gilbert, nor its professionals, have any connection with the Debtors, their creditors or any other party in interest; (iv) Gilbert's employment is necessary and in the best of the Committee; and (v) the Court having jurisdiction over this matters pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title* 11 of the United States District Court for the District of New Jersey dated September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Application being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberations and sufficient cause appearing therefore:

Page: 3
Debtors: Duro Dyne National Corp., et al.
Case No: 18-27963 (MBK)
Caption: Order Authorizing the Employment and Retention of Gilbert LLP as Special Insurance Counsel to the Official Committee of Asbestos Claimants, *Nunc Pro Tunc* as of September 26, 2018

---

**IT IS HEREBY ORDER THAT**:

1. The Application is **GRANTED** as set forth herein.

2. The Committee is authorized to employ and to retain Gilbert LLP to serve as insurance counsel to the Committee in these chapter 11 cases, *nunc pro tunc* as of September 26, 2018.

3. Gilbert LLP shall be compensated in accordance with §§ 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursement incurred.

4. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Order.