| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Jeffrey D. Prol, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtors and*<br>*Debtors-in-Possession* | **Order Filed on December 18, 2018**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>Duro Dyne National Corp., *et al.*[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-27963 (MBK)<br><br>(Jointly Administered) |

**ADMINISTRATIVE FEE ORDER ESTABLISHING CERTAIN PROCEDURES FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF <u>EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT</u>**

　　　　　　　The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED.**

**DATED: December 18, 2018**

　　　　　　　　　　　　　　　　　　　　Honorable Michael B. Kaplan
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Page 2
Debtor:     Duro Dyne National Corp., *et al.*
Case No:    18-27963 (MBK)
Caption:    Administrative Fee Order Establishing Certain Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

_____

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an administrative order pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in this case pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

    (a) Monthly fee statement.
        (1) All timekeepers must maintain contemporaneously time entries for each individual in increments of tenths (1/10th) of an hour.

        (2) No earlier than the 15th day of the month following the month for which compensation is sought, each Professional

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Case 18-27963-MBK    Doc 345    Filed 12/18/18    Entered 12/18/18 14:41:51    Desc Main
Document    Page 3 of 5

Page 3
Debtor:     Duro Dyne National Corp., *et al.*
Case No:    18-27963 (MBK)
Caption:    Administrative Fee Order Establishing Certain Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

___

seeking compensation under this Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement on the following parties:

 (A) the Debtors;

 (B) counsel for the Debtors;

 (C) counsel for the Official Committee of Asbestos Claimants;

 (D) counsel for the Legal Representative:

 (E) counsel for 4 Site, LLC;

 (F) the Office of the United States Trustee;

 (G) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 200; and

 (H) any other party designated by the Court.

(3) Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court;

(4) All Monthly Fee Statements must comply with Local Bankruptcy Rule 2016-1(a).

(b) <u>Objections</u>.

(1) An objection to a monthly fee statement must be filed and served on the Professional and the parties listed in subdivision (a)(1) not later than 10 days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(2) The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not.

Page 4
Debtor: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Administrative Fee Order Establishing Certain Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

___

(3) The decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

(c) Payment.

(1) On the expiration of the objection deadline under subdivision (b), a Professional may file and serve on the parties listed in subdivision (a)(1) Local Form *Certification of No Objection or Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. The Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection.

(2) If the parties resolve an objection and if the Professional files and serves on the parties listed in subdivision (a)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (c)(1) that portion of the monthly fee statement which is no longer subject to an objection.

(3) If the parties are unable to reach a resolution of the objection not later than 10 days after the date on which an objection is filed and served for filing an objection under subdivision (b), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

(4) The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise; and

Case 18-27963-MBK    Doc 345    Filed 12/18/18    Entered 12/18/18 14:41:51    Desc Main
Document    Page 5 of 5

Page 5
Debtor: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Administrative Fee Order Establishing Certain Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court

___

  (5) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

 (d) <u>Fee application</u>.

  (1) A Professional who has received monthly payments under the administrative fee order must, at four (4) month intervals or such other intervals directed by the Court, file and serve on the parties listed in subdivision (a)(1) an interim application under § 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period.

  (2) The interim fee application must include a summary of the monthly fee statements that are the subject of the request and any other information requested by the Court.

  (3) Any professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under this order until such time as the Interim Fee Application is submitted.

3. The Debtors shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each Professional.

4. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

6. Nothing in this Order shall modify the procedures set forth in the Order Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals dated November 1, 2018.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.