| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | **FILED**<br>JEANNE A. NAUGHTON, CLERK<br>JAN 14 2019<br>U.S. BANKRUPTCY COURT<br>TRENTON, NJ<br>BY_____ DEPUTY |
| **LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Jeffrey D. Prol, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>(973) 597-2500 (Telephone)<br>(973) 597-2400 (Facsimile)<br><br>*Counsel to the Debtors and Debtors-in-Possession* | |
| In re:<br><br>Duro Dyne National Corp., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-27963 (MBK)<br><br>(Jointly Administered) |

## STIPULATION AND ORDER
## PERMITTING PENSION BENEFIT GUARANTY CORPORATION
## TO FILE CONSOLIDATED PROOFS OF CLAIM UNDER ONE CASE NUMBER

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

_____
MICHAEL B. KAPLAN,
USBJ

1/14/2019

Page: 2
Debtors: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Stipulation And Order Permitting Pension Benefit Guaranty Corporation To File Consolidated Proofs Of Claim Under One Case Number

---

**WHEREAS**, on September 7, 2018, the Debtors[2] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court");

**WHEREAS**, by an order entered on September 11, 2018, the Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 18-27963 (MBK);

**WHEREAS**, pursuant to D.N.J. LBR 3003-1, a general bar date was set not later than 90 days after the original date set for the meeting of creditors under § 341(a) of the Bankruptcy Code ("Local Rule Bar Date");

**WHEREAS**, on September 17, 2018, the Debtor served the Notice of Commencement of Chapter 11 Bankruptcy Cases and the Meeting of Creditors (the "Notice of Case Commencement") which noted that pursuant to the Local Rule Bar Date, January 8, 2018, was the general bar date to file a proof of claim against any of the Debtors;

**WHEREAS**, PBGC believes that each Debtor either sponsors a defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §§ 1301-1461 (2012 & Supp. IV 2016), or is a member of such sponsor's controlled group as defined in 29 U.S.C. § 1301(a)(14). PBGC is the United States government corporation that administers the Title IV defined benefit pension plan termination insurance program;

---

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Joint Application.

Page: 3
Debtors: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Stipulation And Order Permitting Pension Benefit Guaranty Corporation To File Consolidated Proofs Of Claim Under One Case Number

---

**WHEREAS**, the Debtors and PBGC (the "Parties") have identified the Duro Dyne National Corp. Pension Plan (the "Pension Plan") as a pension plan in the Duro Dyne National Corp. controlled group that is covered by Title IV of ERISA;

**WHEREAS**, PBGC has concluded that it must file three separate proofs of claim against each Debtor with respect to the Pension Plan, representing contingent and other claims for which PBGC asserts that the Debtors are jointly and severally liable to the Pension Plan and to PBGC under 29 U.S.C. §§ 1082, 1307 and 1362; and because five Debtors have filed for chapter 11 protection to date, PBGC would be required to file fifteen separate proofs of claim; and filing and administering these multiple proofs of claim would impose a significant and unnecessary administrative burden on the Debtors, the claims agent, PBGC, and the Court;

**WHEREAS**, the Parties have determined that entering this Stipulation and Consent Order (the "Stipulation") is in the best interests of the Debtors, their estates, and their creditors; and this Court having reviewed the Stipulation; and sufficient cause appearing therefore;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** between the Parties that:

1. The relief sought in the Joint Application is hereby approved.

2. Notwithstanding anything in the Notice of Case Commencement, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey that would otherwise require PBGC to file a separate proof of claim against each Debtor on account of each claim asserted against such entity, the Parties agree that any proof of claim or amendment thereto filed in Case No. 18-27963 (MBK) by PBGC on its own behalf, or on behalf of the Pension Plan,

Page: 4
Debtors: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Stipulation And Order Permitting Pension Benefit Guaranty Corporation To File Consolidated Proofs Of Claim Under One Case Number

---

shall be deemed to be filed in Case No. 18-27963 (MBK) and in each of the cases of the four other debtor affiliates being jointly administered under Case No. 18-27963 (MBK). Consequently, each proof of claim PBGC filed under Case No. 18-27963 (MBK) shall represent a proof of claim asserted against each of the five Debtors.

3. Any proof of claim, or amendment thereto, filed by PBGC in Case No. 18-27963 (MBK) will be deemed to constitute the filing of such proof of claim in the cases of the other Debtors, provided that the basis for the assertion of a claim against each specific Debtor shall be set forth in the proof of claim to the same extent as would be required if separate proofs of claim were being filed in each case.

4. This Stipulation is intended solely for the purpose of administrative convenience and, except to the extent expressly set forth, shall not affect the substantive rights of any of the Debtors, any affiliate of Duro Dyne National Corp., PBGC, or any other party in interest, including the right to object to or defend any asserted PBGC claim. Without limiting the foregoing, the rights of the Debtors, PBGC, and all other parties in interest with respect to the allowance, disallowance, amount, or priority of PBGC's asserted claims or any objection, defense, offset or counterclaim with respect thereto are preserved. Nothing in the Stipulation constitutes an admission of fact or liability with respect to any asserted claims or proofs of claim that may be filed by or on behalf of the PBGC or the Pension Plan. Debtors specifically reserve all objections to the substance of PBGC's proofs of claim or amendments thereto, and nothing in this Stipulation or the Joint Application shall constitute a waiver of the Debtors' rights to contest the PBGC's proofs of claim, including but not limited to their right to object to such amendments on any grounds not inconsistent with this Stipulation.

Page: 5
Debtors: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Stipulation And Order Permitting Pension Benefit Guaranty Corporation To File Consolidated Proofs Of Claim Under One Case Number

---

5. If PBGC determines that it must file a proof of claim against any future Duro Dyne National Corp. debtor affiliate, the Debtors and PBGC may enter into an agreement under which any proof of claim that PBGC files in Case No. 18-27963 (MBK) shall be deemed to be filed in the Duro Dyne National Corp. affiliate's case. Such agreements will be binding without further order of the Court.

6. Unless the Parties expressly agree otherwise, the Stipulation shall also apply to any amended proofs of claim filed by PBGC. The Debtors hereby reserve all rights with respect to such amendments, including but not limited to their right to object to such amendments on any grounds not inconsistent with this Stipulation.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

| | |
|---|---|
| **PENSION BENEFIT GUARANTY CORPORATION** | **LOWENSTEIN SANDLER LLP** |
| /s/ *Jordan E. Jacobson* | /s/ *Jeffrey D. Prol* |
| Joel W. Ruderman, Assistant General Counsel | Kenneth A. Rosen, Esq. |
| Jordan E. Jacobson, Attorney | Jeffrey D. Prol, Esq. |
| Office of the General Counsel | One Lowenstein Drive |
| 1200 K Street NW | Roseland, New Jersey 07068 |
| Washington, DC 20005-4026 | (973) 597-2500 (Telephone) |
| Telephone: (202) 326-4020 ext. 6511 | (973) 597-2400 (Facsimile) |
| Email: jacobson.jordan@pbgc.gov | |
| *Counsel to Pension Benefit Guaranty Corporation* | *Counsel to the Debtors and Debtors-in-Possession* |
| Dated: January 4, 2019 | Dated: January 4, 2019 |