THE LAW OFFICE OF JOHN A.
FIALCOWITZ, LLC
John A. Fialcowitz, Esq.
89 Headquarters Plaza
North Suite 1216
Morristown, NJ 07960
Telephone (973) 532-7208
Email: john@fialcowitzlaw.com

CAPLIN & DRYSDALE, CHARTERED
James P. Wehner, Esq.
(admitted *pro hac vice*)
Jeffrey A. Liesemer, Esq.
(admitted *pro hac vice*)
One Thomas Circle, N.W.
Washington, DC 20005
Telephone:  (202) 862-5000
Facsimile: (202) 429-3301
jwehner@capdale.com
jliesemer@capdale.com

*Counsel to the Asbestos Claimants Committee*

LOWENSTEIN SANDLER LLP
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile:  (973) 597-2400
krosen@lowenstein.com
jprol@lowenstein.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al*.[1] | Case No. 18-27963 MBK |
| Debtors. | (Jointly Administered) |
| | Hearing Date: January 31, 2019 10:00am |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS AND
THE DEBTORS TO MOTION OF MIDSTATES REINSURANCE CORPORATION FOR
<u>ENTRY OF AN ORDER REQUIRING COMPLIANCE WITH RULE 2019</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

The Official Committee of Asbestos Claimants (the "**Committee**") and the Debtors and debtors-in-possession (the "**Debtors**"), and by and through their undersigned counsel, hereby oppose and object to the Motion of MidStates Reinsurance Corporation, f/k/a Mead Reinsurance Corporation ("**MidStates**"), for Entry of an Order Requiring Compliance with Rule 2019 [Dkt. No. 362], filed Jan. 4, 2019 (the "**Motion**").

## ARGUMENT

MidStates seeks to compel all asbestos plaintiffs firms to "comply" with Federal Rule of Bankruptcy Procedure 2019 by filing Rule 2019 statements, and to invalidate ballots from any firm that does not. MidStates' Motion, however, is based on an out-of-date understanding of Rule 2019. Rule 2019 was amended in 2011. Under the current version of the rule, law firms that represent asbestos claimants simply voting on the Plan are ***not*** required to file a Rule 2019 statement and have not been required to do so in asbestos bankruptcies for nearly a decade. Such firms are, therefore, already fully in compliance with Rule 2019. MidStates' motion should be denied.

Prior to the amendments to Rule 2019, asbestos plaintiffs firms did routinely file Rule 2019 statements in asbestos bankruptcies. However, in 2011, the rule was narrowed in one critical respect. Where before the rule simply required firms "representing" more than one creditor or equity security holder to file a statement, leaving that word undefined, the revised rule expressly defines "represents" as follows:

> "Represent" or "represents" means to take a position before the court or to solicit votes regarding the confirmation of a plan on behalf of another.

Fed. R. Bankr. P. 2019(a)(2). This effectively limits the obligation of filing a Rule 2019 statement to firms actively participating in a case. The advisory committee notes explain further:

> [A]n attorney who is retained and consulted by a creditor or equity security holder to monitor the case, but who does not advocate any position before the court or engage in solicitation activities on behalf of that client, does not represent the creditor or equity security holder for purposes of this rule.

Collier on Bankruptcy App. ¶ 2019[3] (Richard Levin & Henry J. Sommer eds., 16th ed. 2018). Representation, then, is limited to certain specified activities. It does not include simply voting or filing proofs of claim. "The term does not include filing proofs of claim or advising a group that takes no positions in court and does no more than vote on a plan of reorganization." Collier on Bankruptcy ¶ 2019.02 (16th ed. 2018). *See also In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 298 (D. Del. 2013) (noting "relaxed" disclosure requirements of revised Rule 2019).

After the rule was revised in 2011, bankruptcy courts with then-pending asbestos bankruptcies entered orders making clear that asbestos plaintiffs firms no longer had to file Rule 2019 statements in the normal course. *See, e.g.*, Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, at 1–2, *In re Garlock Sealing Techs. LLC*, No. 10-31607 (Bankr. W.D.N.C. Mar. 16, 2012), ECF No. 2037 ("[I]n light of the recent revisions to Rule 2019 . . . any such entity or committee that filed a statement pursuant to the previous 2019 order need not file any statement or supplement except as required by Rule 2019."); Modified Order Requiring Filing of Statements Pursuant to Fed. R. Bank. P. 2019, *In re W.R. Grace & Co.*, No. 01-1139 (Bankr. D. Del. Aug. 14, 2012), ECF No. 29454 (same).

Asbestos personal injury firms which merely represent multiple plaintiffs that will vote on a plan have not been required to file Rule 2019 statements in asbestos bankruptcies since the 2011 revision.[2] Thus, for example, in *In re Yarway Corporation*, No. 13-11025 (Bankr. D. Del.), an asbestos bankruptcy filed in Delaware in 2013 that went out for a vote by asbestos claimants in

---

[2] All of MidStates' citations pre-date the 2011 revision, further evidence that this motion was based on an outdated interpretation of Rule 2019's requirements. The only post-2011 citation is to an unpublished order in a small Washington asbestos bankruptcy case, *In re Fraser's Boiler Serv. Inc.*, requiring 2019 filings from certain law firms, which was entered unopposed.

2015, no asbestos plaintiff firm filed a Rule 2019 statement.  Likewise, in the recently-filed large and actively-litigated asbestos bankruptcies *Kaiser Gypsum* and *Bestwall* in North Carolina, no Rule 2019 statements have been filed by asbestos plaintiff firms.  In short, Rule 2019 simply no longer requires a firm not actively participating in a case to file a Rule 2019 statement.  MidStates' Motion fails because Rule 2019 no longer supports its argument.

In addition to the lack of any legal foundation for MidStates' motion, there is no practical reason to exhume a dead version of Rule 2019.  The Class 7 Ballots approved here already require claim-specific information to be provided, and MidStates raised no objection to the form of those ballots when those were before the Court.  It is thus apparent that MidStates is simply threatening to impose additional costs and procedural burdens on asbestos claimants who would vote on the Plan and thereby suppress votes.  The Court should not countenance this tactic.

## **CONCLUSION**

For the reasons set forth above, this Court should deny the Motion.

| | |
|---|---|
| Dated: January 24, 2019 | Respectfully submitted, |
| THE LAW OFFICE OF JOHN A. FIALCOWITZ, LLC | LOWENSTEIN SANDLER LLP |
| /s/ John A. Fialcowitz<br>John A. Fialcowitz, Esq.<br>89 Headquarters Plaza<br>North Suite 1216<br>Morristown, NJ 07960<br>Telephone: (973) 532-7208<br>Facsimile: (973) 993-1857 | /s/ Jeffrey D. Prol<br>Kenneth A. Rosen, Esq.<br>Jeffrey D. Prol, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400 |
| — and — | *Counsel to the Debtors and Debtors in Possession* |
| CAPLIN & DRYSDALE, CHARTERED<br>James P. Wehner, Esq.<br>Jeffrey A. Liesemer, Esq.<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301 | |
| *Counsel to the Asbestos Claimants Committee* | |