| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**Duane Morris LLP**<br>Sommer L. Ross, Esq. (004112005)<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801-1659<br>T: (302) 657-4951<br>F: (302) 657-4901<br><br>Jeff D. Kahane, Esq. (*Pro Hac Vice*)<br>865 South Figueroa Street, Suite 3100<br>Los Angeles, CA 90017-5450<br>T: (213) 689-7431<br>F: (213) 403-6372<br><br>**London Fischer LLP**<br>James T.H. Deaver, Esq. (*Pro Hac Vice*)<br>59 Maiden Lane, 39th Floor<br>New York, New York 10038<br>Telephone: (212) 331-9580<br>Fax:  (212) 972-1030<br><br>*Co-Counsel to MidStates Reinsurance Corporation,*<br>*f/k/a Mead Reinsurance Corporation* |

| | |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*,[1] | (Jointly Administered) |
| Debtors. | Case No. 18-27963 (MBK) |

**RESPONSE OF MIDSTATES REINSURANCE CORPORATION, *F/K/A* MEAD REINSURANCE CORPORATION, TO THE PLAN PROPONENTS' OPPOSITION TO THE NORTH RIVER INSURANCE COMPANY'S MOTION FOR TEMPORARY ALLOWANCE OF ITS CLAIMS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

MidStates Reinsurance Corporation, *f/k/a* Mead Reinsurance Corporation ("MidStates"), a party-in-interest in the above-captioned jointly administered chapter 11 cases, hereby respectfully replies to *Plan Proponents' Opposition to the North River Insurance Company's Motion for Temporary Allowance of its Claims* [Doc. No. 409] ("Rule 3018 Opposition"). In support of thereof, MidStates respectfully states as follows:

1. The Rule 3018 Opposition states: "Here, the applicable North River policies (and, in fact, all of the Debtors' other insurance policies) contain language requiring all sums allocation." *Id*. at 3. The Rule 3018 Opposition also argues that the Court should estimate North River's claims at zero because the Plan Proponents contend that all sums allocation applies to the North River policies. *Id.* at 7-14. The question of allocation is a key question pending before the New York state court. However, MidStates policies are not before the Court.

2. On January 24, 2019, MidStates filed its *Response to The North River Insurance Company's Motion Pursuant to Bankruptcy Rule 3018 for Temporary Allowance of its Proof of Claim* ("Response"). In the Response, MidStates asked the Court to include insurance neutrality language in any order resolving the Rule 3018 Motion to ensure that its rights are not affected. The arguments in the Rule 3018 Opposition emphasize the concerns MidStates raised in the Response regarding possible prejudice to its rights. The Court should ensure that no other Court interprets the Court's order resolving the Rule 3018 Motion as a determination of insurance coverage issues applicable to MidStates in any way. Thus, the Court should include in any such order the following insurance neutrality language, as set forth in the Response:

> ORDERED that notwithstanding anything in this Order or the Motion, nothing in this Order or the Motion (including any other provision that purports to be preemptory or supervening) shall in any way operate to impair, or have the effect of impairing, MidStates' legal, equitable or contractual rights in any respect. The rights of MidStates shall be determined under the MidStates Policies.

3. The Plan Proponents also argue that North River's claims are contingent, therefore they may be disallowed pursuant to 11 U.S.C. § 502(e)(1)(B). If the Court were to find this argument appealing, there would be no reason to address the allocation issue raised in the Rule 3018 Opposition.

4. Finally, because MidStates did not file a proof of claim in this case, and the interpretation of the contractual language in MidStates' policies is a question of state law, it does not come within the Court's core jurisdiction. *Halper v. Halper,* 164 F.3d 830, 836 (3d Cir. 1999); *see also In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996); *In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261, 267 (3d Cir. 1991). Such question should be expressly excluded from any final order resolving the Rule 3018 Motion.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

For the foregoing reasons, MidStates respectfully requests that any order entered by this Court on the Rule 3018 Motion contain the foregoing insurance neutrality language clarifying that such order shall not adversely affect MidStates' rights, and grant such other and further relief it deems just and proper.

                                            Respectfully submitted,

Dated: January 28, 2019              /s/ Sommer L. Ross
DUANE MORRIS LLP
Sommer L. Ross, Esq. (NJ Bar No. 004112005)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
E-mail: slross@duanemorris.com

Jeff D. Kahane, Esq. (*Pro Hac Vice*)
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7431
Facsimile: (213) 403-6372
E-mail: JKahane@duanemorris.com

LONDON FISCHER LLP
James T.H. Deaver, Esq. (*Pro Hac Vice*)
59 Maiden Lane, 39th Floor
New York, New York 10038
Telephone: (212) 331-9580
Fax: (212) 972-1030
E-mail: jdeaver@LondonFischer.com

*Co-Counsel for MidStates Reinsurance Corporation, f/k/a Mead Reinsurance Corporation*