**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.*[1] | Case No. 18-27963 (MBK) |
| Debtors. | (Jointly Administered) |

**APPLICATION IN SUPPORT OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY THE NORTH RIVER INSURANCE COMPANY**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or the "Debtors"), by and through their undersigned counsel, file this objection (the "Objection"), pursuant to sections 105(a), 502(b) and 502(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order, substantially in the form submitted herewith, reducing and/or disallowing the claims filed by The North River Insurance Debtors ("North River"). In support of this Objection, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984 and amended on September 18, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105(a), 502(b) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

### A. General Background

3. On September 7, 2018 (the "Petition Date")[2], each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the bankruptcy code.

5. On September 26, 2018, the Office of the United States Trustee appointed an Official Committee of Asbestos Claimants (the "Committee").

6. A detailed description of the Debtors' business and the facts surrounding the commencement of the chapter 11 cases is set forth in the Declaration of Randall S. Hinden in Support of Chapter 11 Petitions *and First Day Pleadings* [Docket No. 3], which is incorporated herein by reference.

7. The Debtors filed a Second Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., under Chapter 11 of the Bankruptcy Code, on November 16,

---

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Plan.

2018 (Docket No. 279) ("Plan"). The Confirmation Hearing is scheduled to begin on March 6, 2019.

8. On January 11, 2019, North River filed a *Motion Pursuant to Bankruptcy Rule 3018 for Temporary Allowance of Its Proofs of Claim*[3] (the "3018 Motion") [Dkt. No. 368]. The Debtors and other Plan Proponents filed an objection to the Motion on January 25, 2019 (the "3018 Objection") [Dkt. No. 409]. A hearing on the 3018 Motion is scheduled for January 31, 2019.

### B. North River's Claims

9. On January 8, 2019, North River filed separate proofs of claim against each of the Debtors asserting claims totaling $32,881,224.86 (the "Claim(s)").[4] The Claims are broken out as:

> Class 6 (Prepetition Defense Costs) - $7,889,058.07
>
> Class 7 (Prepetition Indemnity Costs) - $462,166.79
>
> Class 7 (Post-Confirmation Defense and Indemnity Costs) - $24.53 million

North River alleges that the Claims also arise out of legal theories such as breach of contract, rejection damages, setoff and recoupment, restitution, indemnification, and subrogation.

10. North River's Claims are the subject of insurance coverage litigation pending in the Supreme Court of the State of New York, County of Suffolk (the "Coverage Action" and "Coverage Court" respectively). The Debtors have objected to and strongly dispute North River's arguments in the Coverage Action.

---

[3] Under the solicitation procedures approved by this Court, North River was given a temporarily allowed voting amount of $1,036,135.95 for its asserted claim in Class 6 of the Plan (Prepetition Defense-Cost Contribution Claims). This amount is based on the amount North River is seeking for prepetition defense costs in the Coverage Action. Notwithstanding, North River has asked this Court to estimate its claim for voting purposes at $7,889,058.07.

[4] North River filed Claim No. 30 in the main case, Case No. 18-27963, and duplicate claims (claim nos. 31-34) in each of the four (4) affiliated cases.

### C. The Coverage Action[5]

11. On September 19, 2013, North River commenced the Coverage Action against the Debtors and the other Asbestos Insurers in New York state court seeking to limit its coverage obligations to the Debtors in connection with the Asbestos Personal Injury Claims. The Coverage Action is currently stayed pursuant to § 362 until March 1, 2019 pursuant to this Court's order.

12. North River and the other Asbestos Insurers argue that the Debtors are obligated to reimburse them for a share of the defense and indemnity costs attributable to asbestos personal injury claims asserted against the Debtors, including more than $1 million in past defense costs. The Debtors disagree with the Asbestos Insurers as to the validity and amount of their asserted claims for reimbursement or contribution of indemnity and defense costs and believe that such claims lack merit.

13. Nevertheless, in an effort to deal comprehensively with any and all claims asserted against the Debtors, including those claims that the Debtors disputes, the Plan Proponents classified the Asbestos Insurers' alleged claims for reimbursement or contribution of past defense costs as Prepetition Defense-Cost Reimbursement Claims and placed them in Class 6 under the Plan. Any other claims of the Asbestos Insurers for reimbursement or contribution of asbestos-related indemnity payments and postpetition defense costs are included in, and treated as, Class 7 Channeled Asbestos Claims.

14. These legal issues have been briefed and are scheduled for oral argument before the Coverage Court on March 18, 2019.

**RELIEF REQUESTED**

15. For the reasons set forth herein, as well as those set forth in the 3018 Objection[6], the Debtors request entry of an order reducing and/or disallowing the Claims in full.

---

[5] For a comprehensive description of the Coverage Action, the Court is respectfully referred to Article IV, sections B & C of the Debtors' Second Amended Disclosure Statement filed on November 16, 2018 [Dkt. No. 278].

[6] To the extent applicable, the Debtors' arguments in the 3018 Objection are incorporated as if set forth in full herein.

**ARGUMENT**

16. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

17. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of the *prima facie* validity, however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (quoting *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988)). The failure to allege sufficient facts in support of a claim deprives the claim of *prima facie* validity. *In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

18. In addition, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Allegheny Int'l*, 954 F.2d at 173-74. Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See id.* at 174; *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted). The burden of persuasion with respect to the validity of a claim is always on the claimant. *In re Allegheny Int'l*, 954 F.2d at 174.

19. In these Chapter 11 Cases, North River's Claims are highly speculative and inflated estimates that have no basis in fact or law. North River's Claims depend wholly on the Coverage Court's acceptance of North River's unfounded assertion that the applicable method of

allocation under the Debtors' policies is "pro rata," not "all sums." Yet New York law squarely holds that the language of the applicable policies determines whether the allocation should be all sums or pro rata. *Keyspan Gas E. Corp. v. Munich Reinsurance Am., Inc.*, 96 N.E.3d 209, 209–13 (N.Y. 2018) (citing *In re Viking Pump, Inc.*, 52 N.E.3d 1144 (N.Y. 2016)). Here, the applicable North River policies (and, in fact, all of the Debtors' other insurance policies) contain language requiring all sums allocation. Additionally, North River's Class 7 claim for post-confirmation defense costs suffers from other infirmities including an insurance company's well-established duty under New York law to provide a complete defense to its policyholder. *General Star Indem. Co. v. Driven Sports, Inc.*, 80 F. Supp. 3d 442, 461 (E.D.N.Y. 2015). Moreover, the Claim is contingent and therefore must be disallowed under § 502(e)(1)(B).

20. In sum, the Debtors' objections to North River's Claims are set forth below:

| Claim Type | Basis of Objection |
|---|---|
| Defense Costs Incurred Pre-Petition | The Debtors' alleged duty to repay North River for asbestos-related prepetiton indemnity and defense costs remains an open and unresolved issue, is disputed by the Debtors, and is the subject of cross-motion practice stayed by the Debtors' Chapter 11 Cases. In addition, although North River filed a Claim in the amount of $7,889,058.07, North River only seeks $1,036,135.95 for prepetition defense costs in the Coverage Action. |
| Indemnity Costs Incurred Pre-Petition | The Debtors' alleged duty to repay North River for asbestos-related prepetiton indemnity and defense costs remains an open and unresolved issue, is disputed by the Debtors, and is the subject of cross-motion practice stayed by the Debtors' Chapter 11 Cases**.** The Debtors object to this Claim in full because an "all sums", not "pro rata", allocation is required by the policies and under New York state law. This means |

| | |
|---|---|
| | all defense and indemnity costs are covered costs under the policies of Debtors' choosing. |
| Contingent, Unliquidated Defense Costs To Be Incurred Post-Confirmation | North River's post-petition defense cost Claims are contingent, unliquidated and disputed by the Debtors in the Coverage Action. First, an "all sums", not "pro-rata", allocation is required by the policies and under New York state law. This means all defense and indemnity costs are covered costs under the policies of Debtors' choosing. Any speculative, future "overpaid" amounts should be sought in contribution from other Asbestos Insurers, not from Debtors. Additionally, current New York law requires North River to provide Debtors with a "complete defense," and the language of the insurance policies does not specify that North River has a right to recover defense costs from the Debtors. Finally, the Claims fail under § 502(e)(1)(B). |
| Contingent Indemnity Costs To Be Incurred Post-Confirmation | North River's post-petition indemnity cost Claims are contingent, unliquidated and disputed by the Debtors in the Coverage Action. First, an "all sums", not "pro-rata", allocation is required by the policies and under New York state law. This means all defense and indemnity costs are covered costs under policies of Debtors' choosing. Any speculative, future "overpaid" amounts should be sought in contribution from other Asbestos Insurers, not from Debtors. Finally, the Claims fail under § 502(e)(1)(B). |
| Breach Of Contract | Breach of contract claims should have been raised in the Coverage Action and are therefore waived. |
| Rejection Damages | Pursuant to the Plan, the Asbestos Insurance Policies and any related coverage-in-place agreements are not executory contracts under section 365 of the Bankruptcy Code and will not be treated as such under the Plan |
| Setoff And Recoupment | The Debtors' alleged duty to repay North River for asbestos-related prepetiton |

| | |
|---|---|
| | indemnity and defense costs remains an open and unresolved issue, is disputed by the Debtors, and is the subject of cross-motion practice stayed by the Debtors' Chapter 11 Cases. All sums allocation is required by the policies and proper under New York State law and means all defense and indemnity costs are covered costs under policies of Debtors' choosing. Any "overpaid" amounts should be sought in contribution from other Asbestos Insurers, not from Debtors. |
| Restitution From Debtor For Amounts Paid By North River | The Debtors' alleged duty to repay North River for asbestos-related prepetiton indemnity and defense costs remains an open and unresolved issue, is disputed by the Debtors, and is the subject of cross-motion practice stayed by the Debtors' Chapter 11 Cases. All sums allocation is required by the policies and proper under New York State law and means all defense and indemnity costs are covered costs under policies of Debtors' choosing. Any "overpaid" amounts should be sought in contribution from other Asbestos Insurers, not from Debtors. |
| Indemnification | No specific obligations have been identified. Further, nothing in the policies or New York law obligates Debtors to indemnify the Asbestos Insurers. Any such claims should have been raised in the coverage action and are therefore waived. |
| Subrogation | Debtors are not pursuing, and do not anticipate pursuing, any claims to which the Asbestos Insurers may be entitled. |

WHEREFORE, for all the reasons set forth herein and the 3018 Objection, the Debtors request that the Court disallow all Claims set forth by North River in their entirety.

Dated: January 30, 2019                          **LOWENSTEIN SANDLER LLP**

/s/ *Jeffrey D. Prol*
Jeffrey D. Prol
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: jprol@lowenstein.com

*Counsel to the Debtors and Debtors-in-Possession*