UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Order Filed on February 8, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Duro Dyne National Corp.,

      Debtor.

| | |
|---|---|
| Case No.: | 18-27963 (MBK) |
| Adv. No.: | |
| Hearing Date: | January 31, 2019 |
| Judge: | Michael B. Kaplan |

## ORDER GRANTING THE NORTH RIVER INSURANCE COMPANY'S MOTION PURSUANT TO BANKRUPTCY RULE 3018 FOR TEMPORARY ALLOWANCE OF ITS PROOFS OF CLAIM FOR VOTING PURPOSES

The relief set forth on the following page is hereby **ORDERED**.

**DATED: February 8, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The Court having reviewed movant's Motion Pursuant To Bankruptcy Rule 3018 For Temporary Allowance Of Its Proofs Of Claim For Voting Purposes, and the related responses or objections, and oral argument on this motion having been heard on January 31, 2019, and for the reasons set forth on the record on February 8, 2019, it is hereby

ORDERED that the North River Insurance Company's request for temporary allowance of its proofs of claim is GRANTED; and it is further

ORDERED that the North River Insurance Company's proofs of claim with respect to pre-petition defense costs are temporarily allowed for voting purposes as a Class 6 Claim in the amount of $7,889,058.07; and it is further

ORDERED that the North River Insurance Company's proofs of claim (Nos. 30-34) are temporarily allowed for voting purposes: (i) with respect to pre-petition indemnity payments, as a Class 7 Claim in the amount of $462,166.79; and (ii) with respect to post-petition defense costs, as a Class 7 Claim in the amount of $24.53 million; and it is further

ORDERED that the North River Insurance Company's request that the court "revisit requiring proofs of claim of Asbestos Claim holders and/or revisit temporary allowance of such Asbestos Claims" is DENIED.