EXHIBIT A (Amended)

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| N/A | **Exemption from Filing Medical Evidence.** The Trustee, with the consent of the TAC and the FCR, may exempt claimants from the obligation to submit medical evidence or certain types of medical evidence.  [5.6(a)(4)] | N/A |
| N/A | **Debtor Exposure.**  Evidence submitted to establish proof of Debtor Exposure is for the sole benefit of the Asbestos Trust, not third parties or defendants in the tort system. The Asbestos Trust has no need for, and therefore claimants are not required to furnish the Asbestos Trust with, evidence of exposure to specific asbestos products other than those for which a Debtor has legal responsibility, except to the extent such evidence is required elsewhere in this TDP. Similarly, failure to identify a Debtor's products in the claimant's underlying tort action, or to other bankruptcy trusts, does not preclude the claimant from recovering from the Asbestos Trust, provided the claimant otherwise satisfies the medical and exposure requirements of this TDP.  [5.6(b)(3)] | N/A |

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| **Claims Audit Program.** The Asbestos PI Trust, with the consent of the TAC and the Future Claimants' Representative, may develop methods for auditing the reliability of medical evidence, including additional reading of X-rays, CT scans, and verification of pulmonary function tests, as well as the reliability of evidence of exposure to asbestos, including exposure to Unibestos during the period July 1, 1962 - December 31, 1972, or to any other asbestos-containing product with respect to which the Asbestos PI Trust has liability prior to December 31, 1982. In the event that the Asbestos PI Trust reasonably determines that any individual or entity has engaged in a pattern or practice of providing unreliable medical evidence to the Asbestos PI Trust, it may decline to accept additional evidence from such provider in the future.<br><br>Further, in the event that an audit reveals that fraudulent information has been provided to the Asbestos PI Trust, the Asbestos PI Trust may penalize any claimant or claimant's attorney by disallowing the claim or by other means including, but not limited to, requiring the source of the | **Claims Audit Program.** The Asbestos ~~PI~~ Trust, with the consent of the TAC and the ~~Future Claimants' Representative~~FCR, may develop methods for auditing the reliability of medical evidence, including additional reading of X-rays, CT scans~~,~~ and verification of pulmonary function tests, as well as the reliability of evidence of exposure to asbestos, including exposure to ~~Unibestos during the period July 1, 1962 - December 31, 1972, or to any other~~ asbestos-containing ~~product with respect to~~products for which the Asbestos ~~PI~~ Trust has ~~liability prior to December 31, 1982.~~legal responsibility. In the event that the Asbestos ~~PI~~ Trust reasonably determines that any individual or entity has engaged in a pattern or practice of providing unreliable medical evidence to the Asbestos ~~PI~~ Trust, it may decline to accept additional evidence from such provider in the future.<br><br>Further, in the event that an audit reveals that fraudulent information has been provided to the Asbestos ~~PI~~ Trust, the Asbestos ~~PI~~ Trust may penalize any claimant or claimant's attorney by ~~disallowing~~rejecting the ~~claim~~Asbestos Claim or by other means including, but not limited to, requiring | **Audit Program.** The Trustee, after consultation with the CAC and the FCR, shall develop methods for auditing the claims process, including, but not limited to, the evaluation, ordering, processing, and payment of Claims. The Trustee shall also develop methods for auditing Claims themselves, including, but not limited to (i) the reliability of medical evidence, including additional reading of x-rays, CT scans, and verification of pulmonary function tests; (ii) the reliability of evidence of Coltec/GST Product Contact, including, but not limited to, the identification of occupation and industry; (iii) the reliability of evidence of sources of asbestos exposure; and (iv) allocation of the costs of audits. In developing audit methods, the Trustee may consider audit procedures adopted by other Trusts. Once finalized, the Trustee's audit methods shall be implemented by the Settlement Facility. In conducting an audit, the Trustee may request. any relevant non-privileged information, in his or her discretion, including information concerning Other Claims, from a Claimant or Claimant's attorney. The Trustee may require a Claimant whose Claim is being audited to execute a release of information form in favor of the Settlement Facility in the form attached |

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| fraudulent information to pay the costs associated with the audit and any future audit or audits, reordering the priority of payment of all affected claimants' Channeled Asbestos PI Trust Claims, raising the level of scrutiny of additional information submitted from the same source or sources, refusing to accept additional evidence from the same source or sources, seeking the prosecution of the claimant or claimant's attorney for presenting a fraudulent claim in violation of 18 U.S.C. § 152, and seeking sanctions from the Bankruptcy Court.   [5.8] | the source of the fraudulent information to pay the costs associated with the audit and any future audit or audits, reordering the priority of payment of all affected claimants' ~~Channeled~~ Asbestos ~~PI Trust~~ Claims, raising the level of scrutiny of additional information submitted from the same source or sources, refusing to accept additional evidence from the same source or sources, seeking the prosecution of the claimant or claimant's attorney for presenting a fraudulent claim in violation of 18 U.S.C. § 152, and seeking sanctions from the Bankruptcy Court. ~~[5.8]~~[5.7] | as Appendix V. If the Claimant refuses to provide information concerning Other Claims, the Trustee may, in his or her sole discretion, invoke the remedies in this Section 11.   [11.1]<br><br>**Inconsistent Information.** In the event that the Trustee reasonably determines that any individual or Entity has engaged in a pattern or practice of providing inconsistent or unreliable medical or exposure evidence to the Settlement Facility, the Trustee shall decline to accept additional evidence from such provider.   [11.2]<br><br>**Fraud.** In the event that an audit reveals that fraudulent information has been provided to the Settlement Facility, the Trustee shall penalize any Claimant or Claimant's attorney by rejecting the Claim or by other means including, but not limited to, (i) reordering the priority of payment of all affected Claimants' Claims; (ii) raising the level of scrutiny of additional information submitted from the same source or sources; (iii) refusing to accept additional evidence from the same source or sources; (iv) refusing to accept Claims filed by a particular law firm; (v) seeking the prosecution of |

EXHIBIT A (Amended)

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
|  |  | the Claimant or Claimant's attorney for presenting a fraudulent claim in violation of 18 U.S.C. § 152; (vi) seeking sanctions from the Bankruptcy Court; (vii) filing complaints for disciplinary action with appropriate State Bar organizations; and (viii) requiring the source of the fraudulent information to pay the costs associated with the audit and any future audit or audits.  [11.3] |
| **Withdrawal or Deferral of Claims**.  A claimant can withdraw a Channeled Asbestos PI Trust Claim at any time upon written notice to the Asbestos PI Trust and file another claim subsequently without affecting the status of the claim for statute of limitations purposes, but any such claim filed after withdrawal shall be given a place in the FIFO Processing Queue based on the date of such subsequent filing.  A claimant can also request that the processing of his or her Channeled Asbestos PI Trust Claim by the Asbestos PI Trust be deferred for a period not to exceed three (3) years without affecting the status of the claim for statute of limitation purposes, in which case the claimant shall also retain his or her original place in the FIFO Processing Queue. During the period of such deferral, a sequencing adjustment on such | **Withdrawal or Deferral of Claims.**  A claimant can withdraw a Channeledan Asbestos PI Trust Claim at any time upon written notice to the Asbestos PI Trust and file another claim subsequently without affecting the status of the claim for statute of limitations purposes, but any such claim filed after withdrawal shall be given a place in the FIFO Processing Queue based on the date of such subsequent filing. A claimant can also request that the processing of his or her Channeled Asbestos PI Trust Claim by the Asbestos PI Trust be deferred for a period not to exceed three (3two (2) years without affecting the status of the claim for statute of limitations purposes, in which case the claimant shall also retain his or her original place in the FIFO Processing Queue. During the period of such deferral, a sequencing adjustment on such | **Deferral of Claims**. At any time within the first year following the date of the filing of a Claim, the Claimant can request that the processing of his or her Claim by the Settlement Facility be deferred for a period not to exceed one (1) year without affecting the status of the Claim for statute of limitations purposes. When the Claimant certifies to the Settlement Facility that the Claim is ready for review, the Claim shall return to active status and be placed in the FIFO Processing Queue, and the Settlement Facility shall review the Claim when it is reached in the FIFO Processing Queue. If the Claimant fails to certify that the Claim is ready for review before the end of the one-year deferral period, such Claim shall be stricken and not be eligible for payment by the Settlement Facility. [9.1] |

EXHIBIT A (Amended)

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| claimant's PI Trust Claim as provided in Section 7.5 hereunder shall not accrue and payment thereof shall be deemed waived by the claimant. Except for Channeled Asbestos PI Trust Claims held by representatives of deceased or incompetent claimants for which court or probate approval of the Asbestos PI Trust's offer is required, or a claim for which deferral status has been granted, a claim will be deemed to have been withdrawn if the claimant neither accepts, rejects, nor initiates arbitration within six (6) months of the Asbestos PI Trust's written offer of payment or rejection of the claim. Upon written request and good cause, the Asbestos PI Trust may extend either the deferral or withdrawal period for additional six (6) month periods.   [6.3] | claimant's ~~PI Trust~~Asbestos Claim as provided in Section 7.5 hereunder shall not accrue and payment thereof shall be deemed waived by the claimant. Except for ~~Channeled~~ Asbestos ~~PI Trust~~ Claims held by representatives of deceased or incompetent claimants for which court or probate approval of the Asbestos ~~PI~~ Trust's offer is required, or ~~a claim~~an Asbestos Claim for which deferral status has been granted, a claim ~~will~~shall be deemed to have been withdrawn if the claimant neither accepts, rejects, nor initiates arbitration within ~~six (6) months~~one (1) year of the Asbestos ~~PI~~ Trust's written offer of payment or rejection of the claim. Upon written request and good cause, the Asbestos ~~PI~~ Trust may extend ~~either~~ the ~~deferral or~~ withdrawal or deferral period for an additional six ( 6) ~~month periods.~~months.   [6.3] | **Withdrawals.**  If a Claimant withdraws a Claim, such Claim will not be eligible for payment by the Settlement Facility.   [9.2] |

Case 18-27963-MBK    Doc 461    Filed 02/21/19    Entered 02/21/19 11:38:13    Desc Main
Document      Page 6 of 10
EXHIBIT A (Amended)

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| **Confidentiality of Claimants' Submissions.** The Asbestos PI Trust shall take the position that all submissions to the Asbestos PI Trust by a holder of a Channeled Asbestos PI Trust Claim of a proof of claim form and materials related thereto are confidential and are made in the course of settlement discussions between the holder and the Asbestos PI Trust, and intended by the parties to be confidential and to be protected by all applicable state and federal privileges, including but not limited to those directly applicable to settlement discussions. In the event of a challenge or dispute regarding the confidentiality of such claimant submissions, the Asbestos PI Trust shall seek to preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only, with the permission of the holder, to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) or other applicable law, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court, a Pennsylvania State Court or the United States District Court for the Western District of Pennsylvania. Furthermore, the Asbestos PI Trust | **Confidentiality of Claimants' Submissions**. ~~The Asbestos PI Trust shall take the position that all~~All submissions to the Asbestos ~~PI~~ Trust by a holder of ~~a Channeled~~an Asbestos ~~PI Trust~~ Claim ~~of~~, including a proof of claim form and materials related ~~thereto are confidential and are~~hereto, shall be treated as made in the course of settlement discussions between the holder and the Asbestos ~~PI~~ Trust, and intended by the parties to be confidential and to be protected by all applicable state and federal privileges, including but not limited to those directly applicable to settlement discussions. ~~In the event of a challenge or dispute regarding the confidentiality of such claimant submissions, the Asbestos PI Trust shall seek to~~The Asbestos Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only, with the permission of the holder, to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) of the Bankruptcy Code or other applicable law, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court, a ~~Pennsylvania~~Delaware State Court, or the United | **Confidentiality of Claimant Submissions.** All submissions to the Settlement Facility by Claimants, including any materials that the Settlement Facility receives as a result of the utilization of the release of information form attached hereto in Appendix V, shall be treated as confidential by the Settlement Facility. The Settlement Facility will take appropriate steps to preserve the confidentiality of such submissions. The Trustee shall disclose the Claimant submissions with the permission of the Claimant or in response to a valid subpoena. The Settlement Facility shall provide the Claimant or counsel for the Claimant with a copy of any such subpoena promptly after being served. Nothing in these CRP, the Plan or the Settlement Facility Agreement expands, limits or impairs the obligation under applicable law of a Claimant to respond fully to lawful discovery in any underlying civil action regarding his or her submission of factual information to the Settlement Facility for the purpose of obtaining compensation for asbestos-related injuries from the Settlement Facility.   [12.3] |

6

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| shall provide counsel for the holder a copy of any such subpoena immediately upon being served. The Asbestos PI Trust shall on its own initiative or upon request of the claimant in question take all necessary and appropriate steps to preserve said privileges before the Bankruptcy Court, a Pennsylvania State Court or the United States District Court for the Western District of Pennsylvania and before those courts having appellate jurisdiction related thereto.  Nothing in this TDP, the Asbestos PI Trust Agreement, or the Plan expands, limits, or impairs the obligation under applicable law of a claimant to respond fully to lawful discovery in an underlying civil action regarding his or her submission of factual information to the Asbestos PI Trust for the purpose of obtaining compensation for asbestos-related injuries from the Asbestos PI Trust.   [6.5] | States District Court for the ~~Western~~ District of ~~Pennsylvania.~~Delaware.  Furthermore, the Asbestos ~~PI~~ Trust shall provide counsel for the holder a copy of any such subpoena immediately upon being served~~. The Asbestos PI~~; provided, however, that if a subpoena seeks records or information pertaining to more than fifty (50) claimants, the Asbestos Trust may instead first provide a copy of the subpoena to counsel for the TAC and the FCR and delay providing a copy of the subpoena to counsel for individual holders of Asbestos Claims until, in the Trustee's judgment, it appears likely that information or records relating to the holders may have to be produced in response to the subpoena. In such a case, the Asbestos Trust shall ensure that the notice that is provided to counsel for the holders allows such counsel sufficient time to object to the production. The Asbestos Trust shall on its own initiative or upon request of the claimant in question take all necessary and appropriate steps to preserve said privileges before the Bankruptcy Court, a ~~Pennsylvania State Court or the United States District Court for the Western District of Pennsylvania and before those courts having appellate jurisdiction related thereto.  Nothing in~~ | |

7

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| | ~~this TDP, the Asbestos PI Trust Agreement, or the Plan expands, limits,~~ Delaware State Court, or the United States District Court for the District of Delaware and before those courts having appellate jurisdiction related thereto. Notwithstanding anything in the foregoing to the contrary, with the consent of the TAC and the FCR, the Asbestos Trust may, in specific limited circumstances, disclose information, documents or other materials reasonably necessary in the Asbestos Trust's judgment to preserve, litigate, resolve, or settle coverage, or to comply with an applicable obligation under an insurance policy or settlement agreement within the Asbestos Insurance Assets; provided, however, that the Asbestos Trust shall take any and all steps reasonably feasible in its judgment to preserve the further confidentiality of such information, documents and materials, and prior to the disclosure of such information, documents or materials to a third party, the Asbestos Trust shall receive from such third party a written agreement of confidentiality that (a) ensures that the information, documents and materials provided by the Asbestos Trust shall be used solely by the receiving party for the purpose stated in the agreement and (b) | |

8

EXHIBIT A (Amended)

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| | prohibits any other use or further dissemination of the information, documents and materials by the third party except as set forth in the written agreement of confidentiality. Nothing in this TDP, the Plan or the Trust Agreement expands, limits or impairs the obligation under applicable law of a claimant to respond fully to lawful discovery in any underlying civil action regarding his or her submission of factual information to the Asbestos PI Trust for the purpose of obtaining compensation for asbestos-related injuries from the Asbestos PI Trust. [6.5] | |
| N/A | N/A | **Authorization for Release of Information.** Any Claimant seeking Extraordinary Claim Review shall execute a release of information form in favor of the Settlement Facility, in the form attached as Appendix V, authorizing all Trusts against whom an Other Claim has been made or asserted based on the Injured Party's injury to release to the Settlement Facility all information submitted to it by the person or Entity who made the Other Claim and to disclose the status of any such claim and the amount and date of any payment on the claim. The release of information form shall authorize the Settlement Facility to obtain all submissions made |

EXHIBIT A (Amended)

| PITTSBURGH CORNING (Original TDP) | DURO DYNE TDP (Redlined Against Pittsburgh Corning Original TDP) | GARLOCK TDP (Claims Resolution Procedures) |
|---|---|---|
| | | by the Claimant or his heirs, executors, successors, or assigns in the future to any Trust. The Settlement Facility may amend the form attached as Appendix V from time to time to add newly established Trusts. These authorizations will be used not only to verify information provided in connection with particular Claims but also in connection with the Settlement Facility's periodic audits for fraud.   [6.8 ( c )] |