| | | |
|---|---|---|
| LOWENSTEIN SANDLER LLP<br>Kenneth A. Rosen, Esq.<br>Jeffrey D. Prol, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br>krosen@lowenstein.com<br>jprol@lowenstein.com<br><br>*Counsel to the Debtors and Debtors in Possession* | CAPLIN & DRYSDALE, CHARTERED<br>James P. Wehner, Esq.<br>(admitted *pro hac vice*)<br>Jeffrey A. Liesemer, Esq.<br>(admitted *pro hac vice*)<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br>jwehner@capdale.com<br>jliesemer@capdale.com<br><br>*Counsel to the Asbestos Claimants Committee* | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Edwin J. Harron, Esq.<br>Sara Beth A. R. Kohut, Esq.<br>(admitted *pro hac vice*)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6703<br>Facsimile: (302) 576-3298<br>eharron@ycst.com<br>skohut@ycst.com<br><br>*Counsel to the Legal Representative* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

FILED
JEANNE A. NAUGHTON, CLERK
MAR 11 2019
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

| | |
|---|---|
| In re:<br><br>DURO DYNE NATIONAL CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-27963-MBK<br><br>(Jointly Administered) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION OF THE PLAN PROPONENTS PURSUANT TO 11 U.S.C. §§ 107(b) AND 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL CIVIL RULE 5.3 FOR AUTHORITY TO (I) FILE DOCUMENTS UNDER SEAL AND (II) REDACT COMMERCIALLY SENSITIVE, NONPUBLIC INFORMATION**

The relief set forth on the following pages, numbered two (2) through and including six (6) is hereby **ORDERED**.

_____
MICHAEL B. KAPLAN, USBJ

3/11/2019

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:    2
Debtors: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

THIS MATTER having come before the Court on Plan Proponents' motion for an Order pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5.3 of the Local Civil Rules of the U.S. District Court for the District of New Jersey ("Local Rules") to (1) file under seal Exhibit A to the *Plan Proponents' Motion Pursuant To Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, 6004 and 9019(a) for an Order Authorizing and Approving the Debtors' Entry Into a Settlement Agreement With MidStates Reinsurance Corporation and Authorizing the Sale of Policies Free and Clear of Liens, Claims, Interests and Other Encumbrances* (the "9019 Motion"), and (2) redact commercially sensitive information from the publicly-available version of Exhibit A to the 9019 Motion; and

Local Civil Rule 5.3(c) requiring a showing of (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests warranting the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available;

The Court makes the following Findings of Fact and Conclusions of Law, pursuant to Local Civil Rule 5.3(c)(5):

### FINDINGS OF FACT

1.      On September 7, 2018 (the "Petition Date"), the Debtors commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11, Title 11, of the United States Code.

2.      On November 16, 2018, the Debtors filed the Second Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., *et al.*, Under Chapter 11 of the

Page: 3
Debtors: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

Bankruptcy Code (as may be amended, the "Filed Plan") (ECF No. 279), which provides that Asbestos Claims and Demands will be permanently channeled to a trust established under Section 524(g) of the Bankruptcy Code (the "Trust").

3. The Debtors continue to operate their business and manage their property pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. On March 5, 2019, the Debtors and MidStates entered into a settlement agreement (the "Agreement," attached as Exhibit A to the 9019 Motion) to resolve disputes between them in the Coverage Action regarding the extent of MidStates's duty to defend and indemnify the Debtors against asbestos-related bodily injury claims. This Agreement is the subject of the 9019 Motion.

## CONCLUSIONS OF LAW

5. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

6. Pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Page:    4
Debtors:  Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption:  Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

Fed. R. Bankr. P. 9018.

7.    Further, section 105(a) of the Bankruptcy Code grants the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

8.    Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to protect business entities from disclosure of information that reasonably could be expected to cause commercial injury to the entity. *See, e.g., In re Alterra Healthcare Corporation*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citations and quotations omitted). Such information need not rise to the level of a "trade secret" to be protected. *See id.* Bankruptcy courts in particular "must deny access to judicial documents [ ] where an open inspection may be used as a vehicle for improper purposes." *See In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (D. Del. 2018) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

9.    The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2017 U.S. Dist. LEXIS 221058. Local Rule 5.3 governs requests "by a party or parties to seal, or otherwise restrict public access to, any materials filed with the Court[.]" L. Civ. R. 5.3. Pursuant to Local Rule 5.3, good cause for sealing exists when a party makes a particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking closure. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (explaining that "orders of confidentiality . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings").

10.   Courts in this district have permitted the sealing of settlement agreements by

Page:       5
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK)
Caption:    Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

disclosing the "general elements" of those agreements, "while at the same time protecting the confidentiality of the particulars" of the agreement. *See, e.g., Starbucks Corp. v. Wellshire Farms, Inc.*, CIV. 14-0041 NLH/AMD, 2015 WL 1105691, at *3 (D.N.J. Mar. 11, 2015) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

11. Here, the Plan Proponents seek to redact only the settlement amount contained in the Agreement between the Debtors and MidStates (the "Settlement Amount"). If the Settlement Amount is not protected, the Debtors' ability to settle with other insurers for appropriate sums may be seriously impaired, given that those negotiations involve similar, if not identical, issues to those that were settled with MidStates. While the Debtors believe the Settlement Amount represents a reasonable compromise based on the parties' evaluation of their respective positions and their interest in avoiding the delay, uncertainty, and expense inherent in continuing litigation, other insurers may seek to use the Settlement Amount as leverage in their own negotiations with the Debtors. ~~Accordingly, the Settlement Amount constitutes confidential~~ commercial information ~~that falls within the parameters of Local Rule 5.3 and section 107(b) of the Bankruptcy Code.~~ *(MBK)*

12. The Debtors' interest in protecting their confidential information and the Plan Proponents' interest in maximizing the assets available to the Trust through settlements with other insurers outweighs any public interest in the disclosure of the information.

13. Consistent with the standard set forth in *Starbucks Corp.*, the Plan Proponents' proposed approach is the least restrictive means of protecting themselves from commercial injury, as it contemplates redacting only the Settlement Amount on a temporary basis in order to limit the sealed information to the "particulars" of the Agreement requiring strict confidentiality. *See* 2015 WL

Page:        6
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

1105691, at *3.

   **NOW, THEREFORE**, it is, on this 11th day of March, 2019,

   **ORDERED** \* that Debtors' motion to seal Exhibit A to the 9019 Motion is hereby **GRANTED** through and including the effective date of any confirmed plan in this case. (MBK) and it is further

   **ORDERED** that the Clerk of Court shall retain the document under seal.

\* Also incorporated herein is the Court's ruling set forth on record on 3/7/2019

(MBK)