| LOWENSTEIN SANDLER LLP | CAPLIN & DRYSDALE, CHARTERED | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|---|
| Kenneth A. Rosen, Esq. | James P. Wehner, Esq. | Edwin J. Harron, Esq. |
| Jeffrey D. Prol, Esq. | (admitted *pro hac vice*) | Sara Beth A. R. Kohut, Esq. |
| One Lowenstein Drive | Jeffrey A. Liesemer, Esq. | (admitted *pro hac vice*) |
| Roseland, NJ 07068 | (admitted *pro hac vice*) | Rodney Square |
| Telephone: (973) 597-2500 | One Thomas Circle, N.W. | 1000 North King Street |
| Facsimile: (973) 597-2400 | Washington, DC 20005 | Wilmington, DE 19801 |
| krosen@lowenstein.com | Telephone: (202) 862-5000 | Telephone: (302) 571-6703 |
| jprol@lowenstein.com | Facsimile: (202) 429-3301 | Facsimile: (302) 576-3298 |
|  | jwehner@capdale.com | eharron@ycst.com |
|  | jliesemer@capdale.com | skohut@ycst.com |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to the Asbestos Claimants Committee* | *Counsel to the Legal Representative* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

FILED
JEANNE A. NAUGHTON, CLERK
MAR 11 2019
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY _____ DEPUTY

In re:

DURO DYNE NATIONAL CORP., *et al.*,

Debtors.[1]

Chapter 11

Case No. 18-27963-MBK

(Jointly Administered)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION OF THE PLAN PROPONENTS PURSUANT TO 11 U.S.C. §§ 107(b) AND 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL CIVIL RULE 5.3 FOR AUTHORITY TO (I) FILE DOCUMENTS UNDER SEAL AND (II) REDACT COMMERCIALLY SENSITIVE, NONPUBLIC INFORMATION**

The relief set forth on the following pages, numbered two (2) through and including six (6) is hereby **ORDERED**.

/s/ Michael B. Kaplan
MICHAEL B. KAPLAN, USBJ

3/11/2019

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:     2
Debtors:  Duro Dyne National Corp., et al.
Case No.: 18-27963 (MBK)
Caption:  Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

THIS MATTER having come before the Court on Plan Proponents' motion for an Order pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5.3 of the Local Civil Rules of the U.S. District Court for the District of New Jersey ("Local Rules") to (1) file under seal Exhibit A to the *Plan Proponents' Motion Pursuant To Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, 6004 and 9019(a) for an Order Authorizing and Approving the Debtors' Entry Into a Settlement Agreement With MidStates Reinsurance Corporation and Authorizing the Sale of Policies Free and Clear of Liens, Claims, Interests and Other Encumbrances* (the "9019 Motion"), and (2) redact commercially sensitive information from the publicly-available version of Exhibit A to the 9019 Motion; and

Local Civil Rule 5.3(c) requiring a showing of (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests warranting the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available;

The Court makes the following Findings of Fact and Conclusions of Law, pursuant to Local Civil Rule 5.3(c)(5):

## FINDINGS OF FACT

1. On September 7, 2018 (the "Petition Date"), the Debtors commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11, Title 11, of the United States Code.

2. On November 16, 2018, the Debtors filed the Second Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the

Page: 3
Debtors: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

Bankruptcy Code (as may be amended, the "Filed Plan") (ECF No. 279), which provides that Asbestos Claims and Demands will be permanently channeled to a trust established under Section 524(g) of the Bankruptcy Code (the "Trust").

3. The Debtors continue to operate their business and manage their property pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. On March 5, 2019, the Debtors and MidStates entered into a settlement agreement (the "Agreement," attached as Exhibit A to the 9019 Motion) to resolve disputes between them in the Coverage Action regarding the extent of MidStates's duty to defend and indemnify the Debtors against asbestos-related bodily injury claims. This Agreement is the subject of the 9019 Motion.

## CONCLUSIONS OF LAW

5. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

6. Pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

3

Page: 4
Debtors: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

Fed. R. Bankr. P. 9018.

7. Further, section 105(a) of the Bankruptcy Code grants the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

8. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to protect business entities from disclosure of information that reasonably could be expected to cause commercial injury to the entity. *See, e.g., In re Alterra Healthcare Corporation*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citations and quotations omitted). Such information need not rise to the level of a "trade secret" to be protected. *See id.* Bankruptcy courts in particular "must deny access to judicial documents [ ] where an open inspection may be used as a vehicle for improper purposes." *See In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (D. Del. 2018) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

9. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2017 U.S. Dist. LEXIS 221058. Local Rule 5.3 governs requests "by a party or parties to seal, or otherwise restrict public access to, any materials filed with the Court[.]" L. Civ. R. 5.3. Pursuant to Local Rule 5.3, good cause for sealing exists when a party makes a particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking closure. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (explaining that "orders of confidentiality . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings").

10. Courts in this district have permitted the sealing of settlement agreements by

4

Page: 5
Debtors: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

disclosing the "general elements" of those agreements, "while at the same time protecting the confidentiality of the particulars" of the agreement. *See, e.g., Starbucks Corp. v. Wellshire Farms, Inc.*, CIV. 14-0041 NLH/AMD, 2015 WL 1105691, at *3 (D.N.J. Mar. 11, 2015) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

11. Here, the Plan Proponents seek to redact only the settlement amount contained in the Agreement between the Debtors and MidStates (the "Settlement Amount"). If the Settlement Amount is not protected, the Debtors' ability to settle with other insurers for appropriate sums may be seriously impaired, given that those negotiations involve similar, if not identical, issues to those that were settled with MidStates. While the Debtors believe the Settlement Amount represents a reasonable compromise based on the parties' evaluation of their respective positions and their interest in avoiding the delay, uncertainty, and expense inherent in continuing litigation, other insurers may seek to use the Settlement Amount as leverage in their own negotiations with the Debtors. Ac~~cordingly, the Settlement Amount constitutes confidential~~ commercial ~~information that falls within the parameters of Local Rule 5.3 and section 107(b) of the Bankruptcy Code.~~ /MBK/

12. The Debtors' interest in protecting their confidential information and the Plan Proponents' interest in maximizing the assets available to the Trust through settlements with other insurers outweighs any public interest in the disclosure of the information.

13. Consistent with the standard set forth in *Starbucks Corp.*, the Plan Proponents' proposed approach is the least restrictive means of protecting themselves from commercial injury, as it contemplates redacting only the Settlement Amount on a temporary basis in order to limit the sealed /MBK/ information to the "particulars" of the Agreement requiring strict confidentiality. *See* 2015 WL

Page: 6
Debtors: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

1105691, at *3.

NOW, THEREFORE, it is, on this 10th day of March, 2019,

ORDERED* that Debtors' motion to seal Exhibit A to the 9019 Motion is hereby GRANTED through and including the effective date of any confirmed plan in this case. (MBK) and it is further

ORDERED that the Clerk of Court shall retain the document under seal.

* Also incorporated herein is the Court's ruling set forth on record on 3/7/2019

(MBK)

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 18-27963-MBK
Duro Dyne National Corp.                                            Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin              Page 1 of 2           Date Rcvd: Mar 11, 2019
                               Form ID: pdf903          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 13, 2019.
db             +Duro Dyne National Corp.,   100 Horizon Center Boulevard,   Hamilton, NJ 08691-1903

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 13, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 11, 2019 at the address(es) listed below:
              Christina   Salem    on behalf of Interested Party   The North River Insurance Company
               christina.salem@kennedyscmk.com
              Christina   Salem    on behalf of Interested Party   Hartford Accident and Indemnity Company
               christina.salem@kennedyscmk.com
              Daniel   Keller    on behalf of Interested Party Daniel  Keller dkeller@kfjlegal.com
              Daniel   Stolz    on behalf of Creditor   Sheet Metal, Air, Rail & Transportation Workers
               International Association, AFL-CIO dstolz@wjslaw.com,
               dstolz@ecf.inforuptcy.com;msousa@wjslaw.com;btorres@ecf.inforuptcy.com
              Daniel Wagner London, I    on behalf of Interested Party   MidStates Reinsurance Corporation
               dlondon@londonfischer.com
              Denise E. Carlon    on behalf of Loss Mitigation   Shellpoint Mortgage Servicing
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Edwin J Harron    on behalf of Other Prof. Lawrence  Fitzpatrick ,  dlaskin@ycst.com
              Jeffrey A. Cooper    on behalf of Creditor   4 Site, LLC jcooper@rltlawfirm.com,
               cooperatty@aol.com;rgaydos@rltlawfirm.com
              Jeffrey D. Prol    on behalf of Debtor   Duro Dyne National Corp. jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party   Duro Dyne Machinery jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Attorney    Lowenstein Sandler LLP jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne West jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor   Duro Dyne West Corp. jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor   Duro Dyne Machinery Corp. jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne Midwest jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne Corporation jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor   Duro Dyne Corporation jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Other Prof.   Getzler Henrich & Associates, LLC
               jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor   Duro Dyne MidWest Corp. jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Attorney Cort T.  Malone jprol@lowenstein.com,
               tfreedman@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey M. Sponder    on behalf of U.S. Trustee    U.S. Trustee jeffrey.m.sponder@usdoj.gov,
               jeffrey.m.sponder@usdoj.gov

```
District/off: 0312-3          User: admin             Page 2 of 2            Date Rcvd: Mar 11, 2019
                              Form ID: pdf903         Total Noticed: 1


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              John A. Fialcowitz    on behalf of Other Prof.   Charter Oak Financial Consultants, LLC
               john@fialcowitzlaw.com
              John A. Fialcowitz    on behalf of Spec. Counsel   Gilbert LLP john@fialcowitzlaw.com
              John A. Fialcowitz    on behalf of Creditor Committee   Official Committee of Asbestos Claimants
               john@fialcowitzlaw.com
              Jordan E. Jacobson    on behalf of Creditor    Pension Benefit Guaranty Corp
               jacobson.jordan@pbgc.gov, efile@pbgc.gov
              Kami Elizabeth Quinn    on behalf of Creditor Committee   Official Committee of Asbestos Claimants
               quinnk@gotofirm.com
              Karl J. Norgaard    on behalf of Unknown Role Type   Undisclosed Interested Party
               knorgaard@norgaardfirm.com,
               sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com
              Mark S. Lichtenstein    on behalf of Interested Party    Federal Insurance Company
               mlichtenstein@crowell.com,  mplevin@crowell.com;tyoon@crowell.com
              Matthew B. Heimann    on behalf of Creditor   Mestek, Inc. and Mestek Machinery, Inc.
               lrestivo@mccarter.com
              Mitchell  Hausman     on behalf of U.S. Trustee    U.S. Trustee Mitchell.B.Hausman@usdoj.gov
              Scott S. Rever    on behalf of Creditor    Sheet Metal, Air, Rail & Transportation Workers
               International Association, AFL-CIO srever@wjslaw.com,
               srever@ecf.inforuptcy.com;dmendez@wjslaw.com;dmendez@ecf.inforuptcy.com
              Sean M. Beach    on behalf of Other Prof. Lawrence   Fitzpatrick bankfilings@ycst.com
              Sommer Leigh Ross    on behalf of Interested Party    MidStates Reinsurance Corporation
               slross@duanemorris.com,  AutoDocketWILM@duanemorris.com
              Stephen  Forte     on behalf of Interested Party    The North River Insurance Company
               sforte@goodwin.com,  bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com;awilliams@goodwin.com
              Stephen  Forte     on behalf of Interested Party    Hartford Accident and Indemnity Company
               sforte@goodwin.com,  bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com;awilliams@goodwin.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
              William E. McGrath, Jr    on behalf of Interested Party    Munich Reinsurance America, Inc. f/k/a
               American Re-Insurance Company wmcgrath@dilworthlaw.com
                                                                                             TOTAL: 37
```