Order Filed on March 14, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

In re:

Duro Dyne National Corp., *et al.*[1]

Debtors.

Chapter 11

Case No. 18-27963 (MBK)

(Jointly Administered)

### CONSENT ORDER APPROVING SETTLEMENT AGREEMENT AND GENERAL RELEASE BETWEEN THE DEBTORS AND THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS UNION PURSUANT TO FED. R. BANK P. 9019

The relief sought on the following pages, numbered two (2) through and including four (4), is hereby **ORDERED**.

**DATED: March 14, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| Page: | 2 |
| Debtor: | Duro Dyne National Corp., *et al.* |
| Case No.: | 18-27963 (MBK) |
| Caption: | Consent Order Approving Settlement Agreement and General Release Between the Debtors and the International Association of Sheet Metal, Air, Rail and Transportation Workers Union Pursuant to Fed. R. Bank P. 9019 |

---

**WHEREAS,** on or about November 14, 2018, International Association of Sheet Metal, Air, Rail and Transportation Workers Union. Association n/k/a International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART") filed a Proof of Claim (the "Proof of Claim") in a proceeding in the United States Bankruptcy Court, District of New Jersey, captioned In re: Duro Dyne National Corp., et. al, Case No. 18-27963 (MBK) (the "Bankruptcy Proceeding").

**WHEREAS,** the Proof of Claim alleges that Duro Dyne National Corp., Duro Dyne Corp., and Duro Dyne Machinery Corp. (the "Claim Defendants") have infringed SMART's trademark rights.

**WHEREAS,** on or about February 6, 2019, SMART filed an Objection to Confirmation (the "Confirmation Objection") of the Debtors' Second Amended Prenenotiated Plan of Reorganization, as Modified (the "Second Amended Plan").

**WHEREAS,** the Claim Defendants filed an objection (the "Claim Objection") to the Proof of Claim on or about February 26, 2019, generally denying the allegations in the Proof of Claim.

**WHEREAS,** SMART, the Claim Defendants, and Duro Dyne Midwest Corporation (collectively, the "Parties") have agreed to enter into a Settlement Agreement and General Release (the "Settlement Agreement"), a copy of which is annexed hereto, in order to settle the Proof of Claim and Confirmation Objection, without admitting any liability, and to avoid the time and expense of litigation.

**WHEREAS,** the terms of settlement were placed on the record before this Court during the hearing on confirmation of the Second Amended Plan on March 8, 2019.

| | |
|---|---|
| Page: | 3 |
| Debtor: | Duro Dyne National Corp., *et al.* |
| Case No.: | 18-27963 (MBK) |
| Caption: | Consent Order Approving Settlement Agreement and General Release Between the Debtors and the International Association of Sheet Metal, Air, Rail and Transportation Workers Union Pursuant to Fed. R. Bank P. 9019 |

**WHEREAS**, the Court has reviewed the Proof of Claim, the Confirmation Objection, the Claim Objection and the Settlement Agreement; and notice of the settlement being sufficient under the circumstances; and no other or further notice need be provided; and good cause appearing for entry of this Consent Order;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Pursuant to Fed. R. Bank. P. 9019, the Settlement Agreement attached hereto is approved.

2. Within ten (10) days after this Consent Order becomes final and non-appealable, Duro Dyne National Corp. shall pay to SMART the sum of $67,332.00 by wire transfer in accordance with the Settlement Agreement.

3. The Debtors shall amend their Second Amended Plan to provide that as of the Effective Date of the Plan, Duro Dyne National Corp., the Reorganized Debtor under the Plan, shall assume, pursuant to 11 U.S.C. § 365, the collective bargaining agreements between SMART Local 24 and Duro Dyne Midwest Corporation, which were entered into on or about June 18, 2017, and September 28, 2018 (the "CBAs").

4. Promptly upon this Consent Order becoming final and non-appealable and receipt of the payment described in paragraph two (2) above, SMART will file any papers necessary to withdraw, terminate, or dismiss its Proof of Claim and Confirmation Objection, with prejudice.

5. This Court shall retain jurisdiction to enforce this Consent Order.

| | |
|---|---|
| Page: | 4 |
| Debtor: | Duro Dyne National Corp., *et al.* |
| Case No.: | 18-27963 (MBK) |
| Caption: | Consent Order Approving Settlement Agreement and General Release Between the Debtors and the International Association of Sheet Metal, Air, Rail and Transportation Workers Union Pursuant to Fed. R. Bank P. 9019 |

The undersigned hereby consent to the entry of this Consent Order.

Dated: March 13, 2019

_____
Jeffrey D. Prol, Esq.
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
Counsel for the Debtors

_____
Scott S. Rever, Esq.
Wasserman, Jurista & Stolz, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Counsel for SMART

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**WHEREAS**, on or about November 14, 2018, International Association of Sheet Metal, Air, Rail and Transportation Workers Uninc. Association n/k/a International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART") filed a Proof of Claim in a proceeding in the United States Bankruptcy Court, District of New Jersey, captioned In re: Duro Dyne National Corp., et. al. Case No. 18-27963 (MBK) (the "Bankruptcy Proceeding").

**WHEREAS**, the Proof of Claim alleges that Duro Dyne National Corp., Duro Dyne Corp., and Duro Dyne Machinery Corp. (the "Claim Defendants") have infringed SMART's trademark rights.

**WHEREAS**, the Claim Defendants filed an objection to the Proof of Claim on or about February 26, 2019, generally denying the allegations in the Proof of Claim.

**WHEREAS**, SMART, the Claim Defendants, and Duro Dyne Midwest Corporation (collectively, the "Parties") have agreed to enter into this Settlement Agreement and General Release in order to settle the Proof of Claim, without admitting any liability, and to avoid the time and expense of litigation.

**NOW THEREFORE**, the Parties agree as follows:

1. Within ten days after entry of a final and non-appealable Order approving this agreement, Duro Dyne National Corp. shall pay to SMART the sum of Sixty-Seven Thousand Three Hundred Thirty-Two Dollars and No Cents ($67,332.00). The Payment shall be made by bank wire to the following account:

   Swift Code: XXXXXXXXXXXX
   Routing Number: 055002707

18781547-v2

Bank Account Number: XXXXXX0277

Debtors shall prepare and submit a consent order memorializing their payment obligation.

2. The Debtors' Second Amended Renegotiated Plan of Reorganization (the "Plan") shall be amended to provide that as of the Effective Date of the Plan, Duro Dyne National Corp., the Reorganized Debtor under the Plan, shall assume, pursuant to 11 U.S.C. § 365, the collective bargaining agreements between SMART Local 24 and Duro Dyne Midwest Corporation, which were entered into on or about June 18, 2017, and September 28, 2018 (the "CBAs").

3. Nothing in this Agreement shall constitute an admission of guilt, wrongdoing, or liability of any kind, by SMART, the Claim Defendants, and/or Duro Dyne Midwest Corporation.

4. Promptly following entry of a final nonappealable order approving this Settlement Agreement, and receipt of the payment described in paragraph 1 above, SMART will file any papers necessary to withdraw, terminate, or dismiss its Proof of Claim, with prejudice.

5. The Parties shall bear their own legal costs and attorneys' fees.

6. <u>Mutual General Releases</u>.

(a) In consideration of and as a material inducement for the entering into this Agreement, SMART, on its own behalf and on behalf of its present and past parents, subsidiaries, affiliated entities, owners, shareholders, members, directors, officers, employees, personal representatives, agents, attorneys, successors, and assigns, and each of their respective heirs, beneficiaries, agents, attorneys, representatives, successors, and assigns (collectively, the "SMART Releasors") and to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue, the Claim Defendants, and/or Duro Dyne Midwest

2

Corporation (collectively, "Duro Dyne") and any and all of Duro Dyne's past, present and future parents, subsidiaries, affiliated entities, successors, and assigns, and each and every of its and their past and present respective partners, members, managing members, shareholders, investors, owners, employees, directors, officers, managers, agents, representatives, attorneys, contractors, vendors, clients, and agents (collectively, the "Duro Dyne Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises, or agreements of any nature, known or unknown, accrued or unaccrued, that the SMART Releasors may have, ever has had, or hereafter may have, from the beginning of the world to the date SMART executes this Agreement. This Agreement covers claims of which SMART currently may or may not have knowledge, but does not apply to any obligations pursuant to this Agreement, which shall be of continuing effect and be enforceable.

(b)     This waiver, release, and covenant not to sue is binding on SMART, the SMART Releasors, and each of its and their heirs, legal representatives, insurers, successors, and assigns.

(c)     In consideration of and as a material inducement for the entering into this Agreement, Duro Dyne, on its own behalf and on behalf of its present and past parents, subsidiaries, affiliated entities, owners, shareholders, members, directors, officers, employees, personal representatives, agents, attorneys, successors, and assigns, and each of their respective heirs, beneficiaries, agents, attorneys, representatives, successors, and assigns (collectively, the "Duro Dyne Releasors") and to the fullest extent permitted by law, forever waives, releases and discharges, and covenants not to sue SMART and any and all of SMART's past, present and future parents, subsidiaries, affiliated entities, successors, and assigns and each and every of its

3

and their past and present respective partners, members, managing members, shareholders, investors, owners, employees, directors, officers, managers, agents, representatives, attorneys, contractors, vendors, clients, and agents (collectively, the "SMART Releasees"), from any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises, or agreements of any nature, known or unknown, accrued or unaccrued, that the Duro Dyne Releasors may have, ever has had, or hereafter may have, from the beginning of the world to the date Duro Dyne executes this Agreement. This Agreement covers claims of which Duro Dyne currently may or may not have knowledge, but does not apply to any obligations pursuant to this Agreement, which shall be of continuing effect and be enforceable.

(d) This waiver, release, and covenant not to sue is binding on Duro Dyne, the Duro Dyne Releasors, and each of its and their heirs, legal representatives, insurers, successors, and assigns.

7. Consultation with Attorney. By signing this Agreement, the Parties each signify that they have has read this Agreement thoroughly, that they have consulted with their attorneys prior to executing this Agreement, and that their agreement to the terms of this Agreement is knowing, willing, and voluntary.

8. Severability. If any provision of this Agreement, or any part thereof, is held by a court of competent jurisdiction to be invalid, void, unenforceable, or against public policy for any reason, that provision, and this Agreement generally, shall be reformed, construed and enforced so as to most nearly give lawful effect to the intent of the Parties as expressed herein.

9. Entire Agreement; Amendment; Waiver. This Agreement constitutes the entire understanding and agreement between the Parties and supersedes and cancels all previous

agreements and commitments, whether oral or written, in connection with the matters described herein. In executing this Agreement, the Parties are not relying, and have not relied, upon any oral or written representations or statements not set forth or referred to herein. No waiver or termination of this Agreement shall be binding unless it is in writing and signed by the Parties hereto. No failure to insist upon compliance with any term or condition of this Agreement, whether by conduct or otherwise, shall be deemed to be or construed to be a waiver of such term or condition.

10. Enforcement. This Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of New Jersey, without reference to its conflict of law principles. For purposes of any claim arising under this Agreement, each of the Parties hereto submits to the exclusive jurisdiction of the courts of the State of New Jersey and of the United States having jurisdiction in New Jersey, and agrees not to raise, and hereby waives, any objection to or defense based upon the venue of any such court or based upon forum non conveniens.

11. Notices. All notices given pursuant to this Agreement shall be delivered by recognized overnight courier to the Parties at the following addresses (or, if applicable, the most current address available for such Party):

>   If to SMART:
>
>>   Donna Silverman
>>   Counsel
>>   SMART
>>   1750 New York Avenue NW
>>   6th Floor
>>   Washington, DC 20005
>
>   With a copy (which shall not constitute notice) to:
>
>>   Sarah Grossman-Swenson

5

McCracken, Stemerman & Holsberry, LLP
595 Market Street, Suite 800
San Francisco, CA 94105

If to Duro Dyne:

Patrick Rossetto
President
Duro Dyne National
81 Spence Street
Bay Shore, NY 11706

With a copy (which shall not constitute notice) to:

Jeffrey Prol
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

12. *Interpretation*. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing this Agreement to have been drafted.

13. *Counterparts*. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. A signed copy of this Agreement delivered by facsimile, e-mail, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

14. *Representations and Warranties*. The Parties hereby represent and warrant that the persons signing below on their behalf are duly authorized to sign and bind the Parties and their respective Releasors to this Agreement.

IN WITNESS WHEREOF, the parties below have executed this Confidential Settlement.

Agreed and accepted:

Date: March 8, 2019

By: _____
Richard L. McClees
General Secretary-Treasurer
SMART

Date: March 11, 2019

By: _____
Patrick Rossetto
President
Duro Dyne National Corp.
Duro Dyne Corp.
Duro Dyne Machinery Corp.
Duro Dyne Midwest Corporation