CROWELL & MORING LLP
Mark S. Lichtenstein
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:     (212) 223-4000
Facsimile:      (212) 223-4001
mlichtenstein@crowell.com

CROWELL & MORING LLP
Mark D. Plevin
Tacie H. Yoon
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 624-2500
mplevin@crowell.com
tyoon@crowell.com

Attorneys for Federal Insurance Company

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al.*,[1] | Case No. 18-27963 MBK |
| Debtors. | (Jointly Administered) |

### REPLY BRIEF OF FEDERAL INSURANCE COMPANY IN SUPPORT OF DEBTOR'S MOTION TO APPROVE ITS SETTLEMENT WITH FEDERAL

Debtors have moved for approval of their settlement with Federal Insurance Company under Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  Under the settlement, Federal will buy back its policies, be released from any and all claims under those policies,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

become a "Protected Party" entitled to protection under the Section 524(g) Asbestos Permanent Channeling Injunction (should the Debtors' plan be confirmed), and receive the protection of an injunction under Section 105 enforcing the "free and clear" aspect of Debtors' buy-back of Federal's policies. (The foregoing summary is, of course, subject to the actual terms of the executed settlement agreement pending before the Court for approval.[2])

North River has objected to the Federal settlement and to Debtors' similarly structured settlements with three other insurers, Hartford, MidStates, and Munich Re. The Debtor's motion papers provide ample reason why the Court should approve the settlements, issue the Section 105 injunctions, and approve treatment of Federal and the other settling insurers as Section 524(g) "Protected Parties."

Federal submits this separate reply brief to make two points in response to North River's supplemental objection (Dkt. No. 627) to Debtors' motion to approve the Federal settlement.

First, North River's supplemental objection makes arguments concerning how it will allegedly be adversely impacted by the Debtors' settlements because the settling insurers are obligated to pay defense costs in addition to limits. But North River acknowledges that the Federal policies are different than the other policies at issue here. *See* Dkt. No. 627 at 5 n.2. In fact, Federal has no duty, under either of its two first-layer excess insurance policies at issue here, to defend underlying claims against Duro Dyne unless the underlying policy does not cover the claim (which is not the case here).

This means that regardless of whether North River's arguments as to the duty to defend have merit with respect to the other settling insurers, those arguments do not provide any basis

---

[2] The policies Federal is buying back include two first-layer excess policies with limits that are not fully exhausted as well as two Federal primary policies and three policies issued by affiliates of Federal that are all exhausted.

to deny the Debtors' motion to approve their settlement with Federal. In short, Federal could not have any duty to contribute to North River's payment of defense costs because it has no obligation to defend.

While North River may dispute the foregoing interpretation of Federal's policies, Federal believes it is undisputed, based on the Scarcella Report filed by North River, that Federal (i) has no duty to defend or indemnify defense costs under its 1975-1978 policy and (ii) any duty it might have to indemnify defense costs under its 1972-1975 policy would be subject to limits (*i.e.*, any payment of defense costs would consume limits and thus reduce the indemnity coverage under the policy).³ Thus, although North River argues that "reimbursement claims for defense costs by non-settling insurers against the Settling Insurers do not impact the amount of the Settling Insurers' policy limits that might be available to pay claims" (*id.* at 11-12), such statement would be incorrect as to Federal, because any defense costs Federal might pay under its 1972-1975 policy would reduce the limits available to pay claims.⁴

---

3   *See* Scarcella Report, Dkt. No. 368-5, at 26 (Fig. 28) and 33 (Fig. 37).

4   Whether Federal has a duty to defend in addition to its limits was fully litigated in the state court coverage action, *The North River Ins. Co. v. Duro Dyne National Corp., et al.*, Index No. 062947/2013 (N.Y. Supreme Court, Suffolk County), both at the trial court and in the Appellate Division. Both courts agreed that Federal has no duty to defend in addition to limits, which is now the law of the case.

North River's supplemental objection seeks to avoid these controlling court rulings by selectively quoting from only a part of the Supplementary Payments provision in the 1972-1975 Federal excess policy. The provision actually states that it only applies "with respect to any occurrence **not covered by the underlying policies** listed in the schedule of underlying insurance, but covered by the terms and conditions of this policy" (emphasis added). Here, the underlying policies **covered** the asbestos claims, and indeed were exhausted as a result, so the provision does not apply. North River now attempts to conflate the phrase "not covered" with exhaustion so as to create a duty to defend under the 1972-1975 Federal excess policy, but that argument was raised and rejected in the New York coverage action, in which the trial court and the Appellate Division both ruled that the Federal excess policies were indemnity-only and – because the underlying primary policies **did** provide coverage – Federal therefore had no duty to defend.

Second, North River's supplemental objection is silent about the fact that, as part of the settlement, in addition to making the agreed-to settlement payment Federal will be releasing five proofs of claim, one filed against each debtor, that seek recovery of $1.374 million from Debtors on account of Federal's payment of Duro Dyne's rightful share of pre-petition indemnity costs. Federal's agreement to withdraw these proofs of claim provides considerable value to the estates in addition to the benefits realized by the Debtors from Federal's settlement payment and the parties' agreement to compromise the dispute over the extent of Federal's indemnification obligations under its two first-layer excess policies.

Accordingly, for the reasons stated in Debtors' motion and above, the Court should approve the Debtors' motion to approve its settlement with Federal.

Dated:  May 2, 2019                                        Respectfully submitted,

                                                            /s/ *Mark S. Lichtenstein*
                                                           Mark S. Lichtenstein
                                                           CROWELL & MORING LLP
                                                           590 Madison Avenue, 20th Floor
                                                           New York, New York 10022
                                                           Telephone:    (212) 223-4000
                                                           Facsimile:     (212) 223-4001
                                                           Email:          mlichtenstein@crowell.com

                                                           Mark D. Plevin (admitted pro hac vice)
                                                           Tacie H. Yoon (admitted pro hac vice)
                                                           CROWELL & MORING LLP
                                                           1001 Pennsylvania Avenue, N.W.
                                                           Washington, D.C. 20004-2595
                                                           Telephone:    (202) 624-2500
                                                           Facsimile:     (202) 628-5116
                                                           Email:          mplevin@crowell.com
                                                                             tyoon@crowell.com

                                                           Attorneys for Federal Insurance Company