SHIPMAN & GOODWIN LLP
Stephen M. Forte, Esq.
400 Park Avenue, Fifth Floor
New York, NY 10022-4406
Tel: (212) 376-3015
Fax: (212) 376-3024
Email: sforte@goodwin.com

James P. Ruggeri (*pro hac vice* pending)
Joshua D. Weinberg (*pro hac vice* pending)
Abigail W. Williams (*pro hac vice* pending)
SHIPMAN & GOODWIN LLP
1875 K Street, NW, Suite 600
Washington, DC 20006-1251
Tel:   (202) 469-7750
Fax:   (202) 469-7751
Email: jruggeri@goodwin.com
       jweinberg@goodwin.com
       awilliams@goodwin.com

*Attorneys for Hartford Accident and Indemnity Company*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al.*,[1] | Case No. 18-27963 MBK |
| Debtors. | (Jointly Administered) |
| | Hearing Date: May 22, 2019 |

**REPLY BY HARTFORD ACCIDENT AND INDEMNITY COMPANY IN SUPPORT OF DEBTORS' MOTION TO APPROVE ITS SETTLEMENT AGREEMENT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Hartford Accident and Indemnity Company ("Hartford"), creditor and party-in-interest in these related Chapter 11 cases, respectfully submits this brief reply in support of Debtors' motion (Dkt. 468) for an order approving the settlement agreement between Debtors and Hartford under Sections 105 and 363 of the Bankruptcy Code.  Under the settlement, Hartford will buy back its policies, be released from any and all claims under those policies, become a "Protected Party" entitled to protection under the Section 524(g) Asbestos Permanent Channeling Injunction (should the Debtors' plan be confirmed), and receive the protection of an injunction under Section 105 enforcing the "free and clear" aspect of Debtors' buy-back of Hartford's policies.

Debtors' motion provides more than adequate basis why the Court should approve the settlement, issue the Section 105(a) injunctions and approve treatment of settling insurers, including Hartford, as Section 524(g) Protected Parties.  Hartford writes separately to point out that the settlement agreement provides for additional consideration from Hartford, not previously discussed, that further confirms that the Court should grant the motion.

In each of Debtors' bankruptcy cases, Hartford has filed proofs of claim totaling $4,319,885.98.  Hartford filed a timely claim in class 6 in the amount of $878,720.07 on account of Hartford's overpayment of its appropriate share of defense costs.  Likewise, Hartford filed a timely claim in class 7 in the amount of $3,441,165.91 on account of Hartford's overpayment of indemnity costs paid to settle underlying asbestos claims against Debtors.  Hartford would be entitled to receive those amounts under the current rulings of the New York court in the pending coverage action.  Hartford's agreement to withdraw these proofs of claim provide considerable value to the estates in addition to the benefits realized by Hartford's settlement payment and the parties' compromise of the dispute over the extent of Hartford's obligations under the liability policies it issued to Debtors.

Accordingly, the Court should approve Debtors' motion to approve their settlement with Hartford.

Dated:  May 6, 2019

Respectfully submitted,

/s/ *Stephen M. Forte*
Stephen M. Forte, Esq.
SHIPMAN & GOODWIN LLP
400 Park Avenue, Fifth Floor
New York, NY 10022-4406
Tel:   (212) 376-3015
Fax:   (212) 376-3024
Email: sforte@goodwin.com

-and-

James P. Ruggeri (Admitted *pro hac vice*)
Joshua D. Weinberg (Admitted *pro hac vice*)
Abigail W. Williams (Admitted *pro hac vice*)
SHIPMAN & GOODWIN LLP
1875 K Street, NW, Suite 600
Washington, DC 20006-1251
Tel:   (202) 469-7750
Fax:   (202) 469-7751
Email: jruggeri@goodwin.com
       jweinberg@goodwin.com
       awilliams@goodwin.com

*Attorneys for Hartford Accident and Indemnity Company*