UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Mitchell B. Hausman, Esq.
Jeffrey M. Sponder, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  mitchell.b.hausman@usdoj.gov
        jeffrey.m.sponder@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| DURO DYNE NATIONAL CORP., *et al.*,[1] | ) Case No. 18-27963 (MBK) ) |
| Debtors. | ) Jointly Administered ) |
| | ) Hearing Date: ) |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE
TO THIRD AMENDED PRENEGOTIATED PLAN OF
REORGANIZATION FOR DURO DYNE NATIONAL CORP.,
ET AL., UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

[1] The Debtors in these chapter 11 cases are: Duro Dyne National Corp., No. 18-27963-MBK; Duro Dyne Corporation, No. 18-27968-MBK, Duro Dyne Machinery Corp., No. 18-27969-MBK; Duro Dyne MidWest Corp., No. 18-27970-MBK; and Duro Dyne West Corp., No. 18-27971-MBK (collectively, the "Debtors").

Andrew R. Vara, the Acting United States Trustee for Region 3 ("United States Trustee") objects ("Objection") to the Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code (the "Plan") (Docket No. 729).[2]

## JURISDICTION

1. This Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under Section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Plan and the issues raised in this Objection.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

## BACKGROUND

**A. Procedural Posture of this Bankruptcy Case**

4. On September 7, 2018 (the "Petition Date"), the Debtors filed voluntary Chapter 11 petitions,[3] a Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code, and a Disclosure Statement For Prenegotiated Plan of Reorganization for Duro Dyne National Corp, et al. *See* ECF Nos. 19 and 20.

5. On November 16, 2018, the Debtors filed the Second Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code (the "Second Amended Plan") together with a Second Amended Disclosure Statement For Prenegotiated Plan of Reorganization for Duro Dyne National Corp, et al. (the "Disclosure Statement"). *See* ECF Nos. 278 and 279.

6. On November 20, 2018, the Court entered an Order approving the Disclosure Statement as providing adequate information within the meaning of Section 1125(a) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes on the Plan; (iii) approving the form of Ballots; (iv) scheduling a hearing on confirmation of the Plan; (v) approving the form,

---

[3] *See* Case No. 18-27963-MBK at ECF No. 1; Case No. 18-27968-MBK at ECF No. 1, Case No. 18-27969-MBK at ECF No. 1; Case No. 18-27970-MBK at ECF No. 1; Case No. 18-27971-MBK at ECF No. 1.

manner and scope of mailed and published notices of the time fixed to (a) vote on the Plan, and (b) file objections to confirmation. *See* ECF Nos. 140 and 287. The United States Trustee reserved his rights with respect to the arguments raised in the objection to the Disclosure Statement regarding the confirmability of the Second Amended Plan. The Court scheduled a confirmation hearing for March 6, 2019. *See id*.

7. On January 30, 2019, the Plan Proponents filed a Certification of Balloting. *See* ECF No. 427.

8. On February 6, 2019, Sheet Metal, Air, Rail & Transportation Workers International Association, AFL-CI) filed an objection to confirmation of the Second Amended Plan. *See* ECF No. 438.

9. On February 8, 2019, the United States Trustee filed an Objection to Confirmation of the Second Amended Plan. *See* ECF No. 447.

10. On February 8, 2019 and February 12, 2019, The North River Insurance Company ("North River") filed objections to confirmation of the Second Amended Plan. *See* ECF Nos. 445, 446, 452.

11. On February 12, 2019, MidStates Reinsurance Corporation filed an objection to confirmation of the Second Amended Plan. *See* ECF No. 453.

12. On February 26, 2019, the Plan Proponents filed an Amended Plan Supplement, a Memorandum of Law, a Certification of Mark Podgainy and a Declaration of Lawrence Fitzpatrick. *See* ECF Nos. 481, 482, 483 and 484.

13. On March 5, 2019, the Plan Proponents filed a modified Second Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code (the "Modified Plan") and a Certification of Jeffrey D. Prol. *See* ECF Nos. 509 and 512.

14. Also, on March 5, 2019, the Plan Proponents filed a second modified Second Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code Plan (the "Second Modified Plan"). *See* ECF No. 517.

15. On March 6, 2019 and March 7, 2019, the Court heard oral argument concerning confirmation of the Second Modified Plan, and reserved his decision. The Court requested that the parties filed proposed findings of fact and conclusions of law.

16. On April 15, 2019, the Plan Proponents, North River and the United States Trustee filed proposed findings of fact and conclusions of law. *See* ECF Nos. 613, 614, 615 and 616.

17. On May 3, 2019, the Plan Proponents, North River and the United States Trustee filed responses to the proposed findings of fact and conclusions of law. *See* ECF Nos. 659, 660 and 661.

**B. The Court's Preliminary Opinion Concerning Confirmation.**

18. On May 22, 2019, the Court provided a summary of its ruling concerning confirmation of the Second Modified Plan (the "Decision"). *See* ECF Nos. 702 and 704. *See also* Transcript attached as Exhibit "A."

19. Pursuant to the Decision, the Court advised that it was unwilling to recommend confirmation of the Second Modified Plan in its present form. *See* Exhibit A at 6:14-15. However, the Court suggested remedial changes which, if accepted, would render the plan confirmable. *See id.* at 6:16-17.

20. Pursuant to the Decision, the Court required notice to be provided to the U.S. Trustee or his designee whenever the TDP or the trust agreement requires notice to the FCR and/or the TAC, or requires consent or actions, or provides information to the FCR or TAC:

> "that whenever the TDP or the trust agreement requires notice to the futures representative or the TAC, or requires consent or actions, or provides information to the futures rep or [TAC], that the US Trustee for Region 3 be given notice. So specifically I would add and I will identify the various sections that I think need to be modified, language that says, And on notice to the United States Trustee for Region 3 or his/her designee. I am not requiring the US Trustee to give consent and I'm not

5

> requiring that the trust obtain the consent or that there be any actions by the US Trustee. I am simply requiring that whenever under the TDP or the trust agreement the futures rep or the TAC receive notices or information or are asked to consent to certain actions that the United States Trustee for Region 3 or his or her designee be given notice. The US Trustee could then decide how to respond, and I'll discuss that."

*See* Exhibit A at pages 29:18-30:8.

21. The Court required the Plan Proponents to revise Section 7.13 of the Trust Agreement in order to allow the U.S. Trustee or his designee to bring any issues or disputes arising under the Trust Agreement or the Trust Distribution Procedures directly before the Bankruptcy Court:

> "Now notice is only as good as that which allows a party to act. So I'm requiring that under Section 7.13 of the trust agreement that the following language be added, this is with respect to the alternative dispute resolution process, That notwithstanding the foregoing, any issue or dispute raised by the Office of the US Trustee for Region 3 or his or her designee, which may arise under the trust agreement or the TDP may be brought directly before the Bankruptcy Court without compliance with the dispute resolution procedure set forth in this section. So it's my dictate that the US Trustee be able to bring issues that it has as a result of the additional notice directly to the Court rather than pursuing dispute resolution."

*See id.* at pages 30:18-31:5.

22. The Court also directed that the first sentence in Section 6.3 of the Trust Distribution Procedures be removed, and that the paragraph be changed to

6

address the deferral of claims to eliminate the ability to withdraw claims without statute of limitations consequences. *See id.* at pages 31:14-19.

23. The Court further directed that Section 6.5 include a backstop, which would grant parties the option to seek an application with the Bankruptcy Court: "anyone seeking information pertaining to the claims being made or paid can seek authorization from this Court to direct the trust to release that information." *See id.* at pages 34:1-3.

**C. The Plan Proponent's Response.**

24. On June 6, 2019, the Plan Proponents filed a Third Prenegotiated Plan of Reorganization for Duro Dyne National Corp., et al., Under Chapter 11 of the Bankruptcy Code (the "Plan"). *See* ECF No. 729. The Plan Proponents attached a revised Trust Agreement and Trust Distribution Procedures to the Plan, which purportedly reflect the Decision.

**OBJECTION**

25. The Plan Proponents' revisions do not comport with the Decision. More specifically, the Plan Proponents have not complied with: (i) the notice provisions directed by the Court; (ii) revisions to Section 6.3 of the TDP directed by the Court; and (iii) revisions to Section 6.5 of the TDP directed by the Court.

26. As the Plan was only filed on June 6, 2019, the U.S. Trustee requests additional time to continue his review of the Plan and to discuss any and all issues with the Plan Proponents concerning the Plan and the purported revisions.

WHEREFORE, at this time, the United States Trustee requests that this Court issue an order denying confirmation of the Plan or extend the time to allow further review and consultation by and among the parties, and grant such other relief as this Court deems appropriate, fair, and just.

        Respectfully submitted,

        ANDREW R. VARA
        ACTING UNITED STATES TRUSTEE
        REGION 3

        By:   */s/ Mitchell Hausman*
              Mitchell Hausman
              Trial Attorney

Dated: June 11, 2019