Margaret F. Catalano
Christina R. Salem
570 Lexington Avenue – 8th Floor
New York, New York 10022
(212) 252-0004
meg.catalano@kennedyscmk.com
christina.salem@kennedyscmk.com

IFRAH PLLC
George R. Calhoun, V (*pro hac vice*)
1717 Pennsylvania Ave., NW
Washington, D.C. 20006
(202) 525-4147
george@ifrahlaw.com

*Attorneys for The North River Insurance Company*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al.*,[1] | Case No. 18-27963 MBK |
| Debtors. | (Jointly Administered) |

**THE NORTH RIVER INSURANCE COMPANY'S OPPOSITION TO DEBTORS'
APPLICATION IN SUPPORT OF SECOND MOTION FOR AN ORDER
AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO MAKE CERTAIN
DISTRIBUTIONS TO SHAREHOLDERS ON
<u>ACCOUNT OF POST-PETITION INCOME TAXES</u>**

The North River Insurance Company ("North River"), by and through undersigned

counsel, respectfully submits this opposition to Debtors' Application in Support of Second

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Motion for an Order Authorizing, But Not Directing, The Debtors to Make Certain Distributions to Shareholders on Account of Post-Petition Income Taxes (the "Motion"), Dkt. 823.  Such contemplated distributions are inappropriate because payment to creditors should be prioritized over shareholders.  Further, if the Debtors' finances were truly as precarious as they have claimed throughout this proceeding, such a distribution would be impossible.  For the reasons enumerated below, the Court should decline to grant the Debtors' Motion.

## BACKGROUND

1.On September 9, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

2.The Debtors are a leading manufacturer of sheet metal accessories and equipment for the heating, ventilating, and air conditioning ("HVAC") industry.  In addition to manufacturing, the Debtors also engage in the research and development of HVAC products.

3.The Company's operations are conducted through Duro Dyne Machinery Corporation ("Duro Dyne Machinery"), Duro Dyne Corporation ("Duro Dyne"), Duro Dyne Midwest Corporation ("Duro Dyne Midwest"), and Duro Dyne West Corporation ("Duro Dyne West").

4.Duro Dyne National Corporation ("Duro Dyne National") is a holding company whose primary asset is all of the issued and outstanding capital stock of the other Debtors.  Duro Dyne National is owned by various members of the Hinden family and various trusts for the benefit of Hinden family members (the "Shareholders").

5. On July 16, 2019, this Court transmitted its Report and Recommendation for Entry of (A) Findings and Conclusions with Respect to the Third Amended Plan of Reorganization; and (B) Confirmation Order to the United States District Court of the District of New Jersey. On July 30, 2019, North River filed its objection to confirmation and, on August 13, 2019, Plan Proponents filed a responsive brief. The matter currently awaits decision by the District Court.

6. On August 16, 2019, Debtors filed their Motion, seeking entry of an order authorizing Duro Dyne National to make distributions to its Shareholders to pay any and all federal and state income taxes incurred by Shareholders with respect to income earned by Duro Dyne National.

## **ARGUMENT**

7. It is inequitable to pay shareholders when North River's claims are not being paid in full. *See* Debtors Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., *et al.*, under Chapter 11 of the Bankruptcy Code, as Modified, Dkt. 784-2, §§ 3.3, 4.13, 4.41; Trust Distribution Procedures, Dkt. 784-3, § 5.5; The North River Insurance Company's Objection to Plan Proponents' Proposed Findings of Fact and Conclusions of Law and Proposed Forms of Orders in Support of Confirmation of the Modified Second Amended Prenegotiated Plan of Reorganization ("North River's Objections"), Dkt. 660, at 4, 11, 16, 21, 28–29. Although the Debtors propose not to pay North River's claims, they are perfectly content to pay dividends to their shareholders.

8. The Debtors continue to operate profitable operations and to make distributions to shareholders. *See generally* Certification of Mark Podgainy in Support of Confirmation of the Second Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., *et al.*,

3

Under Chapter 11 of the United States Bankruptcy Code, Dkt. 483; Rpt. of Marc C. Scarcella, M.A., Dkt. 368-5.  As such, the Debtors are not in financial distress.

9.  Moreover, the fact that Debtors are profitable and distributing funds to shareholders further demonstrates that they do not need bankruptcy protection.

10.  The asbestos creditors accepted this scheme because instead of facing a challenging defense from the Debtors, they would instead have a "claimant trust" that would settle, but not defend claims.[2]

11.  The Debtors concocted this agreement and expressly agreed to "put leverage" on insurers in the coverage litigation.  This scenario is exactly the sort of bad faith use of bankruptcy that lead the Third Circuit to dismiss the *SGL Carbon* case.  *See* North River's Objections at 16–17.

### WAIVER OF MEMORANDUM OF LAW

12.  Because the legal points and authorities upon which this Opposition relies are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-1 be deemed waived.

### CONCLUSION

13.  For the reasons stated herein, North River respectfully requests that this Court deny Debtors' Motion.

---

[2] Counsel for the Future Claims Representative claimed in argument that they would not agree to a Trust that defended claims.  March 7, 2019 Confirmation Hrn'g Tr. at 99 ("[T]he trust isn't in the business of defending claims.  Rather it's a *claimant* trust funded by claimant indemnity dollars.")

4

Dated: August 27, 2019

Respectfully submitted,

KENNEDYS CMK LLP

 /s/ Christina R. Salem
Margaret F. Catalano
Christina R. Salem
570 Lexington Avenue, 8th Floor
New York, N.Y. 10022
(212) 252-0004
Emails:  meg.catalano@ kennedyscmk.com
  christina.salem@kennedyscmk.com

-and-

IFRAH PLLC
George R. Calhoun, V (*pro hac vice*)
Ifrah PLLC
1717 Pennsylvania Ave., NW
Washington, D.C. 20006
202.525.4147
Email: george@ifrahlaw.com

*Attorneys for The North River Insurance Company*