Order Filed on October 3, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1** |
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Edwin J. Harron, Esq. (Bar No. 040701995)<br>Sara Beth A.R. Kohut, Esq. (Admitted *Pro Hac Vice*)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: eharron@ycst.com<br>         skohut@ycst.com<br><br>Counsel to the Future Claimants' Representative |

| In re: | Chapter 11 |
|---|---|
| DURO DYNE NATIONAL CORP., *et al.*,[1] | Case No. 18-27963 (MBK) |
| Debtors. | Jointly Administered |

### ORDER ALLOWING THIRD INTERIM APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONAL SERVICES RENDERED AS COUNSEL TO LAWRENCE FITZPATRICK AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR THE <u>PERIOD FROM APRIL 1, 2019 THROUGH JULY 31, 2019</u>

The relief set forth on the following page, numbered two (2) through three (3), is hereby **ORDERED.**

**DATED: October 3, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Case 18-27963-MBK    Doc 887    Filed 10/03/19    Entered 10/04/19 11:04:38    Desc Main
Document      Page 2 of 3

Page: 3
Debtors: Duro Dyne National Corp., *et al.*
Case No. 18-27963 (MBK)
Caption: Order Allowing Third Interim Application of Young Conaway Stargatt & Taylor, LLP for Compensation for Services Rendered and Reimbursement of Expenses for Professional Services Rendered as Counsel to Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Personal Injury Claimants for Services Rendered and Reimbursement of Expenses for the Period From April 1, 2019 through July 31, 2019

---

Upon the *Third Interim Application of Young Conaway Stargatt & Taylor, LLP for Compensation for Services Rendered and Reimbursement of Expenses for Professional Services Rendered as Counsel to Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Personal Injury Claimants for Services Rendered and Reimbursement of Expenses for the Period From April 1, 2019 through July 31, 2019* (the "Application");[2] and due and proper notice of the Application having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012 (Simandle, C.J.); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the fees and expenses requested in the Application are reasonable and for necessary services provided during the Interim Period,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. Young Conaway Stargatt & Taylor, LLP ("YCST") is hereby allowed a THIRD interim allowance of compensation for services rendered in the sum of $82,286.50 and reimbursement of expenses incurred in the sum of $2,566.08 for the period from April 1, 2019 through July 31, 2019.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

23963102.5

Page: 4
Debtors: Duro Dyne National Corp., *et al.*
Case No. 18-27963 (MBK)
Caption: Order Allowing Third Interim Application of Young Conaway Stargatt & Taylor, LLP for Compensation for Services Rendered and Reimbursement of Expenses for Professional Services Rendered as Counsel to Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Personal Injury Claimants for Services Rendered and Reimbursement of Expenses for the Period From April 1, 2019 through July 31, 2019

---

3. The Debtors are authorized and directed to make payment of the outstanding amount of such sums to YCST within ten (10) days of the entry of this Order.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

23963102.5

-4-