THE LAW OFFICE OF JOHN A. FIALCOWITZ, LLC
John A. Fialcowitz
89 Headquarters Plaza
North Suite 1216
Morristown, NJ 07960
Telephone (973) 532-7208
john@fialcowitzlaw.com

CAPLIN & DRYSDALE, CHARTERED
James P. Wehner (admitted *pro hac vice*)
Jeffrey A. Liesemer (admitted *pro hac vice*)
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
jwehner@capdale.com
jliesemer@capdale.com

*Counsel for the Official Committee of Asbestos Claimants*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Edwin J. Harron, Esq.
Sara Beth A. R. Kohut, Esq.
(admitted *pro hac vice*)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6703
Facsimile: (302) 576-3298
eharron@ycst.com
skohut@ycst.com

*Counsel to the Future Claimants' Representative*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DURO DYNE NATIONAL CORP., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-27963 MBK<br>(Jointly Administered)<br><br>Hearing Date: Nov. 7, 2019, at 10:00 a.m. |

**REPLY OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS AND FUTURE CLAIMANTS' REPRESENTATIVE IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PRESERVING TESTIMONY OF DYING CLAIMANTS**

The Official Committee of Asbestos Claimants (the "**Committee**") and Lawrence Fitzpatrick, the legal representative for future claimants (the "**Future Claimants'**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

**Representative**" or "**FCR**"), by and through their undersigned counsel, hereby submit the following reply in support of their Motion for Relief from the Automatic Stay for the Limited Purpose of Preserving Testimony of Dying Claimants ("**Motion**") (ECF No. 895).

## ARGUMENT

The North River Insurance Company raises three arguments against the Motion in its Limited Opposition to the Motion for Relief from the Automatic Stay for the Limited Purpose of Preserving Testimony of Dying Claimants ("**NR Opp.**") (ECF No. 922). None of North River's arguments have merit.

North River first asserts that neither the Committee nor the FCR has standing to seek the stay relief sought in the Motion. NR Opp. at 3-4. This is incorrect. The Official Committee of Asbestos Claimants was appointed to protect the interests of asbestos claimants. 11 U.S.C. § 1109(b) provides that a committee "may raise and may appear and be heard on any issue in a case under this chapter." This Court likewise appointed Lawrence Fitzpatrick as FCR and expressly granted the FCR equivalent standing under § 1109(b). Order Appointing a Legal Representative for Future Asbestos Personal Injury Claimants Effective as of the Petition Date, at 3, ECF No. 191. As the Motion seeks relief on behalf of asbestos claimants, the Committee and FCR are clearly engaged in protecting the interests of their respective constituencies such that constitutional standing requirements are satisfied. North River cites no case to the contrary.

North River next complains that the relief sought is overbroad. NR Opp. at 4. Specifically North River raises the concern that defense counsel "may not . . . know about" a deposition before it occurs. NR Opp. at 5. The relief requested, however, is only that the stay be lifted so testimony may be preserved. No waiver of whatever notice requirements apply with respect to any deposition is requested in the Motion. North River also objects that a "significant risk of dying or becoming incapacitated" is not further defined. *Id.* It is, however, unnecessary to construct an elaborate set

of medical qualifications or qualification procedures for preservation of testimony. Apart from the preservation of testimony, the automatic stay would remain in effect. With no prospect of recovery on their claim until the stay is fully and finally lifted, claimants are not incentivized to engage in discovery except where essential. Indeed, courts that have lifted the stay for preservation of testimony have not found it necessary to add administrative flourishes or additional process to a *de bene esse* lift-stay order. *See*, *e.g.*, Order, *Kaiser Gypsum Co. v. Those Parties Listed on Appx A.*, Adv. Pro. No. 16-03313 (Bankr. W.D.N.C. Nov. 4, 2016), ECF No. 18.

Finally North River wants to condition the relief sought in the Motion on resolving defense cost allocation arguments in North River's favor. NR Opp. at 6. This is unnecessary. North River's assertions about the ultimate allocation of defense costs are disputed in the ongoing coverage action, and those defense costs are treated under the Plan. The Court need not wade into those issues again. Nor is it likely, for the reasons discussed above, that the "large number of claims" North River mentions would ever materialize. The Court would, of course, retain jurisdiction to revisit the issue should some unforeseen consequence result.

## **CONCLUSION**

For the reasons set forth above and in the Motion, the Committee and FCR respectfully request that the Court grant the Motion.

Respectfully submitted,

| | |
|---|---|
| **THE LAW OFFICE OF JOHN A. FIALCOWITZ, LLC** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| */s/ John A. Fialcowitz* | */s/ Edwin J. Harron* |
| John A. Fialcowitz | Edwin J. Harron, Esq. |
| 89 Headquarters Plaza | Sara Beth A. R. Kohut, Esq. |
| North Suite 1216 | (admitted *pro hac vice*) |
| Morristown, NJ 07960 | Rodney Square |
| Telephone (973) 532-7208 | 1000 North King Street |
| john@fialcowitzlaw.com | Wilmington, DE 19801 |
| | Telephone: (302) 571-6703 |
| **CAPLIN & DRYSDALE, CHARTERED** | Facsimile: (302) 576-3298 |
| James P. Wehner (admitted *pro hac vice*) | eharron@ycst.com |
| Jeffrey A. Liesemer (admitted *pro hac vice*) | skohut@ycst.com |
| One Thomas Circle, NW, Suite 1100 | |
| Washington, DC 20005 | *Counsel to the Future Claimants' Representative* |
| Telephone: (202) 862-5000 | |
| jwehner@capdale.com | |
| jliesemer@capdale.com | |
| | |
| *Counsel for the Official Committee of Asbestos Claimants* | |

Dated: November 1, 2019