UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Order Filed on November 12, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Duro Dyne National Corp.

| | |
|---|---|
| Case No.: | 18-27963 |
| Adv. No.: | |
| Hearing Date: | 11/7/2019 |
| Judge: | Michael B. Kaplan |

ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS AND FUTURE CLAIMANT'S REPRESENTATIVE FOR RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PRESERVING TESTIMONY OF DYING CLAIMANTS

The relief set forth on the following page is hereby **ORDERED**.

DATED: November 12, 2019

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1** | |
| THE LAW OFFICE OF JOHN A. FIALCOWITZ, LLC <br> John A. Fialcowitz, Esq. <br> 89 Headquarters Plaza <br> North Suite 1216 <br> Morristown, NJ 07960 <br> Telephone (973) 532-7208 <br> john@fialcowitzlaw.com <br><br> CAPLIN & DRYSDALE, CHARTERED <br> James P. Wehner (admitted *pro hac vice*) <br> Jeffrey A. Liesemer (admitted *pro hac vice*) <br> One Thomas Circle, NW, Suite 1100 <br> Washington, DC 20005 <br> Telephone: (202) 862-5000 <br> jwehner@capdale.com <br> jliesemer@capdale.com <br><br> *Counsel for the Official Committee of Asbestos Claimants* | YOUNG CONAWAY STARGATT & TAYLOR, LLP <br> Edwin J. Harron, Esq. <br> Sara Beth A. R. Kohut, Esq. <br> (admitted *pro hac vice*) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> Telephone: (302) 571-6703 <br> Facsimile: (302) 576-3298 <br> eharron@ycst.com <br> skohut@ycst.com <br><br> *Counsel to the Future Claimants' Representative* |
| In re: <br><br> DURO DYNE NATIONAL CORP., *et al.*[1] <br><br>           Debtors. | Case No. 18-27963 MBK <br> (Jointly Administered) <br><br> Chapter 11 <br><br> Hearing Date: Nov. 7, 2019, at 10:00 a.m. |

### ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS AND FUTURE CLAIMANTS' REPRESENTATIVE FOR RELIEF FROM THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PRESERVING TESTIMONY OF DYING CLAIMANTS

The relief set forth on the following pages, numbered two (2) and three (3), is hereby

ORDERED.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

DOC# 3216761

Page: 2
Debtors: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Order Granting Motion of the Official Committee of Asbestos Claimants and Future Claimants' Representative for Relief from the Automatic Stay for the Limited Purpose of Preserving Testimony of Dying Claimants

This matter comes before the Court on the Official Committee of Asbestos Claimants' and FCR's Motion for Relief from the Automatic Stay for the Limited Purpose of Preserving Testimony of Dying Claimants ("**Motion**"). The Court having reviewed the Motion and any objection or responses thereto; and having determined that adequate and sufficient notice of the Motion has been given and no further notice is required; and having considered the arguments of counsel at the hearing held on November 7, 2019, and the entire record in this case; and having found and concluded that cause exists for granting the relief requested in the Motion,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Any party who wishes to perpetuate the testimony of a tort claimant who is subject to the automatic stay, but who faces significant risk of dying or becoming incapacitated and unable to testify before completion of the above-referenced chapter 11 cases, may prepare an application signed by counsel for the claimant identifying the claimant and briefly stating the reasons and circumstances of the application.

3. The application shall not exceed two (2) pages and shall be filed on the docket for these cases. The claimant need not retain local bankruptcy counsel for the purposes of filing the application. The Official Committee of Asbestos Claimants may, solely for administrative purposes, file the application for the claimant without representing the claimant individually.

4. Any objection to the application shall be filed within seven (7) days of the filing of the application.

Page: 3
Debtors: Duro Dyne National Corp., *et al.*
Case No: 18-27963 (MBK)
Caption: Order Granting Motion of the Official Committee of Asbestos Claimants and Future Claimants' Representative for Relief from the Automatic Stay for the Limited Purpose of Preserving Testimony of Dying Claimants

---

5. If no timely objection to the application is filed, the application is granted pursuant to § 362(d) of the Bankruptcy Code at the expiration of the time to object without further order of the Court.

6. If a timely objection is filed, the objection shall be resolved by a telephonic conference with the Court. Such telephonic conference shall be held as soon as reasonably practicable. The resolution of the objection shall be noted on the docket by an Order or other entry.

7. The stay imposed by Bankruptcy Rule 4001(a)(3) is waived, and any modification of the stay pursuant to paragraphs 5 or 6 above shall take effect immediately.

8. All parties' rights and obligations with respect to any claims for defense costs, contribution, or otherwise are unaffected by this order and fully reserved.

9. This Court retains jurisdiction with respect to all matters arising from, or related to, the implementation, interpretation, and enforcement of this Order.