| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**LOWENSTEIN SANDLER LLP**<br>Kenneth A. Rosen, Esq.<br>Jeffrey D. Prol, Esq.<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Tel: (973) 597-2500<br>Fax: (973) 597-2400<br><br>*Counsel to the Debtors and Debtors-in-Possession* | Order Filed on November 19, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Duro Dyne National Corp., *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 18-27963 (MBK)<br><br>(Jointly Administered) |

**FIRST OMNIBUS ORDER (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NUNC PRO TUNC TO THE PETITION DATE, (II) ESTABLISHING A CLAIMS BAR DATE, AND <u>(III) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages numbered two (2) through four (4) is hereby

**ORDERED.**

**DATED: November 19, 2019**

                                                                               Honorable Michael B. Kaplan
                                                                               United States Bankruptcy Judge

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page: 2
Debtor: Duro Dyne National Corp., et al.
Case No.: 18-27963 (MBK)
Caption: First Omnibus Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases *nunc pro tunc* to the Petition Date, (II) Establishing a Claims Bar Date, and (III) Granting Related Relief
_____

Upon consideration of the Debtors' motion (the "Motion") for entry of a first omnibus order (the "Order") pursuant to 11 U.S.C. §§ 105(a) and 365(a) authorizing the Debtors' rejection of the contracts and leases listed on Exhibit A attached hereto, *nunc pro tunc* to the Petition Date, (ii) establishing a deadline to file proofs of claim, and (iii) granting related relief; and the Court finding having determined that the relief sought in the Motion is in the best interest of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. The contracts and leases listed on Exhibit A hereto (collectively, the "Rejected Contracts and Leases") are, or shall be, deemed rejected *nunc pro tunc* to the Petition Date.

3. The counterparties to the Rejected Contracts and Leases shall be prohibited from setting off or otherwise using security deposits or other monetary deposits in their possession or control to reduce their claim(s) against any of the Debtors without prior Court approval.

4. Any party in interest that asserts a claim arising out of, or related to, the rejection of an executory contract or an unexpired lease, if not heretofore evidenced by a filed proof of

Page:     3
Debtor:   Duro Dyne National Corp., et al.
Case No.: 18-27963 (MBK)
Caption:  First Omnibus Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases *nunc pro tunc* to the Petition Date, (II) Establishing a Claims Bar Date, and (III) Granting Related Relief
_____

claim, must file a proof of claim with the Bankruptcy Court or with a duly appointed claims agent, as applicable, and serve such proof of claim upon the Debtors or the Reorganized Debtor on or before thirty (30) calendar days after the later to occur of (a) the Confirmation Date, or (b) the date of entry of an order by the Bankruptcy Court authorizing rejection of such contract or lease (the "Rejection Bar Date").  If such claim is not filed by the Rejection Bar Date, said claim shall be barred from voting on any plan or receiving any distribution in these Chapter 11 Cases and shall forever be barred and shall not be enforceable against the Debtors, or their respective properties, agents, successors, or assigns, unless a proof of claim is filed

5. The rights of all parties, including that of the Debtors, to contest any and all claims arising out of, or related to, the rejection by the Debtors of the Rejected Contracts and Leases are fully preserved.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to (a) constitute an admission as to the validity or priority of any claim against the Debtors; (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; and/or (c) constitute a waiver of the Debtors' rights to dispute any claim on any grounds.

7. Nothing in this Order, including, but not limited to, the inclusion of a Contract or Lease on Exhibit A hereto, constitutes a finding of this Court or an admission by the Debtors that such Contract or Lease is an executory contract or an unexpired lease under section 365 of the Bankruptcy Code or that such Contract or Lease was or was not terminated or expired prior to the Petition Date.  All rights of the Debtors to raise any defenses to, or otherwise dispute, any rejection

Page:     4
Debtor:   Duro Dyne National Corp., et al.
Case No.: 18-27963 (MBK)
Caption:  First Omnibus Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases *nunc pro tunc* to the Petition Date, (II) Establishing a Claims Bar Date, and (III) Granting Related Relief

_____

damages or other claims asserted in connection with any Contract or Lease listed on <u>Exhibit A</u> hereto are hereby preserved.

8. The requirements set forth in Bankruptcy Rule 6006 is satisfied by the contents of the Motion or otherwise deemed waived.

9. Consistent with Bankruptcy Rule 6006(g), this Order constitutes a separate order with respect to each Rejected Contract or Lease and the notice of rejection of such Rejected Contract or Lease covered hereby.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT A

## REJECTED CONTRACTS AND LEASES

**The inclusion of a Contract or Lease on this list does not constitute an admission or finding that such Contract or Lease is an executory contract or unexpired lease under section 365 of the Bankruptcy Code or that such Contract or Lease was or was not terminated or expired prior to the Petition Date. The Debtors reserve the right to raise any defense to, or otherwise dispute, any rejection damages or other claims asserted in connection with any Contract or Lease included herein.**

Bay Alarm Company 740 S. Rochester Ave., Suite D Ontario, CANADA 91761 (Monitoring/Burglar service)

Mail Finance (Neopost) 478 Wheelers Farm Road Milford, CT 06461 (Equipment lease)