**ANDERSON KILL P.C.**
Cort T. Malone, Esq.
Mark D. Silverschotz, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000 (Telephone)
(212) 278-1733 (Facsimile)

*Insurance Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| Duro Dyne National Corp., *et al.,[1]* | Case No. 18-27963 (MBK) |
| Debtors. | (Jointly Administered) |

**ELEVENTH MONTHLY FEE STATEMENT OF ANDERSON KILL P.C.,
INSURANCE COUNSEL TO THE DEBTORS,
FOR THE PERIOD JANUARY 1, 2019 THROUGH JANUARY 31, 2019**

Anderson Kill P.C., insurance counsel to the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), submits this fee statement for the period January 1, 2019 through January 31, 2019 (the "**Eleventh Fee Statement**")[2] pursuant to the Court's *Administrative Fee Order Establishing Certain Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals Retained By Order of this Court, dated December 18, 2018* [Docket No. 345] (the "**Administrative Order**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

[2] Anderson Kill was retained in these chapter 11 cases to represent the Debtors in insurance coverage matters, including litigation pending in state court in New York, pursuant to the *Order Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals*, dated November 1, 2018 [Docket No. 242] and *Amended Order Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals*, dated February 28, 2019 [Docket No. 496] (collectively, the "OCP Orders").
.

Pursuant to the Administrative Order, responses to the Eleventh Fee Statement, if any, are due by March 2, 2020.

Dated: February 21, 2020

Respectfully submitted,

**ANDERSON KILL P.C.**

/s/ *Cort T. Malone*
Cort T. Malone, Esq.
Mark D. Silverschotz, Esq.
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000 (Telephone)
(212) 278-1733 (Facsimile)
cmalone@andersonkill.com
msilverschotz@andersonkill.com

*Insurance Counsel to the Debtors and
Debtors-in-Possession*

docs-100226739.2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

### D.N.J. LBR 2016-1, FEE APPLICATION COVER SHEET

| | |
|---|---|
| IN RE: Duro Dyne National Corp., *et al.,*[1] | APPLICANT: Anderson Kill P.C. |
| CASE NO.: 18-27963 (MBK) | CLIENT: Chapter 11 Debtors |
| CHAPTER: 11 | CASE FILED: September 7, 2018 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER
PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. SECTION 1746

RETENTION ORDER(S) ATTACHED[2]

**TENTH MONTHLY FEE STATEMENT OF ANDERSON KILL P.C.,
INSURANCE COUNSEL TO THE DEBTORS, FOR THE PERIOD
JANUARY 1, 2019 THROUGH JANUARY 31, 2019**

### SECTION I
### FEE SUMMARY

| | FEES | EXPENSES |
|---|---|---|
| TOTAL PREVIOUS FEES REQUESTED | **$405,367.00** | **$835.73** |
| TOTAL FEES ALLOWED TO DATE | **$391,639.00** | **$835.73** |
| TOTAL RETAINER REMAINING[3] | **N/A** | **N/A** |
| TOTAL HOLDBACK (IF APPLICABLE) | **$21,278.50** | **N/A** |
| TOTAL RECEIVED BY ANDERSON KILL | **$331,137.00** | **$785.73** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

[2] Anderson Kill was retained in these chapter 11 cases to represent the Debtors in insurance coverage matters, including litigation pending in state court in New York, pursuant to the *Order Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals*, dated November 1, 2018 [Docket No. 242] and *Amended Order Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals*, dated February 28, 2019 [Docket No. 496] (collectively, the "OCP Orders").

[3] Prior to the Petition Date, Anderson Kill was retained to represent the Debtors in insurance coverage matters, including litigation pending in state court in New York. Anderson Kill was paid for all amounts owed for legal services rendered prior to the Petition Date and held no retainer thereafter for services and expenses incurred during these Chapter 11 Cases.

| | |
|---|---|
| FEE TOTALS - PAGE 2 | $28,730.50 |
| DISBURSEMENTS TOTALS - PAGE 3 | +   $  0.00 |
| TOTAL FEE APPLICATION | $28,730.50 |
| MINUS 20% HOLDBACK | -   $5,747.10 |
| AMOUNT SOUGHT AT THIS TIME | $22,984.40 |

| Name of Professional | Year Admitted | Title/Department | Hours | Rate | Fee |
|---|---|---|---|---|---|
| | | | | | |
| William G. Passannante | 1990 | Shareholder/Insurance | 0.20 | 935.00 | 187.00 |
| Cort T. Malone | 2003 | Shareholder/Insurance | 36.90 | 745.00 | 27,490.50 |
| Raymond A. Mascia, Jr. | 2010 | Shareholder/Insurance | 1.80 | 585.00 | 1053.00 |
| **Total Fees** | | | **38.90** | | **$28,730.50** |
| **Attorney Blended Rate** | | | | **$738.50** | |

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| Opposition to Relief from Stay of Insurance Case | 0 | $0 |
| Drafting and Responding to Discovery | 0 | $0 |
| Drafting and Responding to Objections | | |
| Drafting and Editing Briefing and Submissions | 4.80 | $3,576.00 |
| Claims Evaluation and Related Motion Practice | 1.50 | $1,117.50 |
| Prepare, Attend and Argue at Court Hearings | 0.30 | $223.50 |
| Settlement Negotiations, Analyses, and Meetings | 3.60 | $2,682.00 |
| Insurance Case Work | 28.70 | $21,131.50 |
| Work related to UST and North River Appeals | 0 | $0 |
| **SERVICE TOTALS** | **38.90** | **$28,730.50** |

docs-100226739.2

## SECTION III
## SUMMARY OF DISBURSEMENTS

|  | AMOUNT |
|---|---|
|  |  |
| **TOTAL DISBURSEMENTS** | **$0.00** |

## SECTION IV
## CASE HISTORY

(NOTE: Items 3 - 6 are not applicable to applications under 11 U.S.C. §506)

(1)    DATE CASE FILED: September 7, 2018

(2)    CHAPTER UNDER WHICH CASE WAS COMMENCED: 11

(3)    DATE OF RETENTION:  November 1, 2018, effective as of September 7, 2018 [Docket No. 242].

(4)    SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED:

Anderson Kill's primary focus has been in connection with the insurance coverage litigation pending in New York State Supreme Court, Suffolk County, captioned *The North River Insurance Company v. Duro Dyne National Corporation, et al.*, Index No. 062947/2013.  In connection with these Chapter 11 cases, however, the Debtor has called upon Anderson Kill to offer advice, draft and review pleadings, and otherwise become engaged at the confluence of insurance coverage and bankruptcy issues.  Accordingly, given the manner in which the Chapter 11 Cases have experienced an extended tenure before the Bankruptcy Court, Anderson Kill's aggregate work product expanded beyond that which reasonably was anticipated at the commencement of the case, including:

a)    Anderson Kill reviewed and analyzed the insurance companies' requests for production of documents, participated in drafting and editing the responses to same and discovery requests to be served on the insurance companies;

b)    Anderson Kill attended to a stay relief motion, including briefing in support of stay relief strategy and preparing for and attending a hearing on the stay motion;

c)    Anderson Kill provided input regarding confirmation issues, including attendance at portions of the confirmation hearings;

d)    Anderson Kill prepared for, attended, and argued at other hearings, including the claims valuation hearing;

-3-

e)   Anderson Kill prepared for and participated in settlement negotiations, drafting and editing settlement agreements, and mediation submissions regarding North River's and other insurance company claims;

f)   Anderson Kill worked on briefing and other necessary submissions, including research, drafting, and editing same;

g)   Anderson Kill prepared for court hearings, including necessary research and preparation for oral arguments;

h)   Anderson Kill attended to various claims issues, including (i) the estimation and treatment of insurance company claims; and (ii) reviewing and analyzing North River Insurance Company's 3018 motion and preparing and filing an objection thereto; and

i)   Anderson Kill performed all other legal services for the Debtors that were necessary and proper in these proceedings and in furtherance of the Debtors' needs.

(5)   ANTICIPATED DISTRIBUTION TO CREDITORS:

| | | |
|---|---|---|
| (A) | ADMINISTRATION EXPENSES: | (100%) |
| (B) | SECURED CREDITORS: | (100%) |
| (C) | PRIORITY CREDITORS: | (100%) |
| (D) | GENERAL UNSECURED CREDITORS: | (100%) |

(6)   FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITORS (IF APPLICABLE):  Final disposition of case and dividend are unknown at this time.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  February 21, 2020

/s/ *Cort T. Malone*_____ _____
Cort T. Malone, Esq.

-4-

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtor and
Debtor in Possession*

Order Filed on November 1, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

Duro Dyne National Corp., *et al.*[1]

               Debtors.

Chapter 11

Case No. 18-27963 (MBK)

(Jointly Administered)

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE
## ORDINARY COURSE PROFESSIONALS

      The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

**DATED: November 1, 2018**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:       2
Debtor:     Duro Dyne National Corp., et al.
Case No.:   18-27963 (MBK)
Caption:    Order Authorizing The Debtors to Employ and Compensate Ordinary Course Professionals

**THIS MATTER** having been opened by the above-captioned debtors and debtors in possession (the "Debtors") upon the motion (the "Motion") for entry of an order, pursuant to sections 105(a), 327(e), 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Debtor to employ and compensate Ordinary Course Professionals,[2] as more fully described in the Motion; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

## IT IS HEREBY ORDERED THAT:

1.      To the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ the Ordinary Course Professionals, effective as of the Petition Date.

2.      The following procedures shall be followed with respect to the retention and compensation of the Ordinary Course Professional:

a)      Each proposed Ordinary Course Professional must prepare a declaration pursuant to §327(a) of the Bankruptcy Code, and substantially in the form annexed hereto as Exhibit A, setting forth that such proposed Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or to their estates on the matters for which it is to be retained (the "Retention Declaration");

b)      The Retention Declaration shall be filed with the Court and served on (i) the United States Trustee for the District of New Jersey (the "U.S. Trustee"), (ii) counsel for 4 Site, LLC; (iii) counsel to the Official Committee of Asbestos Claimants (the "Committee"); (iv) counsel to the prepetition Legal Representative for future asbestos claimants; (v) each person who filed a notice of appearance with the Court pursuant to Bankruptcy Rule 2002; (vi) the Debtors' twenty

---

[2]      Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

Page:      3
Debtor:    Duro Dyne National Corp., et al.
Case No.:  18-27963 (MBK)
Caption:   Order Authorizing The Debtors to Employ and Compensate Ordinary Course Professionals

---

largest creditors; and (vii) all Ordinary Course Professionals within thirty (30) days of the later of: (i) the entry of the Order granting this Application, or (ii) the engagement of such Ordinary Course Professional by the Debtors; and

c)  Any party-in-interest may file an objection to any filed Retention Declaration (each, a "Retention Objection"). Retention Objections must be filed with the Court and served on counsel to the Debtors within fifteen (15) days of service of the Retention Declaration in question (the "Objection Deadline").

3.  The Debtors may, but are not required to, pay to each Ordinary Course Professional 100% of such professional's fees and expense disbursements in the ordinary course of business without further application to the Court. Such payments shall be made following the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), up to the lesser of (a) $25,000 per month or (b) a total of $75,000 during the pendency of these Chapter 11 Cases, per Ordinary Course Professional (the "OCP Cap"). Payments can be made but not before five (5) business days after submission of an invoice to the Debtors, the Committee, the legal representative and the US Trustee;

4.  In the event that an Ordinary Course Professional seeks compensation in an amount greater than the OCP Cap, such Ordinary Course Professional shall be required to file a fee application for the full amount of its fees in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and the Fee Guidelines promulgated by the United States Trustee.

5.  The Debtors may replace any of the Ordinary Course Professionals with other professionals or professional firms who perform similar services, and to retain and compensate such additional Ordinary Course Professionals as needed during the pendency of these Chapter 11 Cases, subject to satisfaction of the requirements set forth herein. In such event, the Debtors shall file a supplemental list ("Supplemental List of Ordinary Course Professionals") with this

Page:      4
Debtor:    Duro Dyne National Corp., et al.
Case No.:  18-27963 (MBK)
Caption:   Order Authorizing The Debtors to Employ and Compensate Ordinary Course Professionals

---

Court and to serve it on (i) the United States Trustee, (ii) counsel to the Prepetition Lender, (iii) counsel for the legal representative, and (iv) counsel to any official statutory committee appointed in these Chapter 11 Cases.  Any supplemental ordinary course professional included in the Supplemental List of Ordinary Course Professionals must complete, file and serve a Retention Declaration pursuant to the procedure provided in paragraph 2(b) of this order. Paragraph 2(c) applies to any objections to any Retention Declarations.

6.       If no objections are filed to any Supplemental List of Ordinary Course Professionals within fifteen (15) days after service thereof, such supplemental ordinary course professional shall be deemed approved by the Court without the necessity of further hearing or order of the Court.

7.       The Debtors, the U.S. Trustee, the Committee and the legal representative's counsel's right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

8.       The Debtors may seek Court approval to expand or otherwise modify the terms of the Order should the Debtors determine it is necessary to do so in their business judgment.

9.       Other than Ordinary Course Professionals, all attorneys employed by the Debtor during this chapter 11 case shall be retained by the Debtor pursuant to separate retention applications, and such professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of this Court.

10.      The Debtors are authorized to employ and pay the fees and expenses incurred by Ordinary Course Professionals subject to the following:

> The Debtors shall file a final statement within the time established for professionals to file their final fee applications (the "Final Statement") and such statements shall include the following information: (a) the aggregate amount paid to the Ordinary Course Professional during the previous 90 days; and (b) a general description of the services rendered by the Ordinary Course Professional during such period. The Final Statement shall be served upon counsel for the Committee, counsel for the legal representative, and the Office of the United

Page:      5
Debtor:    Duro Dyne National Corp., et al.
Case No.:  18-27963 (MBK)
Caption:   Order Authorizing The Debtors to Employ and Compensate Ordinary Course Professionals

---

States Trustee, who shall have 20 days to file an objection with the Court, pursuant to 11 U.S.C. § 330.

11.     The notice procedures set forth in the Motion are good and sufficient notice and satisfy Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and be heard at a hearing.

12.     The Debtor is authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

13.     This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order.

## EXHIBIT A

Sample Retention Declaration

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to the Debtor and
Debtor in Possession*

---

In re:

Duro Dyne National Corp., *et al.*[1]

                        Debtors.

Chapter 11

Case No. 18-27963 (MBK)

(Jointly Administered)

## DECLARATION IN SUPPORT OF EMPLOYMENT OF [INSERT NAME] AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, **[INSERT NAME]**, declare as follows:

1.      I am the **[INSERT TITLE/POSITION]** in the firm of **[INSERT NAME]** (the "**Firm**"), which maintains an office at **[INSERT ADDRESS].** The Firm provides professional services to the above-captioned debtors and debtors-in-possession (the "**Debtors**") in the ordinary course of their businesses. This declaration is submitted pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), in compliance with the Order Authorizing the Employment and Compensation of Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "**Ordinary Course Professionals Order**").

2.      The professional services the Firm will render to the Debtors include, but shall not be limited to **[INSERT DESCRIPTION OF SERVICES TO BE PROVIDED]**.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

3.       Prior to September 7, 2018 (the "**Petition Date**"), the Firm provided professional services to the Debtors.

4.       As of the Petition Date, the Debtors owed the Firm [$ _____] in connection with prepetition professional services rendered to the Debtors.

5.       Neither I, nor any member, associate, or employee of the Firm, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party-in-interest herein, except as set forth hereinafter:

**[INSERT INFORMATION ABOUT POTENTIAL CONFLICTS, IF ANY]**

6.       The Firm may, from time to time, represent various other parties who are creditors of the Debtors in matters wholly unrelated to the scope of the Firm's representation of the Debtors.  The Firm is not aware of any dispute between the Debtors and any such creditors that appears to be material to the Firm's representation of the Debtors.

7.       Subject to the disclosures contained in this declaration, the Firm has no interest materially adverse to the interests of the estate, any class of creditors, any other party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee.

8.       The Firm intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases directly to the Debtors, in accordance with the Ordinary Course Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm.  The Firm understands that, pursuant to the Ordinary Course Professionals Order, services rendered to the Debtors resulting in fees of more than $25,000 per month and $75,000 in the aggregate during the pendency of these Chapter 11 Cases will require that such Ordinary Course Professional file a fee application for the full amount of its fees in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and the Fee Guidelines promulgated by the United States Trustee, and will require entry of an order of the Court authorizing such higher amount.

The principal members, associates, and/or employees of the Firm designated to represent the Debtors, and their current standard hourly rates, are:

[_____] [$_____ **per hour**

[_____] [$_____ **per hour**

[_____] [$_____ **per hour**

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, and are subject to periodic adjustments to reflect the economy and other conditions.  The rates are set at a level designed to fairly compensate the Firm for the work of its members, associates, and/or employees, and to cover fixed and routine overhead expenses. **[INCLUDE STATEMENT RE FEE INCREASES]**

It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, **[travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, temporary employment of additional staff, overtime meals, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client].**  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

Except as provided in the Ordinary Course Professionals Order, no representations or promises have been received by the Firm or by any member, partner, counsel, associate, or employee thereof as to compensation in connection with these Chapter 11 Cases, other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

**WHEREFORE**, affiant respectfully submits this Declaration in Support of Employment

of **[INSERT FIRM NAME]** as a Professional Utilized in the Ordinary Course of Business.


Dated: _____, 2018          _____

                                   **[INSERT NAME]**

**[INSERT ADDRESS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the Debtor and*
*Debtor in Possession*

In re:

Duro Dyne National Corp., *et al.*[1]

                                    Debtors.

**Order Filed on February 28, 2019**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

Chapter 11

Case No. 18-27963 (MBK)

(Jointly Administered)

## AMENDED ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE ORDINARY COURSE PROFESSIONALS

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: February 28, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

**THIS MATTER** having been opened by the above-captioned debtors and debtors in possession (the "Debtors") upon the motion (the "Motion") for entry of an amended order (the "Amended Order"), pursuant to sections 105(a), 327(e), 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Debtor to employ and compensate Ordinary Course Professionals,[2] as more fully described in the Motion; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED THAT:**

1.      Except as set forth in this Amended Order, the provisions of the Original Ordinary Course Professionals Order [Dkt. 242] shall remain in full force and effect.

2.      The Debtors may, but are not required to, pay to each Ordinary Course Professional 100% of such professional's fees and expense disbursements in the ordinary course of business without further application to the Court. Such payments shall be made following the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), up to the lesser of (a) $25,000 per month or (b) a total of $150,000 during the pendency of these Chapter 11 Cases, per Ordinary Course Professional (the "OCP Cap"). Payments can be made but not before five (5) business days after submission of an invoice to the Debtors, the Committee, the legal representative and the US Trustee.

---

[2]      Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

# EXHIBIT A

Professional services rendered by Anderson Kill P.C. from
January 1, 2019 through January 31, 2019

BILLING MEMORANDUM NO. 245764
Thru 01/31/20

| | | | | | |
|---|---|---|---|---|---|
| Client | 102620 | DURO DYNE CORP. | Billing Timekeeper | 03218 | Malone, Cort T. |
| Matter | DDC02 | INSURANCE | Responsible Timekeeper | 03218 | Malone, Cort T. |

| | | | |
|---|---|---|---|
| Fees selected through: 01/31/20 | Date Opened: 06/13/13 | Close Matter ? | Yes No |
| Disbursements selected through: 01/31/20 | Matter Type: Insurance Coverage | Hold this Bill ? | Yes No |
| Matter Rate Level | 1 | | |
| Department | 0300 | | |
| Office Location | 01 | | |

| | UNBILLED | AMT TO BILL |
|---|---|---|
| FEES | 28,730.50 | _____ |
| DISBURSEMENTS | 0.00 | _____ |
| **UNBILLED TOTAL** | 28,730.50 | _____ |
| TOTAL MATTER UNAPPLIED CREDIT AVAILABLE | 0.00 | _____ |
| TOTAL MATTER RETAINER AVAILABLE | 0.00 | _____ |
| TOTAL CLIENT UNAPPLIED CREDIT AVAILABLE | 0.00 | _____ |
| TOTAL CLIENT RETAINER AVAILABLE | 0.00 | _____ |
| MATTER OPEN ACCOUNTS RECEIVABLE | 54,991.50 | _____ |
| **TOTAL INVESTMENT** | $83,722.00 | _____ |

**BILLING INSTRUCTIONS**

**Matter Billing History**

| | Year To Date | | Since Inception | | Last Bill/Payment |
|---|---|---|---|---|---|
| | Fees | Disbursements | Fees | Disbursements | Date |
| Amount Billed | 17,160.00 | 0.00 | 2,040,656.89 | 37,692.04 | |
| Amount Received | 0.00 | 0.00 | 1,985,614.87 | 37,642.04 | |
| Last Bill Amount | 37,781.50 | 50.00 | | | 02/18/20 |

Case 18-27963-MBK    Doc 1064    Filed 02/21/20    Entered 02/21/20 16:56:25    Desc
Document    Page 20 of 24

Date: 02/18/20

BILLING MEMORANDUM NO. 245764
Thru 01/31/20

Last Payment Amount          22,720.50          0.00                                    12/27/19

**Timekeeper Summary**

| | Timekeeper | Rate | Hrs. | Fees | Edit |
|---|---|---|---|---|---|
| 03631 | Passannante, William G | 935.00 | 0.20 | 187.00 | |
| 03218 | Malone, Cort J | 745.00 | 36.90 | 27,490.50 | |
| 05145 | Mascia, Jr., Raymond A | 585.00 | 1.80 | 1,053.00 | |
| | **Total Timekeeper Amounts** | | 38.90 | 28,730.50 | |

BILLING MEMORANDUM NO. 245764
Thru 01/31/20

| Client | 102620 | DURO DYNE CORP. | | Billing Timekeeper | 03218 | Malone, Cort T. |
| Matter | DDC02 | INSURANCE | | Responsible Timekeeper | 03218 | Malone, Cort T. |

* * *   U N B I L L E D   T I M E   * * *

| DATE | TIME ID | TKPR | PHASE | TASK | ACT | WORKED TIME | WORKED VALUE | BILLED HOURS | BILLED VALUE | NARRATIVE |
|------|---------|------|-------|------|-----|-------------|--------------|--------------|--------------|-----------|
| 01/03/20 | 3568155 | CTM | | | | 2.90 | 2,160.50 | 2.90 | 2,160.50 | Reviewed bankruptcy filing and emails exchanged with LS re same.   Continued preparation for insurance case argument scheduled for 1/21. |
| 01/06/20 | 3570176 | CTM | | | | 1.90 | 1,415.50 | 1.90 | 1,415.50 | Call with MidStates' counsel.   Emails exchanged with client and counsel re requesting adjournment of NY case.   Follow up re same, prep for argument. |
| 01/07/20 | 3570192 | CTM | | | | 1.00 | 745.00 | 1.00 | 745.00 | Worked with RM re adjournment request and letter to court.   Emails exchanged with JP re settlement talks status with NR and ACC.   Reviewed order re deposition. |
| 01/08/20 | 3570203 | CTM | | | | 0.50 | 372.50 | 0.50 | 372.50 | Worked with RM re adjournment request letter to the court.   Reviewed same and confirmed filing of same. |
| 01/08/20 | 3570088 | RAM | | | | 1.00 | 585.00 | 1.00 | 585.00 | Attention to and filing of letter to Court regarding request for adjournment of oral argument on motions for summary judgment. |
| 01/09/20 | 3570229 | CTM | | | | 2.90 | 2,160.50 | 2.90 | 2,160.50 | Reviewed letter from NR.   Emails exchanged with client and ACC counsel re same.   Continued prep for potential argument on 1/21. |
| 01/10/20 | 3570303 | CTM | | | | 2.80 | 2,086.00 | 2.80 | 2,086.00 | Emails exchanged with all counsel re call to discuss adjournment request.   Follow up re same.   Continued prep for argument, review of NY case law re different treatment of defense and indemnity costs under insurance policies. |
| 01/13/20 | 3572003 | CTM | | | | 1.40 | 1,043.00 | 1.40 | 1,043.00 | Emails exchanged with counsel scheduling call with court.   Prep for same and emails exchanged with client re same.   Follow up with JP re talks with ACC. |
| 01/14/20 | 3572010 | CTM | | | | 1.70 | 1,266.50 | 1.70 | 1,266.50 | Emails exchanged with VM/RM and continued prep for call with court.   Argued for adjournment during call with court and follow up reports to clients and ACC counsel re same.   Emails exchanged with JP re same, settlement issues. |
| 01/14/20 | 3572471 | RAM | | | | 0.70 | 409.50 | 0.70 | 409.50 | Prepared for and participated in conference call with the Court regarding motion to adjourn summary judgment arguments. |

Case 18-27963-MBK    Doc 1064    Filed 02/21/20    Entered 02/21/20 16:58:25    Desc
Document    Page 22 of 24

| DATE | TIME ID | TKPR | PHASE | TASK | ACT | WORKED TIME | WORKED VALUE | BILLED HOURS | BILLED VALUE | NARRATIVE |
|------|---------|------|-------|------|-----|-------------|--------------|--------------|--------------|-----------|
| 01/15/20 | 3572020 | CTM | | | | 1.50 | 1,117.50 | 1.50 | 1,117.50 | Drafted bankruptcy filing and emails exchanged with LS re filing same. |
| 01/16/20 | 3572021 | CTM | | | | 1.60 | 1,192.00 | 1.60 | 1,192.00 | Follow up with NY court clerk re adjournment of hearing date.   Follow up with LS re edited filing; reviewed same. |
| 01/17/20 | 3572034 | CTM | | | | 0.90 | 670.50 | 0.90 | 670.50 | Call with JP and clients re settlement status and talks with ACC.   Follow up with JP re 1/23 bankruptcy hearing, depo costs issue. |
| 01/20/20 | 3572038 | CTM | | | | 1.00 | 745.00 | 1.00 | 745.00 | Prep, call, and follow up with ACC, Jeff and Abby re various options for pursuing North River settlement and case resolution. |
| 01/21/20 | 3574330 | CTM | | | | 1.80 | 1,341.00 | 1.80 | 1,341.00 | Follow up work with RM re Danaher case, potential appeal re critical allocation rulings in same. Researched additional recent allocation law cases. |
| 01/22/20 | 3574347 | CTM | | | | 0.70 | 521.50 | 0.70 | 521.50 | Respond to client inquiries re upcoming deposition and North River settlement issues.   Follow up re same. |
| 01/24/20 | 3574381 | CTM | | | | 2.90 | 2,160.50 | 2.90 | 2,160.50 | Continued research and review of case law in NY and elsewhere to counter allocation arguments re defense costs.   Added findings to outline for argument. |
| 01/27/20 | 3576578 | CTM | | | | 3.40 | 2,533.00 | 3.40 | 2,533.00 | Continued research re NY allocation law issues and recent cases.   Follow up work on client request re potential D&O claims and extension of coverage with Zurich.   Worked with BP/MS re same and drafted response to client re same. |
| 01/28/20 | 3576609 | CTM | | | | 1.30 | 968.50 | 1.30 | 968.50 | Reviewed bankruptcy filing and emails exchanged with LS re same.   Follow up with JP re North River status. Follow up re CA deathbed depo. |
| 01/28/20 | 3576095 | WGP | | | | 0.20 | 187.00 | 0.20 | 187.00 | Attention to bankruptcy question. |
| 01/29/20 | 3576621 | CTM | | | | 1.90 | 1,415.50 | 1.90 | 1,415.50 | Worked with RM re prep for hearing in insurance case. |
| 01/30/20 | 3576629 | CTM | | | | 2.90 | 2,160.50 | 2.90 | 2,160.50 | Follow up work re bankruptcy claims and D&O issues. Continued review of case law re allocation issues and recent relevant bankruptcy decisions. |
| 01/31/20 | 3576641 | CTM | | | | 1.90 | 1,415.50 | 1.90 | 1,415.50 | Continued work with RM re upcoming insurance case hearing, latest NY law on allocation re same. |
| 01/31/20 | 3576645 | RAM | | | | 0.10 | 58.50 | 0.10 | 58.50 | Conferred by e-mail with counsel for North River regarding summary judgment argument date. |

| DATE | TIME ID | TKPR | PHASE | TASK | ACT | WORKED TIME | WORKED VALUE | BILLED HOURS | BILLED VALUE | NARRATIVE |
|------|---------|------|-------|------|-----|-------------|--------------|--------------|--------------|-----------|
|      |         |      |       |      |     | 38.90       | 28,730.50    | 38.90        | 28,730.50    | **TOTAL UNBILLED TIME** |

**TOTAL UNBILLED TIME**          **$28,730.50**
**MATTER TOTAL**                **$28,730.50**