| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>John A. Fialcowitz, Esq.<br>THE LAW OFFICE OF JOHN A. FIALCOWITZ<br>89 Headquarters Plaza North, Ste. 1216<br>Morristown, New Jersey 07960<br>973.532.7208<br>john@fialcowitzlaw.com<br><br>*Local Counsel for the Official Committee of Asbestos Claimants* | **Order Filed on June 4, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>DURO DYNE NATIONAL CORP., *et al.*,<br><br>Debtors.[1] | Case No. 18-27963-MBK<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER APPROVING FIFTH INTERIM FEE APPLICATION
OF CAPLIN & DRYSDALE, CHARTERED FOR ALLOWANCE
OF FEES AND REIMBURSEMENT OF EXPENSES**

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: June 4, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page: 2
Debtors: Duro Dyne National Corp., *et al*
Case No.: 18-27963 (MBK)
Caption: Order Approving Fifth Interim Fee Application of Caplin & Drysdale, Chartered for Allowance of Fees and Reimbursement of Expenses

---

Upon the *Fifth Interim Fee Application of Caplin & Drysdale, Chartered for Allowance of Fees and Reimbursement of Expenses* (the "Application");[2] and due and proper notice of the Application having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, dated September 18, 2012 (Simandle, C.J.); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the fees and expenses requested in the Application are reasonable and for necessary services provided,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved and granted as provided herein.

2. Caplin & Drysdale, Chartered, is hereby allowed a fifth interim allowance of compensation for services rendered as counsel to the Official Committee of Asbestos Claimants in the sum of $104,609.00 and reimbursement of costs incurred in the sum of $2,081.39 for the period of December 1, 2019, through March 31, 2020.

3. The Debtors are authorized and directed to make this payment of the outstanding amount of such sums to Caplin & Drysdale, Chartered.

4. This Court shall retain jurisdiction over any and all matters arising or related to the interpretation and/or implementation of this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.