UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Order Filed on June 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re: | Case No.: 18-27963 |
| Duro Dyne National Corp. | Adv. No.: |
| | Hearing Date: 6/4/20 |
| | Judge: Michael B. Kaplan |

FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION OF THE PLAN PROPONENTS PURSUANT TO 11 U.S.C. 107 (b), AND 105 (a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL CIVIL RULE 5.3. FOR AUTHORITY TO (I) FILE DOCUMENTS UNDER SEAL AND (II) REDACT COMMERCIALLY SENSITIVE, NON PUBLIC INFORMATION

The relief set forth on the following page is hereby ORDERED.

DATED: June 5, 2020

Honorable Michael B. Kaplan
United States Bankruptcy Judge

LOWENSTEIN
SANDLER LLP
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
krosen@lowenstein.com
jprol@lowenstein.com

*Counsel to the Debtors and
Debtors in Possession*

CAPLIN & DRYSDALE,
CHARTERED
James P. Wehner, Esq.
(admitted *pro hac vice*)
Jeffrey A. Liesemer, Esq.
(admitted *pro hac vice*)
One Thomas Circle, N.W.
Washington, DC 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
jwehner@capdale.com
jliesemer@capdale.com

*Counsel to the Asbestos
Claimants Committee*

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Edwin J. Harron, Esq.
Sara Beth A. R. Kohut, Esq.
(admitted *pro hac vice*)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6703
Facsimile: (302) 576-3298
eharron@ycst.com
skohut@ycst.com

*Counsel to the Legal
Representative*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al.*, | Case No. 18-27963-MBK |
| Debtors.[1] | (Jointly Administered) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION OF THE PLAN PROPONENTS PURSUANT TO 11 U.S.C. §§ 107(b) AND 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL CIVIL RULE 5.3 FOR AUTHORITY TO (I) FILE DOCUMENTS UNDER SEAL AND (II) REDACT COMMERCIALLY SENSITIVE, NONPUBLIC INFORMATION

The relief set forth on the following pages, numbered two (2) through and including six

(6) is hereby **ORDERED.**

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are:  Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:      2
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

THIS MATTER having come before the Court on the Plan Proponents' motion for an
Order pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of
Bankruptcy Procedure, and Rule 5.3 of the Local Civil Rules of the U.S. District Court for the
District of New Jersey ("**Local Civil Rules**") to (1) file under seal Exhibit A to the *Plan
Proponents' Motion Pursuant To Sections 105(a) and 363 of the Bankruptcy Code and
Bankruptcy Rule 2002, 6004 and 9019(a) for an Order Authorizing and Approving the Debtors'
Entry into a Settlement Agreement with The North River Insurance Company and Authorizing
the Sale of Policies Free and Clear of Liens, Claims, Interests and Other Encumbrances* (the
"**9019 Motion**"), and (2) redact commercially sensitive information—namely, the settlement
amount to be paid by North River—from the publicly available version of Exhibit A to the 9019
Motion; and

Local Civil Rule 5.3(c) requiring a showing of (a) the nature of the materials or
proceedings at issue; (b) the legitimate private or public interests warranting the relief sought; (c)
the clearly defined and serious injury that would result if the relief sought is not granted; and (d)
why a less restrictive alternative to the relief sought is not available;

The Court makes the following Findings of Fact and Conclusions of Law, pursuant to
Local Civil Rule 5.3(c)(5):[2]

## **FINDINGS OF FACT**

1.      On September 7, 2018, the Debtors commenced their respective reorganization
cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors continue to operate their business and manage their property

---

[2]    Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the 9019
Motion.

Page:    3
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been

appointed in this case.

3.    On June 6, 2019, the Debtors filed the Third Amended Prenegotiated Plan of

Reorganization for Duro Dyne National Corp., *et al*., Under Chapter 11 of the Bankruptcy

Code, as Modified, ECF No. 729 ("**Plan**"), which, *inter alia*, provides that current Asbestos

Claims and future asbestos-related Demands will be permanently channeled to a trust established

under section 524(g) of the Bankruptcy Code ("**Trust**") and resolved in accordance with the

applicable trust distribution procedures.

4.    On July 16, 2019, the Court issued a Report and Recommendation for Entry of:

(A) Findings of Fact and Conclusions of Law with Respect to the Third Amended Plan of

Reorganization; and (B) Confirmation Order, recommending that the District Court confirm the

Plan and issue the Plan-related Injunctions, including the Asbestos Permanent Channeling

Injunction under section 524(g) of the Bankruptcy Code.

5.    The Debtors and North River have negotiated and reached a proposed

compromise and settlement, the terms and conditions of which are set forth in a certain

Settlement Agreement and Release ("**Agreement**") that is the subject of the 9019 Motion.  If

approved, the Agreement will resolve the Coverage Action and cause North River to withdraw

its objections to the Plan.  The Committee and the FCR have consented to this proposed

compromise and settlement, as set forth in the Agreement.

## CONCLUSIONS OF LAW

6.    Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to

protect entities from potential harm caused by the disclosure of confidential information.  In

Page:      4
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

7.      Pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

8.      Further, section 105(a) of the Bankruptcy Code grants the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).

9.      Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to protect business entities from disclosure of information that reasonably could be expected to cause commercial injury to the entity.  *See, e.g., In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006).  Such information need not rise to the level of a "trade secret" to be protected.  *See id.*  Courts have concluded that section 107(b) is "generally intended to protect debtors as they would be protected in the commercial setting, when such protection does not compromise the public's need or right to have access to bankruptcy cases."  *In re Hemple*, 295 B.R. 200, 201 (Bankr. D. Vt. 2003).  Bankruptcy courts in particular "must deny access to judicial documents [ ] where an open inspection may be used as a vehicle for improper purposes."  *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (D. Del. 2018)

Page:    5
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:    18-27963 (MBK)
Caption:    Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

(citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

10.    The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2017 U.S. Dist. LEXIS 221058. Local Civil Rule 5.3 governs requests "by a party or parties to seal, or otherwise restrict public access to, any materials filed with the Court[.]" L. Civ. R. 5.3. Under Local Civil Rule 5.3, good cause for sealing exists when a party makes a particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking closure. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (explaining that "orders of confidentiality . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings").

11.    Courts in this district have permitted the sealing of settlement agreements by disclosing the "general elements" of those agreements, "while at the same time protecting the confidentiality of the particulars" of the agreement. *See, e.g., Starbucks Corp. v. Wellshire Farms, Inc.*, CIV. 14-0041 NLH/AMD, 2015 WL 1105691, at *3 (D.N.J. Mar. 11, 2015) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

12.    Here, the Plan Proponents seek to seal only the settlement amount contained in the Agreement ("**Settlement Amount**"). If the Settlement Amount is not protected, sensitive information relating to the Debtors' agreement with North River will be in the public domain. Outside of the bankruptcy context, nonparties to a settlement agreement typically would have no right to access any information regarding the Debtors' settlement agreements. Permitting such access here would contradict section 107's purpose of "protect[ing] debtors as they would be protected in the commercial setting" and may chill the Debtors' or the Trust's negotiations with

Page:      6
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

other parties. *Id.* at 201.

13.      In addition, such disclosure may seriously impair the ability of other debtors to

settle with their insurers for appropriate sums.  Insurer disputes in the mass tort context often

involve similar, if not identical, issues to those that were settled with North River.  While the

Debtors believe the Settlement Amount represents a reasonable compromise based on the

parties' evaluation of their respective positions and their interest in avoiding the delay,

uncertainty, and expense inherent in continuing litigation, other insurers may seek to use the

Settlement Amount as leverage in their own negotiations with similarly-situated debtors.

14.      The Debtors' interest in protecting their confidential information outweighs any

public interest in the disclosure of the information.  All other parties with a legitimate interest in

knowing the Settlement Amount—*i.e.*, the Committee and the FCR—have been apprised of the

Settlement Amount and have approved the Agreement.

1.      Consistent with the standard set forth in *Starbucks Corp.,* the Plan Proponents'

proposed approach is the least restrictive means of protecting themselves from commercial

injury, as it contemplates redacting only the Settlement Amount in order to limit the sealed

information to the "particulars" of the Agreement requiring strict confidentiality.  *See* 2015 WL

1105691, at *3.

NOW, **THEREFORE**, it is, on this _____ day of _____, 2020,

**ORDERED** that Plan Proponents' motion to seal Exhibit A to the 9019 Motion is hereby

**GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall retain the unredacted version of Exhibit A

under seal.