UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Order Filed on June 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Duro Dyne National Corp.

Case No.: 18-27963

Adv. No.:

Hearing Date: 6/4/20

Judge: Michael B. Kaplan

FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION OF THE PLAN PROPONENTS PURSUANT TO 11 U.S.C. 107 (b), AND 105 (a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL CIVIL RULE 5.3. FOR AUTHORITY TO (I) FILE DOCUMENTS UNDER SEAL AND (II) REDACT COMMERCIALLY SENSITIVE, NON PUBLIC INFORMATION

The relief set forth on the following page is hereby ORDERED.

DATED: June 5, 2020

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

| | | |
|---|---|---|
| LOWENSTEIN SANDLER LLP<br>Kenneth A. Rosen, Esq.<br>Jeffrey D. Prol, Esq.<br>One Lowenstein Drive<br>Roseland, NJ 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br>krosen@lowenstein.com<br>jprol@lowenstein.com<br><br>*Counsel to the Debtors and Debtors in Possession* | CAPLIN & DRYSDALE, CHARTERED<br>James P. Wehner, Esq.<br>(admitted *pro hac vice*)<br>Jeffrey A. Liesemer, Esq.<br>(admitted *pro hac vice*)<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br>jwehner@capdale.com<br>jliesemer@capdale.com<br><br>*Counsel to the Asbestos Claimants Committee* | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Edwin J. Harron, Esq.<br>Sara Beth A. R. Kohut, Esq.<br>(admitted *pro hac vice*)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6703<br>Facsimile: (302) 576-3298<br>eharron@ycst.com<br>skohut@ycst.com<br><br>*Counsel to the Legal Representative* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DURO DYNE NATIONAL CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-27963-MBK<br><br>(Jointly Administered) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION OF THE PLAN PROPONENTS PURSUANT TO
11 U.S.C. §§ 107(b) AND 105(a), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL CIVIL RULE 5.3 FOR AUTHORITY TO
(I) FILE DOCUMENTS UNDER SEAL AND (II) REDACT
COMMERCIALLY SENSITIVE, NONPUBLIC INFORMATION**

The relief set forth on the following pages, numbered two (2) through and including six (6) is hereby **ORDERED.**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page:      2
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

THIS MATTER having come before the Court on the Plan Proponents' motion for an Order pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 5.3 of the Local Civil Rules of the U.S. District Court for the District of New Jersey ("**Local Civil Rules**") to (1) file under seal Exhibit A to the *Plan Proponents' Motion Pursuant To Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, 6004 and 9019(a) for an Order Authorizing and Approving the Debtors' Entry into a Settlement Agreement with The North River Insurance Company and Authorizing the Sale of Policies Free and Clear of Liens, Claims, Interests and Other Encumbrances* (the "**9019 Motion**"), and (2) redact commercially sensitive information—namely, the settlement amount to be paid by North River—from the publicly available version of Exhibit A to the 9019 Motion; and

Local Civil Rule 5.3(c) requiring a showing of (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests warranting the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available;

The Court makes the following Findings of Fact and Conclusions of Law, pursuant to Local Civil Rule 5.3(c)(5):[2]

## FINDINGS OF FACT

1.     On September 7, 2018, the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.     The Debtors continue to operate their business and manage their property

---

[2] Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the 9019 Motion.

Page:      3
Debtors:   Duro Dyne National Corp., *et al.*
Case No.:  18-27963 (MBK)
Caption:   Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

      3.      On June 6, 2019, the Debtors filed the Third Amended Prenegotiated Plan of Reorganization for Duro Dyne National Corp., *et al.*, Under Chapter 11 of the Bankruptcy Code, as Modified, ECF No. 729 ("**Plan**"), which, *inter alia*, provides that current Asbestos Claims and future asbestos-related Demands will be permanently channeled to a trust established under section 524(g) of the Bankruptcy Code ("**Trust**") and resolved in accordance with the applicable trust distribution procedures.

      4.      On July 16, 2019, the Court issued a Report and Recommendation for Entry of: (A) Findings of Fact and Conclusions of Law with Respect to the Third Amended Plan of Reorganization; and (B) Confirmation Order, recommending that the District Court confirm the Plan and issue the Plan-related Injunctions, including the Asbestos Permanent Channeling Injunction under section 524(g) of the Bankruptcy Code.

      5.      The Debtors and North River have negotiated and reached a proposed compromise and settlement, the terms and conditions of which are set forth in a certain Settlement Agreement and Release ("**Agreement**") that is the subject of the 9019 Motion.  If approved, the Agreement will resolve the Coverage Action and cause North River to withdraw its objections to the Plan.  The Committee and the FCR have consented to this proposed compromise and settlement, as set forth in the Agreement.

## CONCLUSIONS OF LAW

      6.      Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information.  In

Page:     4
Debtors:  Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption:  Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

7.  Pursuant to Bankruptcy Rule 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

8.  Further, section 105(a) of the Bankruptcy Code grants the Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).

9.  Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to protect business entities from disclosure of information that reasonably could be expected to cause commercial injury to the entity.  *See, e.g., In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006).  Such information need not rise to the level of a "trade secret" to be protected.  *See id.*  Courts have concluded that section 107(b) is "generally intended to protect debtors as they would be protected in the commercial setting, when such protection does not compromise the public's need or right to have access to bankruptcy cases."  *In re Hemple*, 295 B.R. 200, 201 (Bankr. D. Vt. 2003).  Bankruptcy courts in particular "must deny access to judicial documents [ ] where an open inspection may be used as a vehicle for improper purposes."  *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (D. Del. 2018)

Page:       5
Debtors:    Duro Dyne National Corp., *et al.*
Case No.:   18-27963 (MBK)
Caption:    Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

(citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

10.    The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2017 U.S. Dist. LEXIS 221058. Local Civil Rule 5.3 governs requests "by a party or parties to seal, or otherwise restrict public access to, any materials filed with the Court[.]" L. Civ. R. 5.3. Under Local Civil Rule 5.3, good cause for sealing exists when a party makes a particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking closure. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (explaining that "orders of confidentiality . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings").

11.    Courts in this district have permitted the sealing of settlement agreements by disclosing the "general elements" of those agreements, "while at the same time protecting the confidentiality of the particulars" of the agreement. *See, e.g., Starbucks Corp. v. Wellshire Farms, Inc.*, CIV. 14-0041 NLH/AMD, 2015 WL 1105691, at *3 (D.N.J. Mar. 11, 2015) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

12.    Here, the Plan Proponents seek to seal only the settlement amount contained in the Agreement ("**Settlement Amount**"). If the Settlement Amount is not protected, sensitive information relating to the Debtors' agreement with North River will be in the public domain. Outside of the bankruptcy context, nonparties to a settlement agreement typically would have no right to access any information regarding the Debtors' settlement agreements. Permitting such access here would contradict section 107's purpose of "protect[ing] debtors as they would be protected in the commercial setting" and may chill the Debtors' or the Trust's negotiations with

5

Page:     6
Debtors:  Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption:  Findings of Fact and Conclusions of Law and Order Granting Motion to Seal

other parties. *Id.* at 201.

13. In addition, such disclosure may seriously impair the ability of other debtors to settle with their insurers for appropriate sums. Insurer disputes in the mass tort context often involve similar, if not identical, issues to those that were settled with North River. While the Debtors believe the Settlement Amount represents a reasonable compromise based on the parties' evaluation of their respective positions and their interest in avoiding the delay, uncertainty, and expense inherent in continuing litigation, other insurers may seek to use the Settlement Amount as leverage in their own negotiations with similarly-situated debtors.

14. The Debtors' interest in protecting their confidential information outweighs any public interest in the disclosure of the information. All other parties with a legitimate interest in knowing the Settlement Amount—*i.e.*, the Committee and the FCR—have been apprised of the Settlement Amount and have approved the Agreement.

1. Consistent with the standard set forth in *Starbucks Corp.,* the Plan Proponents' proposed approach is the least restrictive means of protecting themselves from commercial injury, as it contemplates redacting only the Settlement Amount in order to limit the sealed information to the "particulars" of the Agreement requiring strict confidentiality. *See* 2015 WL 1105691, at *3.

**NOW, THEREFORE**, it is, on this ____ day of _____, 2020,

**ORDERED** that Plan Proponents' motion to seal Exhibit A to the 9019 Motion is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall retain the unredacted version of Exhibit A under seal.

6

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 18-27963-MBK
Duro Dyne National Corp.                                              Chapter 11
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin         Page 1 of 2         Date Rcvd: Jun 05, 2020
                        Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 07, 2020.
db              +Duro Dyne National Corp.,    100 Horizon Center Boulevard,    Hamilton, NJ 08691-1910

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2020                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 5, 2020 at the address(es) listed below:
              Carolyn Lachman    on behalf of Creditor    Pension Benefit Guaranty Corp lachman.carolyn@pbgc.gov,
               efile@pbgc.gov
              Christina Salem    on behalf of Interested Party    The North River Insurance Company
               christina.salem@kennedyscmk.com
              Christina Salem    on behalf of Interested Party    Hartford Accident and Indemnity Company
               christina.salem@kennedyscmk.com
              Daniel Keller    on behalf of Interested Party Daniel  Keller dkeller@kfjlegal.com
              Daniel Stolz    on behalf of Creditor    Sheet Metal, Air, Rail & Transportation Workers
               International Association, AFL-CIO dstolz@wjslaw.com,
               dstolz@ecf.inforuptcy.com;msousa@wjslaw.com;btorres@ecf.inforuptcy.com
              Daniel Wagner London, I    on behalf of Interested Party    MidStates Reinsurance Corporation
               dlondon@londonfischer.com
              Denise E. Carlon    on behalf of Loss Mitigation    Shellpoint Mortgage Servicing
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Edwin J Harron    on behalf of Attorney    Young Conaway Stargatt & Taylor, LLP eharron@ycst.com,
               dlaskin@ycst.com
              Edwin J Harron    on behalf of Other Prof. Lawrence  Fitzpatrick , dlaskin@ycst.com
              Jeffrey A. Cooper    on behalf of Creditor    4 Site, LLC jcooper@rltlawfirm.com,
               cooperatty@aol.com;rgaydos@rltlawfirm.com
              Jeffrey D. Prol    on behalf of Debtor    Duro Dyne National Corp. jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne Machinery jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Attorney    Lowenstein Sandler LLP jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne West jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor    Duro Dyne West Corp. jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor    Duro Dyne Machinery Corp. jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne Midwest jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Interested Party    Duro Dyne Corporation jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor    Duro Dyne MidWest Corp. jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Debtor    Duro Dyne Corporation jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
              Jeffrey D. Prol    on behalf of Other Prof.    Getzler Henrich & Associates, LLC
               jprol@lowenstein.com,
               jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com

```
District/off: 0312-3                  User: admin                  Page 2 of 2                  Date Rcvd: Jun 05, 2020
                                      Form ID: pdf903              Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Jeffrey D. Prol    on behalf of Attorney Cort T.  Malone jprol@lowenstein.com, jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
          Jeffrey D. Prol    on behalf of Noticing Agent    BMC Group, Inc. jprol@lowenstein.com, jkramer@lowenstein.com;dclaussen@lowenstein.com;lowenstein@ecfalerts.com;bnathan@lowenstein.com
          Jeffrey M. Sponder    on behalf of U.S. Trustee    U.S. Trustee jeffrey.m.sponder@usdoj.gov, jeffrey.m.sponder@usdoj.gov
          John A. Fialcowitz    on behalf of Attorney    Caplin & Drysdale, Chartered john@fialcowitzlaw.com
          John A. Fialcowitz    on behalf of Other Prof.    Charter Oak Financial Consultants, LLC john@fialcowitzlaw.com
          John A. Fialcowitz    on behalf of Spec. Counsel    Gilbert LLP john@fialcowitzlaw.com
          John A. Fialcowitz    on behalf of Attorney    The Law Office of John A. Fialcowitz, LLC john@fialcowitzlaw.com
          John A. Fialcowitz    on behalf of Creditor Committee    Official Committee of Asbestos Claimants john@fialcowitzlaw.com
          Jordan E. Jacobson    on behalf of Creditor    Pension Benefit Guaranty Corp jacobson.jordan@pbgc.gov, efile@pbgc.gov
          Kami Elizabeth Quinn    on behalf of Creditor Committee    Official Committee of Asbestos Claimants quinnk@gotofirm.com
          Karl J. Norgaard    on behalf of Unknown Role Type    Undisclosed Interested Party knorgaard@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com
          Mark S. Lichtenstein    on behalf of Interested Party    Federal Insurance Company mlichtenstein@crowell.com, mplevin@crowell.com;tyoon@crowell.com
          Matthew B. Heimann    on behalf of Creditor    Mestek, Inc. and Mestek Machinery, Inc. lrestivo@mccarter.com
          Mitchell  Hausman    on behalf of U.S. Trustee    U.S. Trustee Mitchell.B.Hausman@usdoj.gov
          Scott S. Rever    on behalf of Creditor    Sheet Metal, Air, Rail & Transportation Workers International Association, AFL-CIO srever@wjslaw.com, srever@ecf.inforuptcy.com;dmendez@wjslaw.com;dmendez@ecf.inforuptcy.com
          Sean M. Beach    on behalf of Other Prof. Lawrence  Fitzpatrick bankfilings@ycst.com
          Sommer Leigh Ross    on behalf of Interested Party    MidStates Reinsurance Corporation slross@duanemorris.com, AutoDocketWILM@duanemorris.com
          Stephen  Forte    on behalf of Interested Party    Hartford Accident and Indemnity Company stephen.forte@offitkurman.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com;awilliams@goodwin.com
          Stephen  Forte    on behalf of Interested Party    The North River Insurance Company stephen.forte@offitkurman.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com;awilliams@goodwin.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William E. McGrath, Jr    on behalf of Interested Party    Munich Reinsurance America, Inc. f/k/a American Re-Insurance Company wmcgrath@dilworthlaw.com

                                                                                                     TOTAL: 42