# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

LOWENSTEIN SANDLER LLP
Kenneth A. Rosen, Esq.
Jeffrey D. Prol, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| DURO DYNE NATIONAL CORP., *et al.*, | Case No. 18-27963-MBK |
| Debtors.[1] | Jointly Administered |

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND MUNICH REINSURANCE AMERICA, INC., AND AUTHORIZING THE SALE OF THE POLICIES (AS DEFINED IN THE SETTLEMENT AGREEMENT) FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND OTHER ENCUMBRANCES

The relief set forth on the following pages, numbered two (2) through and including thirteen (13), is hereby **ORDERED**.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Duro Dyne National Corp. (4664); Duro Dyne Machinery Corp. (9699); Duro Dyne Corporation (3616); Duro Dyne West Corp. (5943); and Duro Dyne Midwest Corp. (4662).

Page: 2
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

This matter came before the Court on the motion (the "Motion"), of Duro Dyne National Corp., Duro Dyne Corporation, Duro Dyne West Corp., Duro Dyne Midwest Corp., and Duro Dyne Machinery Corp., the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order pursuant to Sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to enter into a compromise and settlement with Munich Reinsurance America, Inc., f/k/a American Re-Insurance Company ("MRAm"), as set forth in the Settlement Agreement and Release (the "Agreement," a copy of which is attached to the Motion as Exhibit A), pursuant to which (among other things) the Debtors, on behalf of the Debtors' bankruptcy estates and the Duro Dyne Entities, will provide the MRAm Entities releases, as set forth in the Agreement; (ii) authorizing the sale of the Policies to MRAm pursuant to the terms and conditions of the Agreement, free and clear of all Interests; (iii) approving the Agreement in all respects; and (iv) enjoining various Claims against MRAm as described in Paragraph 8 below (the "Sale Injunction").[2] The appearances of all interested parties and all responses and objections to the motion, if any, have been duly noted in the record of the hearing held on March 6 & 7, 2019 (the "Hearing"). Upon the record of the Hearing, the Motion, said responses and objections, if any, and after due deliberation and sufficient cause appearing therefore, the Court hereby makes the following:

---

[2] Except as otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Agreement (as defined herein).

2

Page: 3
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

### Jurisdiction, Final Order and Statutory Predicates

A.  The Court has jurisdiction over the Motion and relief requested therein, including responses and objections thereto, if any, pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O), as to which this Court has the statutory and constitutional power to enter a final order. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

C.  The statutory predicates for the relief sought in the Motion are Sections 105(a), 363, and 541 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

### Retention of Jurisdiction

D.  It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, to the extent provided under 28 U.S.C. § 1334(b), any and all disputes arising from or relating to the Agreement.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

3

Page: 4
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

## Notice of the Motion

E.    The Debtors have provided due and adequate notice of the Motion, the Hearing, the Agreement and the subject matter thereof to all parties in interest pursuant to Bankruptcy Rules 2002 and 6004, in the manner authorized by this Court's Order (I) Authorizing the Listing of Addresses of Counsel for Personal Injury Claimants in Creditor Matrix in Lieu of Claimants' Addresses and (II) Approving Notice Procedures for Such Claimants that the Bankruptcy Court entered on September 11, 2018, in the Bankruptcy Cases [at ECF No. 36]. Such notice was good and sufficient under the particular circumstances, and no further notice is necessary. Without limiting the generality of the foregoing, adequate notice of the Motion, the Hearing and the Agreement has been provided, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded, to all parties-in-interest, including (i) the Committee, (ii) the FCR, (iii) all known claimants, including (a) all claimants or counsel for claimants who have voted on the Filed Plan, and (b) all such claimants who are known to the Debtors through participation in the Bankruptcy Cases, the filing of a prepetition lawsuit, or otherwise; (iv) the Office of the United States Trustee for Region 3; and (v) all other Persons that, as of the date the Motion was filed, had filed a notice of appearance and demand for service of papers in the Bankruptcy Cases or were otherwise listed on the master service list maintained by or on behalf of the Debtors in the Bankruptcy Cases.

## Sound Business Judgment and Reasonableness

F.    The relief requested in the Motion is in the best interests of the Debtors' bankruptcy estates, their creditors, claimants, and other parties-in-interest. The Debtors have demonstrated

Page: 5
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

good, sufficient, and sound business purposes and justifications for the relief requested in the Motion and the approval of the settlement contemplated thereby.

G.  The Agreement, including the sale of the Policies free and clear of any and all Interests and the release of all Claims, is fair and reasonable and in the best interests of the Debtors and their bankruptcy estates. The Settlement Amount, once it is paid, represents fair and reasonable consideration for the sale of the Policies, the release of Claims, and the other provisions set forth in the Agreement. The Agreement is also in the best interests of the claimants and other parties in interest, because it is contemplated that the proceeds of the settlement ultimately will be paid to the Asbestos Trust established under the confirmed Filed Plan to pay eligible Channeled Asbestos Claims in accordance with the applicable trust distribution procedures.

H.  The Debtors have demonstrated that the probability of success for the Debtors in litigation over the matters resolved by the Agreement is uncertain; and that the litigation of the matters resolved by the Agreement would be complex and costly to the Debtors' bankruptcy estates. Entry into the Agreement is necessary and appropriate to maximize the value of the Debtors' estates, is consistent with the reasonable range of potential litigation outcomes, and is in the best interests of the Debtors, their bankruptcy estates, their creditors, and all other parties in interest because, among other reasons, the Agreement contemplates the payment of the Settlement Amount to the Asbestos Trust (provided that the Plan is confirmed and becomes effective).

### Good Faith of Purchaser of the Policies

I.  The Agreement was negotiated by the Parties, in good faith, from arm's-length bargaining positions, and without fraud or collusion. Each Party to the Agreement was represented by counsel. The sale consideration to be realized pursuant to the Agreement is fair and reasonable.

Page: 6
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

MRAm is a good faith purchaser of the Policies for value within the meaning of Section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor MRAm, nor any of their representatives, have engaged in any conduct that would (i) cause or permit the Agreement, or the sale of the Policies contemplated therein, to be avoided under Section 363(n) of the Bankruptcy Code, (ii) cause or permit any amounts, costs, attorneys' fees, expenses, or punitive damages to be recovered under Section 363(n) of the Bankruptcy Code, or (iii) prevent the application of Section 363(m) of the Bankruptcy Code.

## Satisfaction of Section 363(f) Requirements

J.      The Debtors may sell the Policies free and clear of Interests under Section 363(f) of the Bankruptcy Code because one or more of the criteria set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Without limiting the generality of the foregoing, applicable non-bankruptcy law permits the sale of the Policies pursuant to Section 363(f)(1) of the Bankruptcy Code; those holders of Interests against any of the Policies who did not object, or who withdrew their objections, to the Motion or the relief requested therein are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code; and each holder of an Interest in the Policies can be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest as contemplated by Section 363(f)(5) of the Bankruptcy Code.

K.      To the extent any Person has demonstrated an Interest in the Policies that is entitled to adequate protection under the Bankruptcy Code, such Interest is adequately protected as required by Section 363(e) of the Bankruptcy Code, and in no circumstance will such Interest be satisfied directly by MRAm. The Interests of Channeled Asbestos Claimants and other parties in interest are adequately protected because the Agreement provides that the Settlement Amount will

Page: 7
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

be paid to the Asbestos Trust established pursuant to the Filed Plan to pay Channeled Asbestos Claims against the Debtors.

### No Successor Liability

L.    Apart from the duties and obligations set forth in the Agreement, the transfer of the Policies pursuant to the Agreement does not and will not subject or expose MRAm to any liability, Claim, cause of action, or remedy by reason of such transfer under (a) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, including, without limitation, any theory of tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity; or (b) any employment contract, understanding, or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

M.    MRAm is not assuming any of the Debtors' obligations to their employees (including any obligations under the Debtors' bankruptcy estate's collective bargaining agreements, if any) by reason of its purchase of the Policies.

N.    No common identity of officers or directors exists between MRAm on the one hand the Debtors and their bankruptcy estates on the other hand.

O.    MRAm is purchasing the Policies pursuant to the Agreement and this Order. MRAm is not purchasing any other assets of Debtors' bankruptcy estates. MRAm shall not have any responsibility or liability with respect to any of the bankruptcy estates' other assets or for any liability of, or Claims against, the Debtors.

7

Page: 8
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

P.     A sale of the Policies, other than one free and clear of Interests, if possible at all, would impact adversely on the Debtors' bankruptcy estates and would be of substantially less benefit to the Debtors, their creditors, and their estates. MRAm would not purchase the Policies, and pay the Settlement Amount, were the sale not free and clear of all Interests.

### Sale Injunction

Q.     Issuing the Sale Injunction under Section 105(a) of the Bankruptcy Code is essential to give effect to the sale of the Policies to MRAm free and clear of Interests pursuant to Section 363(f) of the Bankruptcy Code. The Sale Injunction as set forth in Paragraph 8 below is a necessary prerequisite for MRAm's agreement to the terms and conditions of the Agreement, and MRAm will not consummate the sale of the Policies in the absence of such an injunction from this Court.

R.     The Interests, if any, of any other insurer are adequately protected because Section VI of the Agreement provides that the Debtors or the Asbestos Trust, as applicable, shall reduce any final judgment or final binding arbitration award, Claim against, or settlement with, any such insurer to the extent necessary to eliminate any such insurer's Claim for contribution, subrogation, indemnification, or similar Claim against MRAm (as provided in the Agreement).

For all of the foregoing reasons and after due deliberation, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is **GRANTED** and **APPROVED** in all respects.

2.     For the reasons set forth herein and on the record at the Hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been

Page: 9
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits.

3. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtors are authorized to enter into and consummate the Agreement, including to (i) sell, transfer and convey the Policies to MRAm in accordance with the terms and subject only to the conditions specified herein and in the Agreement, and (ii) release Claims as set forth in the Agreement. Subject to the limitations in the Reconsideration Procedures set forth in Paragraph 17 below, the Debtors and MRAm are each hereby authorized to take all actions and execute all documents and instruments that the Debtors and MRAm deem necessary or appropriate to implement and effectuate the Agreement.

4. The terms and provisions of the Agreement are approved in their entirety, and this Order and the Agreement shall be binding upon the Duro Dyne Entities, the MRAm Entities, all Persons holding Interests in the Policies or Claims against the Debtors or their bankruptcy estates, the FCR and each of the Persons whose shared interests or demands he represents, the Committee and each Person whose shared interests it represents, Duro Dyne's insurers other than MRAm, any actual or potential insureds under the Policies, all other parties-in-interest, and, upon its creation, the Asbestos Trust, and each of the foregoing entities' respective successors and assigns. The sale of the Policies to MRAm, effective upon MRAm's payment in full of the Settlement Amount, shall constitute a legal, valid, and effective transfer of the Policies and shall vest MRAm with all right, title, and interest in and to the Policies free and clear of all Interests pursuant to Section 363(f) of the Bankruptcy Code.

5. MRAm shall pay to the Asbestos Trust the Settlement Amount as provided in the Agreement.

Page: 10
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

6. The sale of the Policies to MRAm under the Agreement constitutes a transfer for reasonably equivalent value and fair consideration for purposes of the Bankruptcy Code and comparable provisions of non-bankruptcy law.

7. Subject to MRAm's payment in full of the Settlement Amount, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Policies shall be sold and transferred to MRAm, free and clear of any and all Interests of all Persons in, to and with respect to the Policies, including any and all Claims against MRAm for contribution, indemnity, or other liability under, based upon, arising from, or attributable to the Policies (including any Direct Action Claims), whether arising prior to, during, or subsequent to the Bankruptcy Cases or imposed by agreement, understanding, law, equity, or otherwise. Any and all Interests that the Court determines are entitled to protection under Section 363(e) of the Bankruptcy Code shall attach to the proceeds of sale with the same validity, priority, force, and effect as such Interests had in the Policies prior to entry of this Order, subject to the terms and conditions of any Plan confirmed for the Debtors, to the extent such terms and conditions are valid, binding and enforceable. Nothing contained herein is intended to nor shall be deemed to constitute a determination of the extent, validity, or priority of any such Interests that may be asserted (including by any other insurance company).

8. Effective upon payment in full of the Settlement Amount, pursuant to Sections 105(a) and 363 of the Bankruptcy Code, all Persons who have held or asserted, who hold or assert, or who may in the future hold or assert any Claim or Interest of any kind or nature against or in any of the Debtors, their bankruptcy estates, the Policies, or MRAm based upon, arising under or out of, or in any way attributable to the Policies, whenever or wherever arising or asserted (including all thereof in the nature of or sounding in tort, contract, warranty or any other theory of

10

Page: 11
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

law, equity or admiralty), shall be permanently stayed, restrained, and enjoined from asserting any such Claims or Interests against MRAm and from continuing, commencing, or otherwise proceeding or taking any action against MRAm to enforce such Interests or Claims or for the purpose of directly or indirectly collecting, recovering or receiving payments from MRAm to recover with respect to any such Claim or Interest.

9. MRAm is not, and shall not be deemed to be, a successor to the Debtors or their bankruptcy estates by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Agreement or otherwise. MRAm shall not assume any liabilities of the Debtors or their bankruptcy estates.

10. The transactions contemplated by the Agreement, including the sale of the Policies to MRAm free and clear of all Interests, are undertaken by MRAm in good faith, as that term is used in Section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization to consummate the sale of the Policies and the transactions contemplated by the Agreement shall not affect the validity of the sale of the Policies to MRAm, unless such authorization is duly stayed pending such appeal. MRAm is a purchaser in good faith of the Policies and shall be entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. Neither the Debtors nor their bankruptcy estates shall commence any action against MRAm seeking relief under Section 363(n) of the Bankruptcy Code with respect to the Policies.

11. Pursuant to Bankruptcy Rule 9019(a), the settlement and mutual release of Claims as set forth in the Agreement are hereby approved. Notwithstanding Bankruptcy Rule 6004(h), and except as to the Sale Injunction in Paragraph 8 above, which will become effective and

11

Page: 12
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

enforceable only upon MRAm's payment of the Settlement Amount, this Order shall be effective and enforceable immediately upon its entry; provided, however, that all actions and relief authorized in Paragraphs 1-11 of this Order shall be subject to any relief that may be granted pursuant to a motion for reconsideration brought under the Reconsideration Procedures set forth below in Paragraph 17.

12. The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

13. This Court shall, to the extent authorized by 28 U.S.C. § 1334(b), retain jurisdiction to interpret and enforce the provisions of this Order and the Agreement in all respects. Such jurisdiction shall be retained even if a Plan is confirmed and/or the Bankruptcy Cases are closed, and the Bankruptcy Cases may be reopened for such purpose.

14. Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order in lieu of any document necessary to consummate the settlement contemplated by the Agreement and this Order.

15. The provisions of this Order are mutually dependent and are not severable.

16. Pursuant to Bankruptcy Rules 5003 and 9021 (and Fed. R. Civ. P. 58), the Clerk of this Court is directed forthwith to enter this Order on the dockets of the Bankruptcy Cases as a final order and judgment.

Page: 13
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

17. <u>Reconsideration Procedures</u>

    a.    Any party in interest may seek reconsideration of this Order under Bankruptcy Rule 9023 by filing, on or by _____, 2019, either a motion that conforms to the requirements specified in subparagraph b immediately below, or a written joinder in such a motion timely filed by another party.

    b.    A motion shall be sufficient for purposes of this Paragraph 17 if it includes (i) a writing entitled "Motion for Reconsideration" that identifies the moving party or parties and states that the moving party or parties are seeking reconsideration of this Order; and (ii) any substantive declarations or other evidence by or on behalf of the moving parties necessary to support their request for reconsideration. No other papers need be filed for a motion or joinder to be considered timely filed.

    c.    If one or more motions for reconsideration are timely filed, a hearing for the motions shall be held on _____, 2019, at _____ am.

    d.    In any motion for reconsideration brought under these Reconsideration Procedures, the Court shall consider this Motion and the appropriateness of the Agreement *de novo*; the burden on the parties seeking reconsideration shall be the same as if they had filed a timely objection prior to the issuance of this Order, and the burden on the Plan Proponents and on Federal shall be the same as they initially had on the Motion in responding to any timely and procedurally appropriate objection to such Motion. A party seeking reconsideration of this Order under the Reconsideration Procedures need not establish separate grounds for reconsideration.

Page: 14
Debtor: Duro Dyne National Corp., *et al.*
Case No.: 18-27963 (MBK)
Caption: Order Approving Settlement Agreement

---

    e. A timely motion for reconsideration in accordance with the procedures in this Paragraph 17 shall operate to stay, until the entry of an order resolving such motion, the implementation or performance of any provision of the Agreement.

    f. This Court retains jurisdiction to resolve any motions for reconsideration pursuant to this Paragraph 17.