| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br>Edwin J. Harron, Esq. (Bar No. 040701995)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: eharron@ycst.com<br><br>Counsel to the Future Claimants' Representative |

Order Filed on March 3, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>DURO DYNE NATIONAL CORP., *et al.*,[1]<br><br>　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-27963 (MBK)<br><br>Jointly Administered |

### ORDER ALLOWING SEVENTH INTERIM AND FINAL APPLICATION OF LAWRENCE FITZPATRICK FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR (I) THE INTERIM PERIOD FROM AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020 AND (II) THE FINAL PERIOD FROM SEPTEMBER 7, 2018 THROUGH DECEMBER 31, 2020

The relief set forth on the following page, numbered two (2) through three (3), is hereby **ORDERED.**

**DATED: March 3, 2021**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page: 2
Debtors: Duro Dyne National Corp., *et al.*
Case No. 18-27963 (MBK)
Caption: Order Allowing Seventh Interim and Final Application of Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Claimants for Allowance of Compensation and Reimbursement of Expenses for (I) the Interim Period from August 1, 2020 through December 31, 2020 and (II) the Final Period from September 7, 2018 through December 31, 2020

---

Upon the *Seventh Interim and Final Application of Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Compensation and Reimbursement of Expenses Incurred for Professional Services Rendered for the (I) Interim Period From August 1, 2020 through December 31, 2020 and (II) the Final Period from September 7, 2018 through December 31, 2020* (the "Application");[2] and due and proper notice of the Application having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012 (Simandle, C.J.); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the fees and expenses requested in the Application are reasonable and for necessary services provided during the Interim Period and the Final Period,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. The Future Claimants' Representative is hereby allowed (i) compensation for services rendered in the sum of $6,968.00 and reimbursement of expenses incurred in the sum of $0.00 for the Interim Period, and is hereby allowed (ii) compensation for services rendered in

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

23957973.10

Page: 3
Debtors: Duro Dyne National Corp., *et al.*
Case No. 18-27963 (MBK)
Caption: Order Allowing Seventh Interim and Final Application of Lawrence Fitzpatrick as the Legal Representative for Future Asbestos Claimants for Allowance of Compensation and Reimbursement of Expenses for (I) the Interim Period from August 1, 2020 through December 31, 2020 and (II) the Final Period from September 7, 2018 through December 31, 2020

---

the sum of $119,496.00 and reimbursement of expenses incurred in the sum of $74.00 for the Final Period.

3. The Debtors are authorized and directed to make payment of the outstanding amount of such sums to the Future Claimants' Representative within ten (10) days of the entry of this Order.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

23957973.10